# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

# Representing Yourself in Federal Court: A Handbook for Pro Se Litigants

**MARK B. BUSBY**
**CLERK OF COURT**

**2020 Edition**

This Handbook was first developed in 2011 as a collaborative effort between members of the private bar, law student interns assisting the court, and judges and staff attorneys of the United States District Court for the Northern District of California.  This 2020 edition is the sixth edition.

It is regularly maintained and updated by United States District Court Clerk's Office staff. The 2020 edition was prepared with input from the federal courthouse Legal Help Center attorneys: RoseMarie Maliekel and Abby Herzberg of the Justice & Diversity Center of the Bar Association of San Francisco and Kevin Knestrick of the Asian Law Alliance.

For questions about this Handbook and to communicate corrections and suggestions, please contact Clerk of Court Mark B. Busby, media@cand.uscourts.gov.

As a work product of a United States government agency, this Handbook is not subject to copyright protection. You may reproduce or borrow from it freely. If appropriate, the Northern District would appreciate your acknowledgement of this Handbook in your work.

## TABLE OF CONTENTS

**INTRODUCTION** .................................................................................................................................. 1

    TIPS FOR PRO SE LITIGANTS ......................................................................................................... 1

**CHAPTER 1  WHAT SHOULD I THINK ABOUT BEFORE FILING A LAWSUIT?** .............................. 2

    TO BE HEARD IN THIS FEDERAL COURT, YOUR CASE HAS TO MEET ALL SIX OF THESE REQUIREMENTS: ............................... 2

    HAVE YOU EXPLORED ALTERNATIVES TO SUING? ......................................................................... 4

**CHAPTER 2 FINDING A LAWYER** ..................................................................................................... 5

    HOW CAN I FIND A LAWYER? ...................................................................................................... 5

    WHAT ARE THE FEDERAL COURTHOUSE LEGAL HELP CENTERS & HOW CAN THEY HELP ME? .......................... 6

    WHAT IS "PRO BONO" REPRESENTATION? ................................................................................... 6

**CHAPTER 3 HOW DO I RESEARCH THE LAW?** ............................................................................... 6

    PUBLIC LAW LIBRARIES IN THE NORTHERN DISTRICT OF CALIFORNIA (BY COUNTY) .............................. 8

**CHAPTER 4 HOW DO I DRAFT A COMPLAINT?** ............................................................................... 2

    WHAT DOES A COMPLAINT LOOK LIKE? ..................................................................................... 2

    WHAT INFORMATION MUST BE IN A COMPLAINT? ....................................................................... 2

**CHAPTER 5 HOW DO I FILE PAPERS WITH THE COURT?** ............................................................... 5

    GENERAL RULES FOR MANUAL FILING ....................................................................................... 5

    HOW DO I FILE DOCUMENTS? .................................................................................................. 5

    HOW IS FILING A COMPLAINT DIFFERENT FROM OTHER PAPERS? .................................................... 6

    WHAT IF I CAN'T AFFORD THE $402.00 FEE FOR FILING A NEW COMPLAINT? ................................ 7

**CHAPTER 6 ONCE MY CASE IS ASSIGNED TO A JUDGE, WHAT DO I DO?** ..................................... 7

**CHAPTER 7 HOW CAN I BE SURE I KNOW WHAT IS HAPPENING IN MY CASE?** ............................ 8

    HOW DO I REVIEW THE DOCKET? .............................................................................................. 8

    WHERE CAN I ACCESS THE ELECTRONIC DOCKET? ....................................................................... 9

    HOW DO I START VIEWING DOCKETS AND COURT DOCUMENTS WITH PACER? .................................. 9

    HOW DO I REVIEW THE CASE FILE? ......................................................................................... 11

**CHAPTER 8 WHAT ARE THE RULES FOR SERVING DOCUMENTS ON OTHER PARTIES IN THE LAWSUIT?** ..................... 11

    WHAT ARE THE RULES FOR SERVING THE COMPLAINT? .............................................................. 11

    HOW DO I SUBMIT A SUMMONS TO THE CLERK OF COURT FOR "ISSUANCE"? ................................. 12

    WHAT IF I FILED IN FORMA PAUPERIS? ................................................................................... 12

    HOW DO I GET A SUMMONS IF I DID NOT FILE IN FORMA PAUPERIS? ........................................... 12

    WHAT DOCUMENTS DO I NEED TO SERVE ON THE DEFENDANT(S)? ............................................... 12

    IS THERE A TIME LIMIT FOR SERVING THE COMPLAINT AND SUMMONS? ........................................ 12

    HOW CAN I GET THE DEFENDANT TO WAIVE SERVICE? ............................................................... 12

    WHAT IF I REQUESTED A WAIVER OF SERVICE AND THE DEFENDANT DOESN'T SEND IT BACK? ............... 13

    HOW DO I SERVE . . ............................................................................................................. 13

    WHAT IS A CERTIFICATE OF SERVICE? ..................................................................................... 15

    WHAT ARE THE RULES FOR SERVICE OF DOCUMENTS OTHER THAN THE COMPLAINT? ....................... 16

**CHAPTER 9 FILING AND SERVING DOCUMENTS ELECTRONICALLY** ........................................................................... 16

WHAT ARE THE TECHNICAL REQUIREMENTS FOR E-FILING? ............................................................................................ 16

WHAT ARE THE PROS AND CONS OF E-FILING? ............................................................................................................ 17

HOW DO I START E-FILING WITH ECF? ...................................................................................................................... 17

IMPORTANT E-FILING TIPS ...................................................................................................................................... 18

**CHAPTER 10 HOW DO I RESPOND TO A COMPLAINT?** ........................................................................................... 18

WHAT HAPPENS WHEN A COMPLAINT IS SERVED? ........................................................................................................ 18

HOW MUCH TIME DO I HAVE TO RESPOND TO THE COMPLAINT? .................................................................................... 18

HOW DO I PREPARE AN ANSWER TO A COMPLAINT? ..................................................................................................... 19

CAN I MAKE CLAIMS AGAINST THE PLAINTIFF IN MY ANSWER? ....................................................................................... 20

CAN I AMEND THE ANSWER AFTER I FILE IT? ............................................................................................................... 20

ONCE THE ANSWER IS FILED, DOES THE PLAINTIFF HAVE TO FILE A RESPONSE TO IT? ....................................................... 20

HOW DO I FILE A COUNTERCLAIM? ............................................................................................................................ 20

ONCE A COUNTERCLAIM IS FILED, DOES THE PLAINTIFF HAVE TO FILE A RESPONSE TO IT? ................................................. 21

WHAT IF I WANT TO SUE A NEW PARTY? ................................................................................................................... 21

HOW CAN I USE A MOTION TO CHALLENGE THE COMPLAINT? ......................................................................................... 21

ABOUT MOTIONS TO DISMISS ................................................................................................................................. 21

ABOUT MOTIONS FOR A MORE DEFINITE STATEMENT ................................................................................................. 22

ABOUT MOTIONS TO STRIKE .................................................................................................................................. 22

WHAT IF I DO NOT RESPOND TO THE COMPLAINT? .................................................................................................... 22

OBTAINING RELIEF FROM A DEFAULT OR DEFAULT JUDGMENT ...................................................................................... 23

**CHAPTER 11 WHAT IS A MOTION AND HOW DO I MAKE OR RESPOND TO ONE?** ............................................... 23

MOTION TERMINOLOGY AND TIMELINE ...................................................................................................................... 24

WHAT ARE THE REQUIREMENTS FOR MOTION PAPERS? ................................................................................................ 25

HOW DO I CHOOSE A HEARING DATE? ....................................................................................................................... 26

HOW DO I OPPOSE (OR NOT OPPOSE) A MOTION? ...................................................................................................... 27

WHAT IF I NEED MORE TIME TO RESPOND TO A MOTION? ............................................................................................. 28

WHAT ARE THE REQUIREMENTS FOR REPLY BRIEFS? .................................................................................................... 28

WHAT IF THE MOTION IS URGENT AND NEEDS TO BE DECIDED IN LESS THAN 35 DAYS? ..................................................... 28

**CHAPTER 12 WHAT HAPPENS AT A COURT HEARING?** ...................................................................................... 29

WHAT IS A HEARING? ............................................................................................................................................. 29

HOW DO I PREPARE FOR A HEARING? ........................................................................................................................ 30

HOW SHOULD I DRESS AND BEHAVE AT A HEARING? .................................................................................................... 30

HOW IS A COURTROOM ARRANGED AND WHERE DO I FIT IN? ........................................................................................ 30

WHAT HAPPENS AT A MOTION HEARING? .................................................................................................................. 31

GENERAL ADVICE FOR HEARINGS ............................................................................................................................. 32

**CHAPTER 13 INITIAL DISCLOSURES: WHAT ARE THEY AND WHEN DO THEY HAPPEN?** ....................................... 32

**CHAPTER 14 WHAT IS A CASE MANAGEMENT CONFERENCE AND HOW DO I PREPARE FOR IT?** ......................... 33

WHEN IS THE INITIAL CASE MANAGEMENT CONFERENCE? ............................................................................................ 33

DOES EVERY CASE HAVE A CASE MANAGEMENT CONFERENCE? ........................................................................ 33

"MEETING AND CONFERRING" BEFORE THE INITIAL CASE MANAGEMENT CONFERENCE ................................................ 33

PREPARING THE CASE MANAGEMENT STATEMENT ................................................................................................ 34

THE PROPOSED DISCOVERY PLAN .................................................................................................................... 34

WHAT HAPPENS AT THE INITIAL CASE MANAGEMENT CONFERENCE? ...................................................................... 35

WHAT IS THE CASE MANAGEMENT ORDER? ...................................................................................................... 35

WHAT SHOULD I DO TO PREPARE FOR OTHER CONFERENCES WITH THE JUDGE? ......................................................... 35

**CHAPTER 15 WHAT IS ALTERNATIVE DISPUTE RESOLUTION (ADR)?** .................................................... **35**

**CHAPTER 16 WHAT IS DISCOVERY?** ................................................................................................ **36**

WHEN CAN DISCOVERY BEGIN? ...................................................................................................................... 37

WHAT ARE THE LIMITS ON DISCOVERY? ........................................................................................................... 37

DEPOSITIONS ................................................................................................................................................ 37

INTERROGATORIES ......................................................................................................................................... 40

REQUEST FOR DOCUMENT PRODUCTION ........................................................................................................... 41

REQUESTS FOR ADMISSION ............................................................................................................................ 42

PHYSICAL OR MENTAL EXAMINATIONS ............................................................................................................. 43

**CHAPTER 17 WHAT CAN I DO IF THERE ARE PROBLEMS WITH DISCLOSURES OR DISCOVERY?** .................. **44**

WHAT IS THE FIRST STEP? ............................................................................................................................ 44

WHAT IF THE PARTIES CAN'T RESOLVE THE PROBLEM AND DISCOVERY IS STILL DUE? ............................................... 44

WHAT IF THE PARTIES ARE STUCK ON A PROBLEM IN THE MIDDLE OF A DISCOVERY EVENT? ....................................... 44

WHAT DO I DO IF A PARTY DOES NOT RESPOND, OR IF THE RESPONSE IS INADEQUATE? ............................................. 45

HOW DO I FILE A MOTION TO COMPEL? ........................................................................................................... 45

WHO PAYS FOR EXPENSES OF MAKING THE MOTION TO COMPEL? ......................................................................... 45

UNDER WHAT CIRCUMSTANCES CAN I ASK FOR DISCOVERY SANCTIONS? .................................................................. 45

WHAT ARE THE COURT'S OPTIONS FOR DISCOVERY SANCTIONS? ........................................................................... 46

WHO PAYS THE COST OF A MOTION FOR SANCTIONS? ........................................................................................ 46

**CHAPTER 18 WHAT IS A MOTION FOR SUMMARY JUDGMENT?** ......................................................... **46**

FACTORS TO CONSIDER IN A SUMMARY JUDGMENT MOTION .................................................................................. 47

WHEN IS A MOTION FOR SUMMARY JUDGMENT GRANTED? .................................................................................. 47

HOW DO I OPPOSE A MOTION FOR SUMMARY JUDGMENT? .................................................................................. 47

WHAT DOES EACH SIDE NEED TO DO TO SUCCEED ON SUMMARY JUDGMENT? ......................................................... 47

WHAT EVIDENCE DOES THE COURT CONSIDER FOR SUMMARY JUDGMENT? .............................................................. 48

AFFIDAVITS AS EVIDENCE ON SUMMARY JUDGMENT ........................................................................................... 48

WHAT IS HEARSAY? ..................................................................................................................................... 49

HOW DO I AUTHENTICATE MY EVIDENCE ........................................................................................................... 49

WHAT IS A STATEMENT OF UNDISPUTED FACTS, AND WHY WOULD I FILE ONE? ....................................................... 49

WHEN CAN A MOTION FOR SUMMARY JUDGMENT BE FILED? ................................................................................ 49

WHAT IF MY OPPONENT FILES A SUMMARY JUDGMENT MOTION BUT I NEED MORE DISCOVERY TO OPPOSE IT? .................. 49

**CHAPTER 19 WHAT HAPPENS AT TRIAL?** ................................................................................................ **50**

WHAT KIND OF DISCLOSURES DO I HAVE TO GIVE THE OTHER PARTY BEFORE TRIAL?................................................50

WHAT IS THE DIFFERENCE BETWEEN A JURY TRIAL AND A BENCH TRIAL? ..................................................................51

WHEN DOES THE TRIAL START? ....................................................................................................................................51

HOW DO I PREPARE FOR TRIAL?...................................................................................................................................51

JURY SELECTION ...........................................................................................................................................................52

OPENING STATEMENTS ................................................................................................................................................53

IN THE TRIAL, WHICH SIDE PUTS ON WITNESSES FIRST? ............................................................................................53

WHAT IF THE OTHER SIDE WANTS TO PUT ON IMPROPER EVIDENCE? ......................................................................53

HOW IS AN OBJECTION MADE AND HANDLED? ..........................................................................................................53

WHAT IS A MOTION FOR JUDGMENT AS A MATTER OF LAW, AND WHEN CAN IT BE MADE?...................................53

WHEN DOES THE DEFENDANT GET TO PRESENT HIS OR HER CASE? ..........................................................................54

WHAT IS REBUTTAL?....................................................................................................................................................54

WHAT HAPPENS AFTER BOTH SIDES HAVE FINISHED PRESENTING THEIR EVIDENCE?..............................................54

IN A JURY TRIAL, WHAT DOES THE JURY DO AFTER CLOSING ARGUMENTS?.............................................................54

IN A BENCH TRIAL, WHAT DOES THE JUDGE DO AFTER CLOSING ARGUMENTS?........................................................54

**CHAPTER 20 WHAT CAN I DO IF I THINK THE JUDGE OR JURY MADE A MISTAKE?** ...................................... **55**

WHAT IS A MOTION FOR RECONSIDERATION AND HOW IS ONE MADE?....................................................................55

WHAT ARE POST-JUDGMENT MOTIONS AND HOW ARE THEY USED? ........................................................................55

HOW CAN A MAGISTRATE JUDGE'S DECISION BE REVIEWED?....................................................................................57

WHAT IF THE PARTIES DID NOT CONSENT TO A MAGISTRATE JUDGE? ......................................................................57

WHAT IS AN APPEAL AND HOW IS AN APPEAL FILED? ...............................................................................................57

**GLOSSARY** ....................................................................................................................................................... **59**

# INTRODUCTION

This Handbook is designed to help people dealing with civil lawsuits in federal court without legal representation. Proceeding without a lawyer is called proceeding "**pro se**[1]," a Latin phrase meaning "for oneself," or sometimes "**in propria persona**," meaning "in his or her own person." Representing yourself in a lawsuit can be complicated, time consuming, and costly. Failing to follow court procedures can mean losing your **case**. For these reasons, you are urged to work with a lawyer if possible. Chapter 2 gives suggestions on finding a lawyer.

Do not rely entirely on this Handbook. This Handbook provides a summary of civil lawsuit procedures, but it may not cover all procedures that may apply in your case. It also does not teach you about the laws that will control your case. Make sure you read the applicable federal and local court rules and do your own research at a law library or online to understand your case.

The United States District Court for the Northern District of California has Clerk's Offices in the San Francisco, San Jose and Oakland courthouses. Clerk's Office staff can answer general questions, but they cannot give you any legal advice. For example, they cannot help you decide what to do in your lawsuit, tell you what the law means, or even advise you when documents are due.

There are **Legal Help Centers** in the San Francisco, Oakland and San Jose courthouses where you can get free help with your lawsuit from an attorney who can help you prepare documents and give limited legal advice. This attorney will not be your lawyer and you will still be representing yourself. See Chapter 2.

## TIPS FOR PRO SE LITIGANTS

There is a lot to learn in representing yourself in federal court, but here are some key pointers:

1. READ EVERYTHING YOU GET FROM THE COURT AND THE OTHER SIDE RIGHT AWAY, including the papers you get from the Clerk's Office when you file. It is very important that you know what is going on in your case and what deadlines have been set.

2. MEET EVERY DEADLINE. If you do not know exactly how to do something, try to get help and do your best. It is more important to turn things in on time than to do everything perfectly. You can lose your case if you miss deadlines. If you need more time to do something, ask the Court in writing for more time as soon as you know that you will need it and before the deadline has passed.

3. USE YOUR OWN WORDS AND BE AS CLEAR AS POSSIBLE. You do not need to try to sound like a lawyer. In your papers, be specific about the facts that are important to the lawsuit.

4. ALWAYS KEEP ALL OF YOUR PAPERWORK AND STAY ORGANIZED. Keep paper or electronic copies of everything you send out and/or file with the Court. When you file a paper in the Clerk's Office, bring at least the original and two copies so that you can keep a stamped copy for yourself. Know where your papers are so that you can use them to work on your case.

5. HAVE SOMEONE ELSE READ YOUR PAPERS BEFORE YOU TURN THEM IN. Be sure that person understands what you wrote; if not, rewrite your papers to try to make your points more clearly. The judge may not hear you in person and may rely only on your papers when making decisions about your case.

6. BE SURE THE COURT ALWAYS HAS YOUR CORRECT ADDRESS AND PHONE NUMBER. If your contact information changes, contact the Clerk's Office in writing immediately. Always include your case number on any paperwork you submit to the Court.

7. OMIT CERTAIN PERSONAL IDENTIFYING INFORMATION FROM DOCUMENTS SUBMITTED TO THE COURT FOR FILING. All documents filed with the Court will be available to the public on the Internet. Protect your privacy by leaving off social security and taxpayer identification numbers, names of minor children, dates of birth and financial account numbers.

---

[1] Words appearing in this format are defined in the Glossary at the end of this Handbook.

# CHAPTER 1
## WHAT SHOULD I THINK ABOUT BEFORE FILING A LAWSUIT?

To begin a lawsuit, you have to file a **complaint**, which is a written explanation of your claim with the court. The party who starts a civil lawsuit by **filing** a complaint is called the **plaintiff**. The party being sued is the **defendant**. Both are called **litigants**, which means parties to a lawsuit. A complaint gives formal notice of your lawsuit to the defendant and the Court.

### TO BE HEARD IN THIS FEDERAL COURT, YOUR CASE HAS TO MEET ALL SIX OF THESE REQUIREMENTS:

1. YOU MUST HAVE A LEGAL CLAIM.

   You have a legal claim if (a) someone broke a law, *AND*, as a result, (b) you were personally harmed. You usually cannot sue on the basis of someone else being harmed.

2. YOU MUST START YOUR CASE BEFORE THE DEADLINE.

   a. There are very strict deadlines for lawsuits called **statutes of limitation**. If you miss the deadline that applies to your case, the Court may be required to dismiss your case—even if you are only a day late.

   b. To find out the deadline for your case, you can:

      i. Ask a lawyer, if you know one, or make an appointment with the federal courthouse **Legal Help Center**. (See Chapter 2 for details about the **Legal Help Centers**.)

      ii. Go to a law library or use online legal research tools to research the statute of limitation for your case.

3. YOU MUST SUE IN THE CORRECT COURT.

   a. Federal courts can only decide cases over which it has **subject matter jurisdiction**:

      i. Cases involving federal law—not state law (**federal question jurisdiction**) *OR*

      ii. Cases in which the plaintiff and the defendant live in different states *AND* the **amount in controversy** is more than $75,000 (**diversity jurisdiction**).

   b. If your lawsuit does not meet one of these descriptions, the federal court lacks subject matter jurisdiction over your case. You may be able to sue in state court.

**DIAGRAM I.    DO THE FEDERAL COURTS HAVE SUBJECT MATTER JURISDICTION OVER YOUR CASE?**



4. YOU MUST SUE SOMEONE WHO IS UNDER THE COURT'S POWER.

A federal court in California cannot hear your case if it does not have power over the person or organization you are suing, meaning the Court lacks **personal jurisdiction** over the defendant. This Court can hear your case if the defendant:

- Lives in California; *or*
- Did something in California that is the reason for your lawsuit; *OR*
- Agreed to be sued in California; *OR*
- Has been personally served with a copy of your complaint in California (see Ch. 7); *OR*
- Has done things that have had significant effects in California.

### DIAGRAM II.  DOES THE COURT HAVE PERSONAL JURISDICTION OVER THE DEFENDANT?



5. YOU MUST SUE IN THE CORRECT FEDERAL DISTRICT FOR YOUR CASE.

a. This Court's jurisdiction is the Northern District of California, which includes these counties:

**Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, San Francisco, San Mateo, Santa Clara, Santa Cruz, Sonoma.**

b. The rules about suing in the correct court are called **venue** rules. Our legal system has venue requirements so that it is not overly difficult for all parties to get to the courthouse. You can read the venue statute at 28 United States Code (U.S.C.) § 1391.

c. The right **venue** for your case is the district where:

- One of the defendants lives (but only if all defendants live in California); *OR*
- The events that are the reason for your lawsuit happened; *OR*
- A large part of the property you are suing about is located in the Northern District of California, *OR*
- You live, if you are suing the U.S. government or a federal agency or official for something done in an official capacity.

d. If you start your case in the wrong district, the Court may transfer the case to the correct court. You would then have to go to that court to argue your case.

DIAGRAM III.  IS THE NORTHERN DISTRICT OF CALIFORNIA THE CORRECT VENUE FOR YOUR CASE?



**6.** THE PERSON OR AGENCY YOU ARE SUING MUST NOT HAVE IMMUNITY.

Some people and organizations cannot be sued. This happens when a person's job entitles him or her to partial or complete **immunity**. For example, the federal government, state governments, judges and many government officials usually have immunity in civil cases. Federal and state governments have waived immunity to allow some types of suits, but these will be subject to additional rules and procedures, like stricter **statutes of limitation**. If you try to sue someone who has complete immunity in federal court, your case will be dismissed.

To find out if the person or organization you are suing has immunity, you can:

    **a.** Ask a lawyer, if you know one, or make an appointment with the federal courthouse **Legal Help Center**. (See Chapter 2 for details about the **Legal Help Centers**.)

    **b.** Go to a law library. Ask how to research immunity from federal lawsuits.

## HAVE YOU EXPLORED ALTERNATIVES TO SUING?

Even if you do have the right to sue, you should carefully consider **alternatives to suing**. Lawsuits can be costly, stressful and time consuming. Instead of filing a lawsuit, you can try other alternatives or solutions. Some alternatives to bringing a lawsuit include:

### GATHERING INFORMATION

Sometimes things are not what they seem at first. Sometimes things that appear to have been done on purpose were done unintentionally. Fully investigating what happened may help you decide whether a lawsuit is advisable.

### WORKING THINGS OUT

Consider talking directly to the people who you think might be responsible for causing the problem. Sometimes people are more likely to respond in a positive way if they are approached respectfully and given a real opportunity to talk than if the first they hear about a problem is through a lawsuit.

### GOING TO GOVERNMENTAL OR PRIVATE AGENCIES

Consider whether there are other processes you could use or agencies you could ask for help with your problem. Sometimes there is a governmental or private agency that can address your problem or lend you assistance. Examples of such agencies include:

• The Equal Employment Opportunity Commission (or an equivalent state, county or city agency) to address employment discrimination;

- The local police review board or office of citizens' complaints to hear complaints about police conduct;

- A consumer protection agency or the local district attorney's office to investigate consumer **fraud**;

- The Better Business Bureau or private professional associations (e.g., associations of contractors, accountants, securities dealers, architects and engineers, etc.) to hear business-related complaints.

### USING A SMALL CLAIMS COURT

In some cases you may have the option of filing a case in small claims court, which is designed for people without formal training in the law. These courts are part of the California state court system. There is no equivalent to the small claims court in the federal courts. This website can help you understand small claims court and help with filing: courts.ca.gov/selfhelp-smallclaims.htm.

### ALTERNATIVE DISPUTE RESOLUTION

Dispute resolution services — such as **mediation** — may be faster and less expensive than taking a case to court. **Mediation** encourages parties to communicate clearly and constructively to find common ground or to identify solutions that can serve the parties' real interests. Many counties have free or low-cost agencies that can assist you in finding a provider of alternative dispute resolution services.

There are also alternative dispute resolution options for parties who have filed lawsuits in this Court. Please refer to Chapter 15.

# CHAPTER 2
## FINDING A LAWYER

This Handbook is designed to help those without an attorney, but it is no substitute for having your own lawyer. Effective representation requires an understanding of:

1. The law that applies to your case;

2. The court procedures you have to follow;

3. The strengths and weaknesses of your arguments and the other party's arguments.

*Not understanding any of the above can result in critical mistakes with serious legal consequences. Because of this, the Court encourages you to find a lawyer, if possible.*

## HOW CAN I FIND A LAWYER?

The following resources may be helpful:

### BAR ASSOCIATION LEGAL REFERRAL SERVICES

These county bar association services help people find lawyers. Some of the ones that serve the largest counties within the Northern District are listed below. You can visit the California State Bar's website at calbar.ca.gov/Public/LawyerReferralServicesLRS.aspx or call them at 800-843-9053 (toll free in California) for advice about finding an attorney and to search for certified legal referral services by county.

**Bar Association of San Francisco Lawyer Referral & Information Service**
Phone: (415) 989-1616, M-F, 8:30 a.m.-5:30 p.m.
Online form: sfbar.org/lawyerreferrals/requestalawyer.aspx

**Alameda County Bar Association Lawyer Referral Service**
Phone: 510-302-2222, Option 4 M-F 8:30 a.m.-3:30 p.m.
Online information and request form: acbanet.org/need-a-lawyer/

**Santa Clara County Bar Association Legal Referral Service**
Phone: 408-971-6822 M-Th 9 a.m.-4:30 p.m.; F 9 a.m.-3:30 p.m.
Online information and contact form: sccba.community.lawyer/

## WHAT ARE THE FEDERAL COURTHOUSE LEGAL HELP CENTERS & HOW CAN THEY HELP ME?

The Court has established **Legal Help Centers** in the San Francisco, Oakland and San Jose courthouses where people who are representing themselves in federal court cases can get advice from experienced attorneys. There is no fee for this service. **Please plan ahead:** *consultations with the federal courthouse Legal Help Centers are usually by appointment only.*

The federal courthouse Legal Help Center attorney can:

- inform you about the federal court processes and procedures that you need to follow;
- explain court orders and other paperwork;
- give you useful forms;
- answer your legal questions; and
- refer you to appropriate legal, social, and government services.

If you seek help from the Legal Help Center, you will still represent yourself. The lawyer at the Legal Help Center cannot be your lawyer. If you have tried to find a lawyer but have not found one, the Legal Help Center may be able to help you.

### SAN FRANCISCO COURTHOUSE LEGAL HELP CENTER:

The Center is located on the 15th Floor, Room 2796 of the San Francisco courthouse at 450 Golden Gate Avenue. For an appointment call (415) 782-8982, email fedpro@sfbar.org, or visit the office to sign up in person.

### OAKLAND COURTHOUSE LEGAL HELP CENTER:

The Center is located on the 4th Floor, Room 470 S of the Oakland courthouse at 1301 Clay Street. For an appointment call (415) 782-8982, email fedpro@sfbar.org, or visit the office to sign up in person.

### SAN JOSE COURTHOUSE LEGAL HELP CENTER:

The Center is located on the 4th Floor, Room 2070 of the San Jose courthouse. For an appointment call (408) 297-1480 or visit the office to sign up in person.

Please visit the Court's website, cand.uscourts.gov, (choose the menu item "Pro Se Litigants") or call the phone numbers listed above for current office hours, forms and policies for all Legal Help Centers.

## WHAT IS "PRO BONO" REPRESENTATION?

In a very limited number of cases, the Court may ask a lawyer to step in for all or part of the case and represent a pro se litigant without charge. Free legal **counsel** is called **pro bono representation.** The Court will sometimes appoint pro bono counsel for just part of a case. For example, the Court might appoint pro bono counsel for a **settlement conference** in which it believes a lawyer could help negotiate a settlement.

For more information about Court appointment of pro bono counsel, see this Court's General Order No. 25 (available at cand.uscourts.gov/rules/general-orders/).

# CHAPTER 3
## HOW DO I RESEARCH THE LAW?

There are two kinds of law that you will need to know to represent yourself: **procedural rules** and **substantive law.** The United States Code (abbreviated U.S.C.) contains both, but you may also need to look at state codes and at federal and state judicial opinions or "case law."

1. **Procedural rules** describe the different steps required to pursue a lawsuit. You must follow these four sources of rules to have the Court consider your case:

    a. **Federal Rules of Civil Procedure:** These apply in every federal court in the country. Review them at any law library or online:

- www.uscourts.gov/rules-policies/current-rules-practice-procedure
- law.cornell.edu/rules/frcp

**b. Federal Rules of Evidence**: These rules define the types of evidence that a federal court considers to be **admissible**. You can only prove your case to the Court using admissible evidence. Review these rules early in your case at a law library or online:

- www.uscourts.gov/rules-policies/current-rules-practice-procedure
- law.cornell.edu/rules/fre

**c. Local Rules of the United States District Court for the Northern District of California**: These are procedural rules that build on the Federal Rules of Civil Procedure and apply only in this Court. Review them:

- Online: cand.uscourts.gov/rules/local-rules/ *or*
- At the Clerk's Office OR
- At the federal courthouse **Legal Help Center** (see Chapter 2 for details)

**d.** Judges' **Standing Orders**: These are individual judges' special rules that apply in all cases assigned to them. Normally, the Clerk's Office will provide you with a copy of these when you file the complaint. You can also find them on your judge's web page on the Court's website: cand.uscourts.gov/judges or ask at the federal courthouse **Legal Help Center**.

2. **Substantive law** describes what you must prove to establish your claims. Each claim has a different set of laws that you need to learn. For example, different laws apply to an employment discrimination case than a real estate case. To find the substantive law that applies to your claims you will need to visit a **law library**. A law librarian can show you where to find the specific law that you need. Some public law libraries in the Northern District are listed below. Find some statutes and cases online for free on sites such as FindLaw (caselaw.findlaw.com) or Google Scholar (scholar.google.com).

**To look up unfamiliar legal terms, use:**

1. The glossary at the back of this handbook (all glossary terms in this book are in a special format like this: **service of process**);

2. A legal dictionary, such as *Black's Law Dictionary*;

3. Free online resources, such as dictionary.law.com.

## PUBLIC LAW LIBRARIES IN THE NORTHERN DISTRICT OF CALIFORNIA (BY COUNTY)

**ALAMEDA COUNTY**
Bernard E. Witkin Alameda County
Law Library (Oakland Main Library)
125 Twelfth Street
Oakland, CA 94607
Phone: (510) 208-4832
Web: acgov.org/law/

University of California Law Library
Boalt Hall, University of California
Berkeley, CA 94720
Phone: (510) 642-0621
Web: law.berkeley.edu/library.htm

**CONTRA COSTA COUNTY**
Contra Costa County Public Law
Library (3 locations)
Web: cccpllib.org/

Main Branch
A.F. Bray Courts Building
1020 Ward Street, 1st Floor
Martinez, CA 94553
Phone: (925) 646-2783

Richmond Branch
Superior Court Building
100 37th Street, Rm. 237
Richmond, CA 94805
Phone: (510) 374-3019

Pittsburg Branch
Superior Court Building
100 Center Drive, Rm. 1045
Pittsburg, CA 94565
Phone: (925) 252-2800

**DEL NORTE COUNTY**
Del Norte County Law Library
County Courthouse
450 H Street
Crescent City, CA 95531
Phone: (707) 464-8115 x126

**HUMBOLDT COUNTY**
Humboldt County Law Library
812 4th Street, Rm. G04
Eureka, CA 95501
Phone: (707) 476-2356
Web: co.humboldt.ca.us/law-library/

**LAKE COUNTY**
Lake County Law Library
175 3rd Street
Lakeport, CA 95453
Phone: (707) 263-2205
Web: co.lake.ca.us/Government/Directory/LawLibrary.htm

**MARIN COUNTY**
Marin County Law Library
20 North San Pedro Road, Suite 2015
San Rafael, CA 94903
Phone: (415) 472-3733
Web: marincountylawlibrary.org/

**MENDOCINO COUNTY**
Mendocino County Law Library
100 North State Street, Rm. 307
Ukiah, CA 95482
Phone: (707) 463-4201
Web: co.mendocino.ca.us/lawlib/

**MONTEREY COUNTY**
Monterey County Law Library (2 locations)
Web: mtrylawlib1.com/

Monterey Branch
Monterey Courthouse
1200 Aguajito Road, Rm. 202
Monterey, CA 93940
Phone: (831) 264-4207

Salinas Branch
Federal Office Building
100 West Alisal, Suite 144
Salinas, CA 93901
Phone: (831) 755-5046

**NAPA COUNTY**
Napa County Law Library
Historic Courthouse
825 Brown Street
Napa, CA 94559
Phone: (707) 299-1201
Web: napalawlibrary.com/

**SAN BENITO COUNTY**
San Benito County Law Library
440 Fifth Street
Hollister, CA 95023
Phone: none

**SAN FRANCISCO COUNTY**
San Francisco Law Library
1145 Market Street, 4th Floor
San Francisco, CA 94103
Phone: (415) 554-1772
Web: sflawlibrary.org/

**SANTA CLARA COUNTY**
Santa Clara County Law Library
360 N. First Street
San Jose, CA 95113
Phone: (408) 299-3567 (recorded information)
Web: sccll.org/

**SANTA CRUZ COUNTY**
Santa Cruz Law Library
701 Ocean Street, Room 070
Santa Cruz, CA 95060
Phone: (831) 420-2205
Website: lawlibrary.org/

**SAN MATEO COUNTY**
San Mateo County Law Library
Cohn-Sorenson Law Library Bldg
710 Hamilton Street
Redwood City, CA 94063
Phone: (650) 363-4913
Web: smclawlibrary.org/

**SONOMA COUNTY**
Sonoma County Law Library
2604 Ventura Avenue
Santa Rosa, CA 95403
Phone: (707) 565-2668
Web: sonomacountylawlibrary.org/

# CHAPTER 4

## HOW DO I DRAFT A COMPLAINT?

The first step in a lawsuit is to file a **complaint** with the Court. The complaint tells the Court and the defendant how and why you believe the defendant violated the law and injured you. Before you draft your complaint, read Chapter 1, which explains some requirements for a case to proceed in this Court.

## WHAT DOES A COMPLAINT LOOK LIKE?

Formal documents that you submit to the court are called **pleadings**. A complaint is one type of pleading. Pleadings are written on **pleading paper**, which is letter-sized paper that has the numbers 1 through 28 running down the left side. You can download a pleading-paper template and complaint forms online at cand.uscourts.gov/pro-se-litigants/legal-help-center-templates-packets/.

**Here are some resources for different types of complaints:**

1. Employment discrimination or social security benefits:

    a. Clerk's Office;

    b. The federal courthouse **Legal Help Center** (Chapter 2);

    c. Online:

    - cand.uscourts.gov/forms/civil-forms/
    - uscourts.gov/forms/civil-pro-se-forms
    - topics.law.cornell.edu/wex/Employment_discrimination
    - nolo.com/legal-encyclopedia/workplace-rights/
    - nolo.com/legal-encyclopedia/social-security-appeal-denied-claims-30167.html

2. General and civil rights:

    a. The federal courthouse **Legal Help Center**(Chapter 2);

    b. Online:

    - cand.uscourts.gov/pro-se-litigants/legal-help-center-templates-packets/.
    - justice.gov/crt/complaint/

3. Other complaint forms are available in law libraries. Some books that contain complaint forms are:

    - California Forms of Pleading and Practice
    - West's Federal Forms
    - Federal Procedural Forms
    - Lawyer's Edition
    - American Jurisprudence Pleading and Practice Forms

## WHAT INFORMATION MUST BE IN A COMPLAINT?

Number each page of your complaint and type "Complaint" in the footer at the bottom. Number each paragraph that follows the **caption**. The complaint should contain all of the following:

1. <u>Caption Page</u>

    a. On the first page of your complaint, list your name, address, telephone number, fax number (if any), and email address.

    b. List the names of the defendants and the title of the document ("**Complaint**").

    c. Write "Demand for Jury Trial" if you want your case to be heard by a jury.

DIAGRAM  IV.  WHAT TO INCLUDE IN YOUR COMPLAINT



## 2. Subject Matter Jurisdiction

The first numbered paragraph in your complaint (labeled "**Jurisdiction**") should explain why this Court has the power to decide this kind of case. As discussed in Chapter 1, a federal court can hear a case based on:

- **Federal question jurisdiction** (a violation of federal law) — for more information, read 28 U.S.C. § 1331; *or*

- **Diversity jurisdiction** (when all plaintiffs and all defendants are citizens of different states disputing more than $75,000)—for more information, read 28 U.S.C. § 1332.

3. <u>Venue</u>

The next numbered paragraph (labeled "**Venue**") should explain why the Northern District of California is the proper location for your lawsuit. Venue is usually determined by where a matter occurs or where a litigant resides. For more information, see Ch. 1 and 28 U.S.C. § 1391.

4. <u>Intradistrict Assignment</u>

The following paragraph (labeled "**Intradistrict Assignment**") should state the **division** of the United States District Court for the Northern District of California—specifically, San Francisco/Oakland, San Jose, or Eureka—to which you believe the case should be assigned. The Court's venue rules are in Civil Local Rule 3-2. Generally, cases from each county within the district are assigned as follows:

- *San Francisco/Oakland:* Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo, or Sonoma; and cases from Del Norte, Humboldt, Lake and Mendocino in which all parties do not consent to have their case heard by the Eureka magistrate judge—see Ch. 6.

- *San Jose:* Santa Clara, Santa Cruz, San Benito, or Monterey;

- *Eureka:* Del Norte, Humboldt, Lake and Mendocino (this venue requires all parties to consent to the jurisdiction of the United States magistrate judge—see Chapter 6).

5. <u>Parties</u>

In separate paragraphs, identify the **plaintiff(s)** and the **defendant(s)** in the case.

6. <u>Statement of Facts</u>

This section should explain the important facts in your case in numbered paragraphs. It should explain to the Court how the defendant violated the law and how you have been injured.

If you refer to any documents in this section, you can attach them to the complaint as **exhibits**.

7. <u>Claims</u>

This section should list your legal **claims**—basically, the laws you think the defendant broke. If possible, you should include a separate section for each claim (Claim 1, Claim 2, etc.) identifying the specific law that you think the defendant violated and explaining what the defendant did to violate each law.

8. <u>Request for Relief</u>

This section should explain what you want the Court to do. For example, you can ask the Court to order the defendant to pay you money or to give you your job back. Each type of relief you request should be in a separate numbered paragraph.

9. <u>Demand for Jury Trial</u>

If you want a **jury trial**, you can request it at the end of your complaint or in a separate document. It is best to include this in your complaint because, if you do not request a jury trial within 14 days of filing your complaint, you may give up your right to a jury trial. You may decide you do not want to have a jury trial. Then the judge will decide the facts of your case at a **bench trial**, if a trial is held. See Ch. 18 for more about trials.

10. <u>Plaintiff's Signature</u>

At the end of the complaint, sign your name. When you sign your name, you are certifying to the court that you are filing your complaint in **good faith**. This means that you believe:

- You have a valid legal claim; *AND*

- You are not filing the case to harass the defendant; *AND*

- You have good reason to believe that what you say in the complaint is true.

If your complaint does not meet these standards, the Court can require you to pay fines for harassment, frivolous arguments, or a lack of factual investigation. See Rule 11 of the Federal Rules of Civil Procedure.

# CHAPTER 5
## HOW DO I FILE PAPERS WITH THE COURT?

Once you have drafted your complaint, you must officially file it with the Court in order to begin your lawsuit.

### GENERAL RULES FOR MANUAL FILING

**For all methods but electronic filing ("e-filing"), the following rules apply:**

1. FILE DOCUMENTS IN THE PROPER COURT DIVISION FOR YOUR CASE.

   You may file your complaint in any courthouse except Eureka-McKinleyville. Thereafter, papers must be filed in the courthouse where the assigned judge holds **chambers**. Refer to "**Intradistrict Assignment**" in Chapter 4 for a more complete explanation.

2. HAVE THE CORRECT NUMBER OF COPIES.

   You should bring the signed original document and two copies of the signed original.

3. GIVE THE CLERK THE ORIGINAL DOCUMENT (THE ONE YOU ACTUALLY SIGNED) AND 2 COPIES.

   One copy should be marked "CHAMBERS" on the caption page. This "chambers copy" goes to the judge. The Clerk will stamp and return the third copy to you for your file.

### HOW DO I FILE DOCUMENTS?

1. IN-PERSON FILING

   Bring the signed original document (with two copies) to the Clerk's Office to file it in person during the hours the building is open.

   **a.** *During normal business hours*

   The Clerk's Office in each division of the court is open from 9:00 a.m. to 4:00 p.m., Monday through Friday, except for federal and other Court holidays.

   > **San Francisco:** ........ 450 Golden Gate Ave., 16th floor; phone: (415) 522-2000
   >
   > **Oakland:** .................. 1301 Clay St., Suite 400 South; phone: (510) 637-3530
   >
   > **San Jose:** ................. 280 South 1st St.; phone: (408) 535-5363

   The Eureka-McKinleyville courthouse does not accept documents for filing. Documents for filing in cases assigned to the Eureka division must be filed at the San Francisco Clerk's Office. Civil Local Rule 3-2(b).

   When you file a document, the Clerk's Office will stamp it with the filing date. Your copy marked "CHAMBERS" will go to the judge. The other will be handed back to you.

   **b.** *After hours using the drop box*

   You can file your documents in person even if you cannot go to the Clerk's Office between 9:00 a.m. and 4:00 p.m. The Clerk's Office maintains a **drop box** that can be used to file most documents before and after regular business hours. See Civil Local Rule 5-4. The drop boxes are open Monday through Friday at the hours below, except on federal holidays:

   > **San Francisco:** ........ 6:00–9:00 a.m. & 4:00–6:00 p.m. next to the Clerk's Office, 16th floor
   >
   > **Oakland:** .................. 7:00–9:00 a.m. & 4:00–5:00 p.m. first floor lobby
   >
   > **San Jose:** ................. 7:30–9:00 a.m. & 4:00–5:00 p.m. next to the elevators, 2nd floor

<u>Important Rules for Using the Drop Box</u>

i.    Before putting a document in the drop box, ***follow the instructions that are posted next to the drop box*** explaining how to date-stamp, label and identify your documents.

ii.    To receive a file-stamped copy back from the Court, provide an extra copy of the document with a self-addressed, stamped envelope, or an envelope marked "FOR MESSENGER PICKUP BY:  [name the person who will be picking up the copy]  ."

iii.    The drop box may not be used to file any papers regarding a matter that is scheduled for hearing within 7 calendar days.

iv.    If you use the drop box to file a complaint, you must include a check or money order for the current **filing fee**, made payable to "Clerk, U.S. District Court." *Do not enclose cash*. You do not need to include payment if you are filing a fee waiver with your complaint.

**2.** FILING BY MAIL

Mail the signed original document and a chambers copy to the Court for filing. To obtain a file-stamped copy by return mail, you must provide an extra copy with a self-addressed, stamped envelope.

| San Francisco: | Oakland: | San Jose: |
|---|---|---|
| Clerk's Office | Clerk's Office | Clerk's Office |
| United States District Court | United States District Court | United States District Court |
| 450 Golden Gate Ave., 16th Fl. | 1301 Clay St., Ste 400 South | 280 South 1st Street |
| San Francisco, CA 94102 | Oakland, CA 94612 | San Jose, CA 95113 |

The **Eureka-McKinleyville** courthouse does not accept documents for filing. Paper filings for cases assigned to the Eureka division should be mailed to the San Francisco Clerk's Office.

**3.** ELECTRONIC-FILING

**E-filing** is the process of using the internet to file documents with the Court and serve them on other parties from your computer. It offers many advantages, including convenient access to Court records, saving time, postage expenses and administrative work.

Pro se litigants must get prior permission from the Court in order to join the e-filing system. If you receive permission, you can file documents in your case online at the Court's Electronic Case Filing (ECF) website and view case dockets and documents through the Public Access to Court Electronic Records (**PACER**) website, pacer.gov. More details about e-filing can be found in Chapter 9.

## HOW IS FILING A COMPLAINT DIFFERENT FROM OTHER PAPERS?

**When filing a complaint, you must:**

**1.** FILL OUT A CIVIL COVER SHEET. Obtain a copy of the form at the Clerk's Office or at the Court's website (cand.uscourts.gov/forms/civil-forms/). Instructions for filling out the Civil Cover Sheet are on the form. You can also visit the federal courthouse Legal Help Center for assistance (Chapter 2).

**2.** FILE THE ORIGINAL COMPLAINT PLUS TWO COPIES. (If your complaint contains claims relating to patents, copyrights, or trademarks, you must provide the original complaint plus <u>three</u> copies.)

**3.** ARRIVE AT THE CLERK'S OFFICE BEFORE 3:30 P.M. because it takes more time for the Clerk to file complaints than other documents.

**4.** PAY $402.00 (AS OF 12/01/2020) TO FILE YOUR COMPLAINT, OR, IF YOU CANNOT AFFORD THE FILING FEE, SEE THE NEXT SECTION. For the current filing fee, see: https://cand.uscourts.gov/courtfees/. After the initial complaint is filed, you do not have to pay any additional fees to file most documents with the Court (unlike state court). The Clerk's Office accepts payment in cash (exact change required), check or money order made payable to "Clerk, U.S. District Court," or credit card (Visa, MasterCard, American Express or Discover Card; credit card payments must be made in person).

## WHAT IF I CAN'T AFFORD THE $402.00 FEE FOR FILING A NEW COMPLAINT?

If you cannot afford the filing fee, you may file an **Application to Proceed In Forma Pauperis** ("**IFP**"). You can get this form at either the Clerk's Office or at the Court's website (cand.uscourts.gov/forms/civil-forms/). Note that there is a special form for prisoners. In both cases, you will have to tell the Court information about your income, your current employment, and your general financial situation. You can find out more information about filing IFP by reading 28 U.S.C. § 1915.

If you are not a prisoner and the Court finds that you cannot afford to pay the filing fee (meaning the Court GRANTS your IFP application), the Court will not require you to pay the filing fee in order to proceed with your lawsuit and may waive other costs. *Be cautious:* the fee waiver does not necessarily mean you will never have to pay. You may still be obligated to pay later on in your lawsuit.

If the Court DENIES your IFP application, you will be required to pay the fee.

IF YOU ARE A PRISONER and you are unable to pay the full filing fee at the time of filing, you must submit:

1. An affidavit that includes a statement of all assets you possess, *and*

2. A certified copy of your trust fund account statement (or institutional equivalent) for the six-month period immediately before you file the lawsuit; you may obtain this from the trust account office at each prison at which you have been confined during the six-month period.

If the Court determines that you are unable to pay the full filing fee at the time of filing, you will be granted IFP status; this means you will still be required to pay the filing fee through an installment plan:

1. First, the Court will assess and collect an initial partial filing fee;

2. After payment of the initial partial filing fee, you will be required to make monthly payments of 20% of the preceding month's income credited to your account.

While the Court can *assess* the initial fee even if there are no funds in your account at the time of assessment, the Court can only *collect* this fee "when funds exist." Your prison trust account office is responsible for forwarding to the Court payments from your account each time there is more than $10.00 in your account, until the entire filing fee is paid.

# CHAPTER 6

## ONCE MY CASE IS ASSIGNED TO A JUDGE, WHAT DO I DO?

After the complaint is filed and the fee paid, the Clerk assigns a number to the case and assigns the case to a judge. The judge's initials are added to the case number.

DISTRICT JUDGES are appointed by the President of the United States and confirmed by the United States Senate. District judges are appointed for life and cannot be removed unless impeached.

MAGISTRATE JUDGES are appointed by the district judges of the Court to 8-year terms. They may (and often do) serve more than one term.

Rule 73 of the Federal Rules of Civil Procedure states that a magistrate judge may conduct a civil action, proceeding, trial, or non-jury trial only if all plaintiffs and all defendants consent to have the case decided by a magistrate judge.

If your case is assigned to a **magistrate judge**, the Clerk's Office will give you a notice explaining that your case has been assigned to a magistrate judge, along with a form asking you to either consent or decline to have your case decided by a magistrate judge (called "Consent or Declination to Magistrate Judge Jurisdiction").

**DIAGRAM V. UNDERSTANDING THE RULES FOR CONSENT ASSIGNMENT TO A MAGISTRATE JUDGE**



It is important that you complete and file this form with the Court indicating whether you consent to have your case decided by a magistrate judge or instead would like your case to be reassigned to a district judge. The magistrate judge may also issue a separate order or send a letter asking you to respond by a specific date. The federal court **Legal Help Centers** can help you understand this process (Chapter 2).

If you fail to return the form, the Court will assume that you do not consent to having your case decided by a magistrate judge and will eventually reassign the case to a **district judge**. You should not wait to complete the form, however, as this may delay your case.

Even if you consent to having your case decided by a magistrate judge, the case may be reassigned to a district judge if another party to the lawsuit does not consent to a magistrate judge or if a new plaintiff or defendant is added to the case who does not consent to having a magistrate judge decide the case.

You are not required to consent to a magistrate judge. Regardless of whether you consent to have your case decided by a magistrate judge or request reassignment of your case to a district judge, the rules and procedures used to decide the case will be the same. Once a party has consented, however, that party may not later in the case withdraw consent and request reassignment to a district judge.

Even if a district judge is the assigned judge in your case, he or she may refer parts of the case, such as discovery disputes (discussed in Chapters 16-17), to a magistrate judge for ruling. Some rulings made by the magistrate judge can be appealed to the district judge. See Chapter 20.

A magistrate judge may also be assigned to serve as a **settlement judge** with the power to set **settlement conference** dates, order parties to attend **settlement conferences**, and order the production of documents or other evidence.

# CHAPTER 7
## HOW CAN I BE SURE I KNOW WHAT IS HAPPENING IN MY CASE?

### HOW DO I REVIEW THE DOCKET?

The **docket** is a computer file maintained by the Court for each case that includes: (1) the names and addresses of all the attorneys and unrepresented parties *AND*, (2) in chronological order, the title of every document filed along with the filing date, who filed it and other information.

To prevent mistakes and to ensure that documents are not lost in the mail, you should check the case **docket** regularly to ensure that:

- Every document you filed has been entered on the docket. (It may take up to two working days for a paper filing to be scanned and entered on the electronic docket.)

- You have received copies of every document that other parties have filed.

- You are aware of every order that the Court has issued.

The federal court **Legal Help Centers** can help you understand the docket in your case (Chapter 2). You may call or email the publicly-listed **courtroom deputy** for your judge if you have a specific question after reviewing the docket, such as a question about scheduling. You may call or email the **docket clerk** with questions about specific documents filed in the case. *DO NOT* call the judge, the judge's chambers, or the judge's other staff.

## WHERE CAN I ACCESS THE ELECTRONIC DOCKET?

You may access the electronic docket using the computer terminals available in the San Francisco, Oakland, and San Jose Clerk's Offices during the hours the Clerk's Office is open, or you may do so from any computer with internet access if you have a *PACER* account.

## HOW DO I START VIEWING DOCKETS AND COURT DOCUMENTS WITH PACER?

PACER stands for "Public Access to Court Electronic Records." It is a service of the United States Courts. You should sign up for PACER as soon as possible after you become a party to a case in federal court.

1. PACER USERS CAN:

    - Review dockets online.

    - Print or download a .pdf copy of a docket.

    - Search by case number, party name, or for all cases filed within a specified range of dates.

    - Search for specified parties in federal court cases nationwide by U.S. party/case index at https://pcl.uscourts.gov/search.

2. TO VIEW DOCUMENTS AND OBTAIN DOCKET INFORMATION:

    Visit the PACER system at www.pacer.gov. If you do not have a computer, you can use the public computers in the Clerk's Office in the San Francisco, Oakland and San Jose courthouses to obtain docket information.



**UNDERSTANDING YOUR CASE NUMBER**

Court division code
1=Eureka
3=San Francisco
4=Oakland
5=San Jose

Year case was opened — Assigned judge's initials

4:16–cv–06232–JSW

Civil (cv) or Criminal (cr)

Case number (numbering starts at 00001 on January 1 of each year)

**Electronic access tip:** when typing a case number into ECF or PACER, you can use multiple formats, like this: 16-cv-06232 or 16-6232. If you use numbers only, a short menu showing multiple cases may come up. Choose your case and proceed.

3. YOU MUST REGISTER TO BECOME A PACER USER before you can use any version of the PACER system:

    Register online at pacer.gov/register.html OR call (800) 676-6856 to obtain a PACER registration form by mail. If you provide your credit card information at the time of registration, you will receive an e-mail with instructions on how to retrieve your login information. If you do not provide your credit

card information at the time of registration, you will receive login instructions by mail. Please allow two weeks for delivery.

4. PACER FEES

- There are no registration costs.

- Internet access to PACER is billed at 10 cents per page of information viewed.

- You will be billed quarterly by the PACER Service Center.

- The charge for any single document is capped at $3.00, the equivalent of 30 pages. The cap does not apply to name searches, reports that are not case-specific, and transcripts of federal court proceedings.

- If your usage does not exceed $30.00 in a quarter, fees for that quarter are waived. If your usage exceeds $30.00, you will be charged.

- An order designated as a written opinion by the judge is free to view.

- If you also register as an e-filer with the Court's Electronic Case Filing (ECF) system (see Chapter 9), each time a document is e-filed in your case, you will receive a "**Notice of Electronic Filing**" e-mail, which will allow you to view the document for free one time. This "free look" is only for the first time you open the document. *Be cautious:* you will be charged for subsequent viewings of the document. You should therefore print or save an electronic copy of the document during your initial viewing.

- The PACER fee information in this Guide changes frequently and is current only as of the publication date on the cover of this Handbook. Refer to PACER's FAQ on fees for the most current information (pacer.gov/psc/faq.html).

5. OBTAINING A PACER FEE EXEMPTION

If you cannot afford to pay the PACER access fees, you may file a motion with the court asking to be excused from paying the fees. (**In forma pauperis** status does not automatically grant you free access to PACER). Your motion must show that it would be an unreasonable burden for you to pay the fees and that it would promote public access to electronic court docket information if you were permitted to use the PACER system without paying a fee.

If the Court *grants* your motion, the Clerk's Office will notify the PACER Service Center; you should call the PACER Service Center at (800) 676-6856 to confirm your registration before you begin accessing dockets and documents.

If the Court *denies* your motion and you still want to use PACER, you can do so without cost as long as you avoid incurring more than the free maximum usage per quarter.

6. INFORMATION AVAILABLE THROUGH PACER

PACER contains docket information for the Northern District of California for*:*

- All civil and miscellaneous cases filed since August 1990;

- All criminal cases filed since August 1991; *and*

- A small number of cases filed before August 1990.

Once case information has been updated in the Northern District's Electronic Case Filing system, it is immediately available on PACER.

7. PACER SUPPORT

If you have problems with your PACER account, please call the PACER Service Center at (800) 676-6856. The Court can help you with ECF questions, but cannot help with problems with your PACER account.

## HOW DO I REVIEW THE CASE FILE?

You may come to the Clerk's Office during business hours to view and print documents from the **electronic case file** using the public terminals (computers). The Court phased out paper files in 2015 so there are physical files only for older cases. All documents are available through the electronic docket. There are no fees to view the docket and case documents. There is a small fee to print documents from the electronic case file.

*Bring a valid government-issued picture identification card*. *Acceptable identification cards include*: state driver's license, a California identification card, a U.S. passport, or a federal/state/county/city employee card. *Not accepted*: credit cards, car keys, or student identification cards.

*Bring your case number with you*. The case number is stamped on the caption page and printed at the top of each page of an e-filed document (Ex: 5:19-cv-0221-LHK). If you do not have the case number, you can find it by looking up the names of the parties in the PACER system using the public terminals.

# CHAPTER 8
## WHAT ARE THE RULES FOR SERVING DOCUMENTS ON OTHER PARTIES IN THE LAWSUIT?

You must give the other parties to your lawsuit a copy of every document that you file with the Court. This is referred to as "**serving**" or "**service on**" the other parties. It is critical that you serve your papers to the other parties in exactly the way the law requires. <u>The rules for serving the complaint are different from the rules for serving other documents</u>. If the complaint is not properly served on the defendant, the case will not proceed and can be dismissed by the Court. The federal court **Legal Help Centers** can help you understand the requirements for serving defendants (Chapter 2).

## WHAT ARE THE RULES FOR SERVING THE COMPLAINT?

In order to serve the complaint, you must first get a **summons** from the Court. You can get a form titled "Summons in a Civil Action" from the Clerk's Office or at the Court's website (<u>cand.uscourts.gov/forms/civil-forms/</u>). The Clerk must sign, seal, and "**issue**" the summons to the plaintiff before it can be served on the defendant. If you sue more than one defendant, you can get one summons listing all of the defendants or get a separate summons for each one. See Civil Local Rules 4-1 and 4-2.

**DIAGRAM VI.  OBTAINING A SUMMONS FROM THE CLERK AND PREPARING TO SERVE YOUR COMPLAINT ON THE DEFENDANT**



Rule 4 of the Federal Rules of Civil Procedure states that the complaint must be served within 90 days after filing, or the Court can dismiss your lawsuit. The rule describes different ways to serve a complaint ("**service**

of process"). The requirements differ based on whether the defendant is a person, a company, a government agency, etc. and where the defendant is located.

Generally, Rule 4(c)(2) of the Federal Rules of Civil Procedure allows any person who is at least 18 years old and **not a party to the case** to serve a summons and complaint. Under Rule 4(c)(3), the United States Marshals Service will serve a summons and complaint for a plaintiff who has been given permission to proceed **in forma pauperis** (that is, the Court has found the plaintiff unable to afford the Court's filing fee). You can find more information about proceeding in forma pauperis in Chapter 5 and in 28 U.S.C. § 1915.

## How Do I Submit A Summons To The Clerk Of Court For "Issuance"?

After filling out your summons form completely, you must present it to the Clerk for signature and seal before it is valid to serve on the defendants. You can submit a summons form to the Court in person, using the drop box, or by mail, but **not** by fax filing. If you submit a summons form to the Court by mail or by using the drop box, include a self-addressed, stamped envelope so that the Court can return the issued summons to you. For more information, review Rule 4(b) of the Federal Rules of Civil Procedure.

## What If I Filed In Forma Pauperis?

If your **Application to Proceed in Forma Pauperis** is approved, then the Court will issue the summons and forward it to the United States Marshal to serve on the defendants at no cost to you. For more information on how to file an Application to Proceed in Forma Pauperis, see Chapter 5.

## How Do I Get A Summons If I Did Not File In Forma Pauperis?

At the time you file your complaint and pay the filing fee, you can obtain as many summonses as you need from the Clerk's Office. You can also obtain the summonses later if you wish.

## What Documents Do I Need To Serve On The Defendant(s)?

You are required to serve copies of *ALL* of the following documents on each defendant:

1. Complaint;
2. Summons, issued by the Clerk of Court;
3. Order Setting Initial Case Management Conference and ADR deadlines;
4. **Standing Orders** of the judge to whom your case is assigned, which may include instructions for preparing a **Case Management Statement**;
5. Forms for consent or declination of magistrate judge (if the case is assigned to a magistrate judge).

For more information, read Civil Local Rule 4-2.

## Is There A Time Limit For Serving The Complaint And Summons?

**Yes. Rule 4(m) of the Federal Rules of Civil Procedure requires that you** *either*:

• Obtain a waiver of service from each defendant, *OR*
• Serve each defendant within 90 days after the complaint is filed.

If you do not meet this deadline, the Court may dismiss all claims against any defendant who was not served.

## How Can I Get The Defendant To Waive Service?

**Waiving service** means agreeing to give up the right to service in person and instead accepting service by mail. If a defendant waives service, you will not have to go to the trouble and/or expense of serving that defendant. If the defendant agrees to waive service, you need the defendant to sign and send back to you a form called a "**waiver of service**," which you then file with the Court.

You can ask for a waiver of service from any defendant *except*:

• A minor or incompetent person in the United States *Or*

- The United States government, its agencies, corporations, officers or employees *or*
- A foreign, state, or local government

*To request waiver of service from a defendant, you will need two forms:*

1. A notice of a lawsuit and request to waive service of a summons *and*
2. A waiver of the service of summons form.

You can obtain these forms from the Clerk's Office or download them from the Court's website (cand.uscourts.gov/forms/civil-forms/).

To request waiver of service, complete and send these two forms to the defendant by first-class mail along with a copy of the complaint, summons, and other required documents, plus an extra copy of the request to waive service and a self-addressed, stamped envelope. In choosing a due date on the form, you must give the defendant a reasonable amount of time to return the waiver of service—at least 30 days from the date the request is sent (or 60 days if the defendant is outside the United States).

If the defendant sends you back the signed waiver of service, you do not need to do anything else to serve that defendant. Just file the defendant's signed waiver of service form with the Court and save a copy for your files.

Review Rule 4(c) & (d) of the Federal Rules of Civil Procedure regarding service and waiver of service.

## WHAT IF I REQUESTED A WAIVER OF SERVICE AND THE DEFENDANT DOESN'T SEND IT BACK?

If the defendant does not return a signed waiver of service by the due date, you need to arrange to serve that defendant in one of the other ways approved by Rule 4 of the Federal Rules of Civil Procedure. You may ask the Court to order the defendant to pay the costs you incurred serving that defendant.

## HOW DO I SERVE ...

Rule 4(c)(2) provides that **you may not serve the defendant yourself.** You must have someone else who is at least 18 years old serve the defendant with the complaint and summons. You may hire a professional **process server** or you can have a friend, family member, or any other person over 18 years old serve the complaint and summons for you. The person should not be a potential party or a potential witness in the case. Following are the rules for serving different kinds of defendants:

### INDIVIDUALS IN THE UNITED STATES?

Under Rule 4(e) of the Federal Rules of Civil Procedure, there are several approved ways to serve the complaint, summons, and related documents on an individual in the United States:

- Hand delivery to the defendant; *or*
- Hand delivery to another responsible person who lives at the defendant's home; *or*
- Hand delivery to an agent authorized by the defendant or by law to receive service of process for the defendant; *or*
- Service by any other method approved by California law or the laws of the state where the defendant is served. California law on service of process can be found in the California Code of Civil Procedure beginning at § 413.10. California law generally allows service by:
  - Hand delivery to the defendant; *or*
  - Hand delivery to someone else who is at least 18 years old at the defendant's home or place of business followed by mailing a copy to the defendant at that address (see Cal. Code of Civil Procedure § 415.20); *or*
  - Service by mail accompanied by an acknowledgement of receipt (see Cal. Code of Civil Procedure § 415.30); *or*

o Service by publication in a newspaper (subject to the Court's approval; see Cal. Code of Civil Procedure § 415.50).

**DIAGRAM VII.  DIFFERENT SERVICE RULES APPLY DEPENDING ON THE TYPE OF DEFENDANT**



INDIVIDUALS IN FOREIGN COUNTRIES?

Under Rule 4(f) of the Federal Rules of Civil Procedure, an individual in a foreign country may be served by "any internationally agreed means that is reasonably calculated to give notice," or, if there is none, by using methods prescribed by the foreign country's law or government, hand delivery, certified mail delivery or in the manner the Court orders.

A BUSINESS?

Under Rule 4(h) of the Federal Rules of Civil Procedure, there are several approved methods for serving the complaint, summons, and related documents on a corporation, partnership, or unincorporated association.

*A business in the United States:*

- Hand delivery to an officer of the business, a managing or general agent for the business, or any other agent authorized by the defendant to accept service of process; *or*

- Hand delivery to any other agent authorized by law to receive service of process for the defendant *and*, if the law authorizing the agent to accept service of process requires it, you must also mail a copy of the summons and complaint to the defendant; *or*

- Any other method approved by California law or the law of the state in which the business is served. California's laws on serving corporations, partnerships, and unincorporated associations can be found in the California Code of Civil Procedure §§ 416.10 and 416.40. Section 415.40 provides for service on businesses outside California.

*A business outside the United States*: any method described in Rule 4(f) except personal delivery.

THE UNITED STATES, ITS AGENCIES, CORPORATIONS, OFFICERS, OR EMPLOYEES?

Rule 4(i) of the Federal Rules of Civil Procedure specifies the approved ways to serve the complaint, summons, and related documents on the United States government or its agencies, corporations, officers, or employees.

THE UNITED STATES

- Hand delivery to the United States Attorney for the Northern District of California; *or*
- Hand delivery to an assistant United States Attorney (or to a specially-designated clerical employee of the United States Attorney); *or*
- Service by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney for the Northern District of California.

*AND both* of the following:

- Mail a copy of all served documents by registered or certified mail to the Attorney General of the United States in Washington, D.C.; *and*
- If your lawsuit challenges the validity of an order of a United States officer or agency but you have not named that officer or agency as a defendant, also send a copy by registered or certified mail to the officer or agency.

A UNITED STATES AGENCY OR CORPORATION (OR A UNITED STATES OFFICER OR EMPLOYEE SUED ONLY IN AN OFFICIAL CAPACITY)

- Serve the United States in the manner described above; *AND*
- Send a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

A UNITED STATES OFFICER OR EMPLOYEE SUED IN AN INDIVIDUAL CAPACITY FOR CONDUCT IN CONNECTION WITH THE PERFORMANCE OF DUTIES ON BEHALF OF THE UNITED STATES

- Serve the United States in the manner described above *AND*
- Serve the employee or officer personally in the manner set forth by Rule 4(e), (f), or (g) of the Federal Rules of Civil Procedure.

A STATE OR LOCAL GOVERNMENT?

- Hand delivery to the chief executive officer of the government entity you wish to serve; *or*
- Service according to the law of the state in which the state or local government is located.

MINORS OR INCOMPETENT PERSONS?

Rule 4(g) of the Federal Rules of Civil Procedure provides that service on a minor or incompetent person in the United States must be made according to the law of the state where the person is served. California law for service of process on minors and incompetent persons can be found at California Code of Civil Procedure §§ 416.60 & 416.70.

A FOREIGN COUNTRY (OR A POLITICAL SUBDIVISION, AGENCY, OR INSTRUMENTALITY OF A FOREIGN COUNTRY)?

Read 28 U.S.C. § 1608 for information on serving foreign governmental entities.

# WHAT IS A CERTIFICATE OF SERVICE?

After service of the complaint and summons is completed, you are required to file a "**certificate of service**" (also called a "**proof of service**") with the Court that shows when and how the complaint, summons and other required documents were served on each defendant. The certificate of service allows the Court to determine whether service met legal requirements. It *must* contain:

- The date service was completed; *and*

- The place where service was completed; *and*
- The method of service used; *and*
- The names and street address or e-mail address of each person served; *and*
- The documents that were served; *and*
- The dated signature of the person who actually served the complaint and summons.

For example, if you hired a **process server**, the certificate of service must be signed by the process server. The person who served the documents must swear under penalty of **perjury** that the statements in the certificate of service are true. See Federal Rule of Civil Procedure 4(l) and Civil Local Rule 4-2.

## WHAT ARE THE RULES FOR SERVICE OF DOCUMENTS OTHER THAN THE COMPLAINT?

Rule 5 of the Federal Rules of Civil Procedure sets the rules for serving documents other than the original complaint. If the party you served has a lawyer, then you *must* serve that party's lawyer. If the other party does not have a lawyer, you must serve the party.

Rule 5 allows you to serve documents using any *one* of the following methods:

- Hand it to the person; *or*
- Leave it at the person's office with a clerk or other person in charge, or, if no one is in charge, leave it in a conspicuous place in the office; *or*
- If the person has no office or the office is closed, leave it at the person's home with an adult who lives there; *or*
- Mail a copy to the person's last known address; *or*
- If the person you want to serve has no known address, you may leave a copy with the clerk of the court; *or*
- Send it by e-mail if the person has consented in writing (but electronic service is not effective if you learn that the e-mail did not reach the person to be served); *or*
- Deliver a copy by any other method that the person you are serving has consented to in writing.

For every document that you file and serve on other parties, you need to file a **certificate of service**. See Civil Local Rule 5-5.

# CHAPTER 9
## FILING AND SERVING DOCUMENTS ELECTRONICALLY

After the complaint is filed and the case is opened, the docket and all documents in the case are maintained in an electronic format so that they can be viewed on a computer. Attorneys are required to file documents electronically ("e-file"). Parties representing themselves are not required to e-file, but many choose to do so (see "What are the pros and cons of e-filing?" below). The judge in your case must give permission for you to register for e-filing. Civil Local Rule 5-1(b).

## WHAT ARE THE TECHNICAL REQUIREMENTS FOR E-FILING?

In order to fulfill the technical requirements for e-filing, you must have access to**:**

1. A *computer, Internet access,* and *email* on a daily basis so you can e-file your documents and receive notifications from the Court.
2. A *scanner* to scan documents that are only in paper format (like exhibits).
3. A *printer/copier* because many judges require parties to submit hard copies of each e-filed document (the judge's copy is called the "**chambers copy**"; see the judge's web page for details).
4. A *word-processing program* to create your documents.

5. A *.pdf reader* and a *.pdf writer*, which enables you to convert word processing documents into .pdf format. Only .pdf documents are accepted for e-filing. Adobe Acrobat is the most common program used. The reader (Adobe Acrobat Reader) is free, but the writer is not. Some word processing programs come with a .pdf writer already installed.

More information and resources regarding these technical requirements is available on the Court's website at cand.uscourts.gov/ECF/proseregistration.

## WHAT ARE THE PROS AND CONS OF E-FILING?

PROS:

1. You can e-file from any computer.

2. You will not have to go to the courthouse to file your court papers.

3. You have until midnight on the day your filing is due to e-file (instead of 4:00 p.m. for physical delivery to the Clerk's Office with paper filings).

4. You will not need to serve the other parties with paper copies.

5. You will likely have more time to respond to any motion filed by the opposing side because you can receive and review the motion as soon as it is filed, instead of having to wait for your copy to arrive by mail. Opposition papers must be filed within 14 days after the motion is filed, even if you do not receive your copy in the mail until a few days later.

ISSUES TO CONSIDER:

1. If you do not already have all the hardware and software required to e-file, there may be some initial cost.

2. You may require some training in:

   a. How to convert documents to .pdf and to work with .pdf documents.

   b. How to log into and use the ECF system to file documents.

   Free training on using ECF is available online and in person at the Court. *ECF training is highly recommended for all new users.*

3. You will not receive documents in paper, so you will be responsible for checking your e-mail every day to make sure you read filings and court orders. You will need to print out all documents yourself.

4. Even if you do not register to file documents electronically, you can access court records online, See Chapter 7.

If you need assistance obtaining permission to e-file, you may ask the federal courthouse **Legal Help Center** (Chapter 2).

## HOW DO I START E-FILING WITH ECF?

To begin e-filing, you must first file a **motion for permission to e-file** with the Court. View or download a sample motion for permission to e-file from the Court's website: cand.uscourts.gov/pro-se-litigants/legal-help-center-templates-packets/. Once the judge's order granting permission has been entered on the docket, you can register with **ECF** (the Court's Electronic Case Filing system) to get a login and password. There are no registration costs and no fees for e-filing. Your registration process will be different from that for attorneys.

In order to use ECF, you will also have to register with **PACER** (the Public Access to Court Electronic Records system of the United States Courts), if you have not already done so. ECF allows you to *submit* documents to the Court electronically. PACER allows you to *retrieve* documents from the Court. PACER registration is covered in Chapter 7.

Register to become an ECF user by visiting the Court's website and following the instructions on the special registration page for pro se litigants: cand.uscourts.gov/ECF/proseregistration. Do not attempt to use the registration process provided for attorneys and members of the media.

## IMPORTANT E-FILING TIPS

1.  Once you sign up for ECF, make sure your account has two e-mail addresses on file. By including a secondary e-mail address, you can ensure the receipt of case documents and have a back-up copy if necessary.

2.  All registered participants of the ECF system receive a "**Notice of Electronic Filing**" e-mail for every document filed in their case; this provides one "free look" at each e-filed document. *This "free look" is only available the first time you open a file sent to your e-mail.* You will be charged for any subsequent viewings. Your free look will expire after two weeks. Make sure that you are able to check your e-mail every day in order to save and/or print any documents you receive.

3.  When you receive a Notice of Electronic Filing, save the documents to your computer's local hard drive *or* print them out immediately. This way, you will be able to keep everything organized for your own files, and you can avoid future access costs.

4.  When you e-file, none of the files you upload will be saved in the ECF system until you hit the *submit* button.

5.  The **ECF Help Desk** can help answer your technical questions, but they will not be able to help you e-file. You can reach the Help Desk by emailing ecfhelpdesk@cand.uscourts.gov or by calling (866) 638-7829. The Help Desk will answer your questions from 9:00 a.m.–4:00 p.m., Monday - Friday.

# CHAPTER 10
## HOW DO I RESPOND TO A COMPLAINT?

### WHAT HAPPENS WHEN A COMPLAINT IS SERVED?

When you are served with a complaint and summons, you become a **defendant** in a lawsuit. You will be required to file a written response with the Court. Under Rule 12 of the Federal Rules of Civil Procedure, there are two general ways to respond. You can:

1.  File an answer to the complaint, *OR*

2.  File a motion challenging some aspect of the complaint. If you file a motion, you may still have to file an answer but only after the Court rules on your motion.

It is very important that you respond to the complaint by the deadline, or else the plaintiff can seek a **default judgment** against you, which means that the plaintiff can win the case and collect a judgment against you without ever having the Court consider the claims in the complaint. See Rule 55 of the Federal Rules of Civil Procedure and the section titled "What does it mean to win by default judgment?" If you need assistance responding to a lawsuit, you can visit the federal courthouse Legal Help Centers for advice (Chapter 2).

### HOW MUCH TIME DO I HAVE TO RESPOND TO THE COMPLAINT?

Generally, the summons will specify how much time you have to respond. The time you have to file a response to a complaint depends on who you are and how you were served. These are covered in the Federal Rules of Civil Procedure and explained in the table below.

If you need additional time to respond to the complaint, you can ask the plaintiff to agree to extend the deadline for responding as long as the new deadline does not interfere with any dates or deadlines set by the Court. Once the parties file a written agreement to extend the deadline, it becomes effective automatically. You do not need to receive the Court's approval. See Civil Local Rule 6-1.

| When Rule Applies | Federal Rule No. | Deadlines |
|---|---|---|
| **General Rule** | 12(a)(1)(A)(i) | Once served with a summons and the complaint, a defendant must file a written response to the complaint *within 21 days*, unless a different time is specified in an applicable United States statute. |
| **If Service Is Waived** | 4(d)(3) and 12(a)(1)(A)(ii) | A defendant can be granted extra time to file a written response **IF** the plaintiff has chosen this method of service **AND** defendant returns a signed waiver of service within the amount of time specified in the plaintiff's request for waiver of service.<br><br>Defendants within the United States have *60 days* from the date the **request for waiver of service** was sent to file a response to the complaint.<br><br>Defendants outside the United States have *90 days* from the date the request for waiver of service was sent. |
| **US Defendants Sued In Official Capacity** | 12(a)(2) | The United States, an agency of the United States, or an officer or employee of the United States sued in an official capacity, must file a written response to the complaint *within 60 days* after the United States Attorney is served. |
| **US Defendants Sued In Individual Capacity** | 12(a)(3) | Any officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States must file a written response to the complaint within 60 days after he or she was served, or within 60 days after the United States Attorney is served, whichever is later. |
| **After An Amended Complaint Has Been Filed** | 15(a)(3) | A defendant must respond to an amended complaint either:<br><br>1.  Within the time remaining to respond to the original complaint, *OR*<br><br>2.  Within 14 days after being served with the amended complaint, whichever period is later. |

## How Do I Prepare An Answer To A Complaint?

An **answer** "on the merits" challenges the complaint's factual accuracy or the plaintiff's legal entitlement to relief based on the facts set forth in the complaint. The format of your answer must track the format of the complaint. It should include a numbered response to each numbered paragraph of the plaintiff's complaint. Rule 8(b)(1) of the Federal Rules of Civil Procedure governs answers. A sample "answer packet" is available on the Court's website at cand.uscourts.gov/pro-se-litigants/legal-help-center-templates-packets/. There are several requirements to consider:

1.  For each sentence in the complaint, state what you admit and what you deny.

    - If you feel that you do not have enough information to determine if a statement is true or false, you can state that in your answer.

    - If only part of a statement is true, you should admit to that part and deny the rest.

    - If you do not deny a statement, it is considered the same as admitting to it. See Rule 8(b)(6) of the Federal Rules of Civil Procedure.

2.  Include affirmative defenses, if there are any that apply. **Affirmative defenses** are new factual **allegations** that, under legal rules, defeat all or a portion of the plaintiff's claim. The sample "answer packet" includes information about affirmative defenses. Examples of affirmative defenses include: fraud, illegality and statute of limitations. See Rule 8(c) of the Federal Rules of Civil Procedure.

    - As the defendant, you are responsible for raising any **affirmative defenses** that can help you in the lawsuit. At trial, you will have the burden of proving their truth.

    - Each **affirmative defense** should be listed in a separate paragraph at the end of the answer.

    - Any **affirmative defense** not listed in the answer is waived, meaning it cannot be brought up later in the lawsuit.

3. INCLUDE A PRAYER FOR RELIEF. The **prayer for relief** states what **damages** or other relief you believe the Court should award to the plaintiff (usually, the defendant suggests that the plaintiff receive nothing).

4. SIGN AND DATE YOUR ANSWER.

## CAN I MAKE CLAIMS AGAINST THE PLAINTIFF IN MY ANSWER?

You may not assert claims against the plaintiff in the answer. In order to assert claims against the plaintiff, you must file a **counterclaim**. You may, however, include the counterclaim after your answer and file both as a single document. *Certain types of counterclaims must be filed at the same time the answer is filed or they are considered waived and cannot be raised later*, according to Rule 13(a) of the Federal Rules of Civil Procedure. See the section "How do I file a counterclaim?" below.

## CAN I AMEND THE ANSWER AFTER I FILE IT?

*If **less than** 21 days has passed since you served the answer:*

You can **amend** your answer anytime within 21 days after it is served on the plaintiff without the need for permission from the Court or from the plaintiff. See Rule 15(a)(1) of the Federal Rules of Civil Procedure.

*If **more than** 21 days has passed since you served the answer:*

There are two ways to amend your answer even after 21 days have passed since your answer was served on the plaintiff:

1. Obtain written permission from the plaintiff; *OR*

2. If the plaintiff does not agree to allow you to amend your answer, you can file a motion with the Court seeking permission to amend your answer. Draft your new amended answer and attach it to the motion to amend. The motion to amend should state specifically what you have changed in your answer and that you are requesting permission from the Court to change your answer as attached. If the Court grants the motion, you will be allowed to file the amended answer. To learn more about how to file motions, see Chapter 11.

If you file an amended answer, Civil Local Rule 10-1 requires you to file an entirely new answer and not simply the changes you made to the original. The caption for your amended answer should read "FIRST AMENDED ANSWER," and if you have included a counterclaim, it should read "FIRST AMENDED ANSWER AND COUNTERCLAIM."

## ONCE THE ANSWER IS FILED, DOES THE PLAINTIFF HAVE TO FILE A RESPONSE TO IT?

No. Under Rule 8(b)(6) of the Federal Rules of Civil Procedure, all statements in an answer are automatically denied by the other parties to the lawsuit.

## HOW DO I FILE A COUNTERCLAIM?

A defendant can bring a complaint against the plaintiff by filing a **counterclaim**. Rule 13 of the Federal Rules of Civil Procedure covers two different types of counterclaims:

1. Compulsory counterclaims: These are the defendant's claims against the plaintiff that are based on the same events, facts, or transactions as the plaintiff's claim against the defendant. For example, if the plaintiff sues the defendant for a **breach** of contract, the defendant's claim that the plaintiff breached the same contract is a **compulsory counterclaim**.

   a. A compulsory counterclaim generally must be filed at the same time the defendant files his or her answer. See Rule 13(a). If you fail to include a compulsory counterclaim with your answer, you will generally be unable to bring that claim later.

   b. If the Court already has **subject-matter jurisdiction** over plaintiff's claim against you, the Court will also have jurisdiction over your compulsory counterclaim.

2. <u>Permissive counterclaims</u>: These are the defendant's claims against the plaintiff that are ***not*** based on the same events, facts, or transactions as the plaintiff's claim against the defendant. In the above example, the defendant's claim that the plaintiff owes him or her money under a different contract would be a **permissive counterclaim**.

   a. No rule governs the time for filing a permissive counterclaim.

   b. You must have an independent basis for **subject matter jurisdiction** over the permissive counterclaim.

Counterclaims should be written using the same format and rules as a complaint. See Chapter 4. If you file your counterclaim at the same time you file your answer, you can include the answer and counterclaim on the same or separate documents. If combined in one document, the title should read "ANSWER AND COUNTERCLAIM." A sample counterclaim is included in the "answer packet," available on the Court's website at cand.uscourts.gov/pro-se-litigants/legal-help-center-templates-packets/.

## ONCE A COUNTERCLAIM IS FILED, DOES THE PLAINTIFF HAVE TO FILE A RESPONSE TO IT?

Since a counterclaim is really a complaint against the plaintiff, the plaintiff must file a written response to it. The response to a counterclaim is called a **reply**. Rule 12(a)(1)(B) requires the plaintiff to respond to the counterclaim within 21 days of being served by filing a reply or a motion regarding the counterclaim.

## WHAT IF I WANT TO SUE A NEW PARTY?

A **crossclaim** brings a new party into the case and essentially blames that third party for any harm that the plaintiff has suffered. A **crossclaim** can also be used by a plaintiff against a co-plaintiff or by a defendant against a co-defendant. Like a compulsory counterclaim, a **crossclaim** must be based on the same series of events as the original complaint. Crossclaims are covered by Rule 13(g)&(h) of the Federal Rules of Civil Procedure. A sample crossclaim is included in the "answer packet," available on the Court's website at cand.uscourts.gov/pro-se-litigants/legal-help-center-templates-packets/.

## HOW CAN I USE A MOTION TO CHALLENGE THE COMPLAINT?

Once you are served with a complaint, you have a limited amount of time to file a written response to the complaint. You will eventually need to file an **answer** (unless the case is dismissed), but you initially may have the option to challenge the complaint by filing one of the **motions** specified in Rule 12 of the Federal Rules of Civil Procedure instead of an answer. If you file a Rule 12 motion, you will not need to file your answer until after the Court decides your motion.

This chapter describes motions to challenge the complaint. To learn more about the procedures for filing a motion, see Chapter 11 on "What is a motion and how do I write or respond to one?" You can also find instructions and a sample form in the "motion packet" at cand.uscourts.gov/pro-se-litigants/legal-help-center-templates-packets/.

## ABOUT MOTIONS TO DISMISS

A **motion to dismiss** the complaint argues that there are problems with the way the complaint was written, filed, or served. Rule 12(b) of the Federal Rules of Civil Procedure lists the following **defenses** that can be raised in a motion to dismiss the complaint or any individual claim:

1. LACK OF SUBJECT MATTER JURISDICTION: the defendant argues that the Court does not have the legal authority to hear the kind of lawsuit that the plaintiff filed.

2. LACK OF PERSONAL JURISDICTION OVER THE DEFENDANT: the defendant argues that he or she has so little connection with the district in which the case was filed that the Court has no legal authority to hear the case.

3. IMPROPER VENUE: the defendant argues that the lawsuit was filed in the wrong geographical location.

4. INSUFFICIENCY OF PROCESS OR INSUFFICIENCY OF SERVICE OF PROCESS: the defendant argues that the plaintiff did not prepare the summons correctly or did not correctly serve the defendant.

5. **Failure to state a claim upon which relief can be granted:** the defendant argues that even if everything in the complaint is true, the defendant did not violate the law.

6. **Failure to join an indispensable party under Rule 19:** the defendant argues that the plaintiff failed to sue someone who must be included in the lawsuit before the Court can decide the issues raised in the complaint.

If the Court *DENIES* a motion to dismiss, the defendant must file an answer within 14 days after receiving notice that the Court denied the motion. See Rule 12(a)(4) of the Federal Rules of Civil Procedure. If the Court *grants* the motion to dismiss, it can grant the motion with "**leave to amend**" or "**with prejudice,**" as explained below:

1. *With leave to amend* means there is a problem with the complaint or an individual claim that the plaintiff may be able to fix.

   a. The Court will set a time by which the plaintiff must submit an **amended complaint** to the Court — often 30 days. The **amended complaint** can be served on the defendant by mail or, for ECF users, through e-filing.

   b. Once the defendant is served with the amended complaint, he or she must file a written response within the time the Court orders or by the deadline set forth in Rule 15(a)(3). The defendant can either file an answer or file another motion under Rule 12 of the Federal Rules of Civil Procedure.

2. *With prejudice* means there are legal problems with the complaint or individual claim that cannot be fixed. Any claim that is dismissed with prejudice is eliminated permanently from the lawsuit.

   a. If the Court dismisses the entire complaint "with prejudice," then the case is over.

   b. If some, but not all, claims are dismissed "with prejudice," then the defendant must file an answer to the remaining claims, within the time specified in the Court's order.

## About Motions For A More Definite Statement

Under Rule 12(e), the defendant argues in a **motion for a more definite statement** that the complaint is so vague, ambiguous or confusing that the defendant is unable to answer it. The motion must identify the confusing portions of the complaint and ask for the details needed to respond to it. A motion for a more definite statement must be made before a responsive pleading (usually an answer) is filed.

If the Court *grants* a motion for a more definite statement, the plaintiff is given an opportunity to file a new complaint. The defendant then must file a written response to the complaint within 14 days after receiving it. Rule 12(a)(4)(B). The written response can be either an answer or another motion.

If the Court *denies* the motion for a more definite statement, then the defendant must file a written response to the complaint within 14 days after receiving notice of the Court's order.

## About Motions To Strike

Rule 12(f)(2) permits the defendant to file a **motion to strike** from the complaint any "redundant, immaterial, impertinent, or scandalous matter." This can be used to attack portions of the complaint rather than the entire complaint or even entire claims.

## What If I Do Not Respond To The Complaint?

If a defendant has been properly served with a complaint but fails to file any response in the required amount of time, then that defendant is considered in "**default.**" Once the defendant is in default, the plaintiff can ask the Court for a **default judgment**, which means that the plaintiff wins the case and may take steps to collect on the judgment against that defendant.

### About Default Judgments

Rule 55 of the Federal Rules of Civil Procedure provides for a two-step process that applies in most cases when the defendant has not responded to the complaint:

1. The plaintiff begins by filing a **request for entry of default** with the Clerk together with proof (usually in the form of a **declaration**) that the defendant has been served with the complaint.

   If the Clerk approves and enters default against the defendant, then the defendant is no longer able to respond to the complaint without first filing a **motion to set aside default**. See Rule 55(c). Once default is entered, the defendant is considered to have admitted to every fact stated in the complaint except for the amount of damages.

2. Once the Clerk has entered default against the defendant, the plaintiff may then file a **motion for default judgment** supported by:

   a. A declaration showing that the defendant was served with the complaint but did not file a written response within the required time for responding; *and*

   b. A declaration proving the amount of damages claimed in the complaint against the defendant. Under Rule 54(c), the Court cannot enter a **default judgment** that awards the plaintiff more (money, relief, etc.) than the plaintiff specifically asked for in the complaint.

Special rules apply if the plaintiff seeks a default judgment against any of the following parties:

*A minor or incompetent person*............................................................................ See Rule 55(b)

*The United States government or its officers or agencies* ................................... See Rule 55(d)

*A person serving in the military* ...........................................................See 50 U.S.C. App. § 521

*A foreign country* ......................................................................................... See 28 U.S.C. §1608(e)

The defendant should file a response to the motion for default judgment and also appear at the hearing if at all possible. The defendant usually opposes a motion for default judgment by challenging the sufficiency of service of the complaint, but can also argue that the facts stated do not amount to a violation of the law or that the amount of damages claimed by the plaintiff is incorrect. In general, the Court will not enter a default judgment if an alternative exists (for example, if the defendant has belatedly appeared and is willing to defend against the case on the merits) because it can be very unfair to the defendant.

## OBTAINING RELIEF FROM A DEFAULT OR DEFAULT JUDGMENT

A defendant against whom default or a default judgment has been entered may make a motion to set aside the default or default judgment. See Rule 55(c) of the Federal Rules of Civil Procedure. The Court will set aside an **entry of default** or a default judgment for good cause or for a reason listed in Rule 60(b) such as mistake, fraud, newly-discovered evidence, the judgment is void or "any other reason that justifies relief."

In either case, the motion must explain in detail your reasons for failing to respond to the complaint. To learn about the requirements for motions, see Chapter 11. If a default or default judgment has been entered against you, you can seek legal advice from the federal courthouse **Legal Help Centers** (Chapter 2).

# CHAPTER 11
## WHAT IS A MOTION AND HOW DO I MAKE OR RESPOND TO ONE?

A motion is a formal request you make to the judge for some sort of action in your case. Most motions are brought by parties, but certain motions can be brought by non-parties.

In general, you do not need a motion for clerical things like changing your address on the docket or requesting copies.

*Here are some common motions that may be filed at any point in a civil case*:

Motion for extension of time to file document

Motion to appear by telephone

Motion for sanctions

Motion for appointment of counsel

*Here are some specialized motions that are filed during specific phases of a civil case:*

| Stage in progress of case | Motions commonly filed |
|---|---|
| **In connection with filing a complaint:** | Motion to amend |
| **In response to a complaint:** | Motion to dismiss<br>Motion for a more definite statement<br>Motion to strike<br>Motion to set aside default judgment |
| **During discovery:** | Motion to compel deposition/document production/response to interrogatories<br>Motion for a protective order |
| **Before and during trial:** | Motion for summary judgment<br>Motion in limine<br>Motion for judgment as a matter of law |
| **After trial or judgment:** | Motion to set aside the verdict<br>Motion to amend or vacate the judgment |

## MOTION TERMINOLOGY AND TIMELINE

The party who files a motion is the "**moving party**." The other parties are "**non-moving parties**." A party who does not want the motion to be granted is the "**opposing party**."

Civil Local Rules 7-2 and 7-3 set out the minimum time periods between each filing and the hearing

1. FILING. The moving party files a motion explaining what action he or she wants the Court to take and why. The moving party chooses as a hearing date a day when the assigned judge has a "civil law and motion calendar" scheduled; that date must be at least 35 days from the motion filing date.

2. OPPOSITION. The **opposing party** files an **opposition brief** explaining why it believes the Court should not grant the moving party's motion. It is due no later than 14 days after the motion filing date.

3. REPLY. The moving party may file, no later than 7 days after the due date for the opposition brief, a **reply brief** in which it responds only to the arguments made by the opposing party's opposition brief. After this is done, neither party can file any more documents about the motion without first getting permission from the Court.

4. HEARING. After the motion and the briefs are filed, the Court can decide the motion based entirely on the arguments in the papers, or it can hold a **hearing**. If the Court holds a hearing, each party will be given a chance to talk to the court about the arguments in their papers. The Court then announces its decision in the courtroom or sends the parties a written decision.

**DIAGRAM VIII. STANDARD TIMELINE FOR A CIVIL MOTION**



## What Are The Requirements For Motion Papers?

1. Rules 7(b) and 11 of the Federal Rules of Civil Procedure and Civil Local Rules 7-1 through 7-10 set the requirements for motions. If you do not make your best effort to follow these rules, the Court may refuse to consider your motion. For more information of the requirements for motions, you can seek help from the federal courthouse **Legal Help Centers** (Chapter 2).

   a. A motion should be made in writing. While you may be able to make verbal ("**speaking motions**") during a hearing or trial, the Court may still ask you to put your motion in writing.

   b. All of the Court's rules about captions and the format of documents apply to motions. See Chapter 4. Civil Local Rule 7-2(b) requires that motions be no more than 25 pages long (excluding declarations and exhibits), but some judges have lower page limits in their **standing orders**. It is important to stay within the page limit.

   c. If you are the moving party, include your name, address, e-mail, and phone number. You must also sign the motion to meet the requirements of Rule 11 of the Federal Rules of Civil Procedure. Rule 11 forbids parties to file motions that have no legal basis or are based on too little investigation or on facts known to be false.

   d. You can find detailed instructions and forms for filing a motion at cand.uscourts.gov/pro-se-litigants/legal-help-center-templates-packets/. The "motion packet" offers a motion template that can be used for many kinds of motions.

2. Civil Local Rules 7-2 and 7-5 require that all motions contain the following:

   a. NAME OF THE MOTION. For example: "PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT."

   b. HEARING DATE AND TIME. Under the case number, type the date and time that the Court has available to hold a hearing on the motion. (See "How do I choose a hearing date?" below in this chapter.) Under Civil Local Rule 7-2, this date must be at least 35 days after the motion is filed. It will normally be the assigned judge's regular civil law and motion day and time (for example, Wednesdays at 2:30pm).

   c. NOTICE OF MOTION. The first paragraph must include the **notice of motion** as well as the date and time of the hearing. The notice of motion is a statement to the other parties telling them what type of motion you have filed and when you have asked the Court to hold a hearing on the motion.

   d. STATEMENT OF PURPOSE. In the second paragraph of the notice, give a brief statement of what you want the Court to do.

   e. MEMORANDUM OF POINTS AND AUTHORITIES. The **memorandum of points and authorities** (or "**brief**") provides your list of the issues to be decided in the motion and your statement of facts and legal arguments explaining why the Court should grant your motion. If the brief is longer than 10 pages, Civil Local Rule 7-4(a) requires both a table of contents and a **table of authorities** – a list of all the laws, rules, and cases that you have mentioned and the page numbers where they are cited in the brief.

   f. CITATIONS. Every mention of a law, rule, or case is called a "**citation**." When citing a law, rule, or case, use the format that is required by the Court.

   g. DECLARATION(S). If your motion depends on facts, you must also provide the Court with evidence that those facts are true by filing one or more "**declarations**." A declaration is a written statement signed under penalty of perjury by a person who has personal knowledge that what he or she states in the declaration is true. A declaration includes *ONLY* facts and may not contain any law or argument. Civil Local Rule 7-5.

      i. The first page of each declaration must include the name of the document, for example: "DECLARATION OF JOHN SMITH IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT."

    ii.   The declaration should be made up of numbered paragraphs.

    iii.   You must include the following language at the end of the declaration:

*If the declaration is being signed in the United States*—it must state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on (insert the date the document is signed)."

*If the declaration is being signed outside of the United States*—the language must read: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (insert the date the document is signed)."

    iv.   The person whose statements are included in the declaration must sign and date it.

**h.** PROPOSED ORDER. You should include with your motion a **proposed order** for the Court to sign that spells out what will happen if the Court grants your motion. The first page of the order should include the title: "[PROPOSED] ORDER." At the end of the order, you must include a line space for the Court's signature. If the Court grants your motion, it may sign your proposed order or it may write its own order.

## HOW DO I CHOOSE A HEARING DATE?

Civil Local Rule 7-2(a) requires that all motions be filed and served on the other parties no less than 35 days before the hearing date. Unless directed to do so by the judge's standing order or other order, you do NOT need to contact the judge's staff to reserve a hearing date. Follow these steps:

1.   Check your judge's web page to find out which day of the week your judge holds civil law and motion hearings. (<u>Example</u>: Thursdays at 10:00 a.m.)

2.   Count 35 days out from the date on which you will file your motion, then select the next potential hearing date after the 35-day mark (<u>Example</u>: You plan to file your motion on February 1. Your judge's civil law and motion calendar is on Thursday mornings. The earliest date you could choose would be the first Thursday <u>after</u> March 7).

3.   Next, check your judge's online calendar to make sure the judge is available on the date you've chosen. If not, the calendar for that date will say "judge unavailable." If the judge is not available, find the next available date when the judge is hearing civil law and motion matters.

4.   Call the other party's attorney and make sure he or she is available on the date you've chosen, or agree on another date when the judge is available.

5.   You should then put the hearing date in your notice of motion. NOTE: judge's schedules change frequently. Also, many judges hold hearings on only a portion of the motions before them and decide the rest "on the papers" based on the briefs only. Be sure to check the judge's calendar before going to the courthouse to be sure the hearing is still on.

**DIAGRAM IX.  WHAT TO INCLUDE IN YOUR MOTION PAPERS**



## How Do I Oppose (Or Not Oppose) A Motion?

1. Civil Local Rule 7-3(a) requires opposition briefs to be filed and served no later than 14 days after the motion is filed.

2. Under the case number, put the title: "OPPOSITION TO [name of motion]" and the date and time the moving party has chosen for the hearing.

3. The memorandum of points and authorities (or "brief") may not exceed 25 pages; it should explain the why the motion should be denied, citing appropriate law and facts. Civil Local Rule 7-4.

4. Do not include a notice of motion.

5. *Do* include a proposed order containing the language that you want the court to sign denying the motion.

You can find a sample opposition to a motion at cand.uscourts.gov/pro-se-litigants/legal-help-center-templates-packets/.

If you ***do not*** oppose the motion, meaning you do not have a problem with what the moving party is asking for, Civil Local Rule 7-3(b) requires you to file a **statement of non-opposition** with the Court no later than the date the opposition brief is due. It can be very short, like this: "Plaintiff does not oppose defendant's motion to compel production of documents."

## WHAT IF I NEED MORE TIME TO RESPOND TO A MOTION?

Rule 6(b) of the Federal Rules of Civil Procedure allows the Court to give you extra time to respond to a motion only for a good reason. If you make the request before the original deadline passes, the Court can grant extra time with or without a motion or notice to the other parties. If you wait until after the original deadline passes before asking for extra time, you must make a motion and show that a good reason for missing the deadline.

You can also file a **stipulation** to extend time, under Civil Local Rules 6-1 and 6-2. The same rules for stipulations to shorten time also apply to stipulations to extend time, with one exception: a stipulation to extend time that affects a hearing or other proceeding that has already been scheduled on the Court's calendar must be filed no later than 10 days before the scheduled event.

You can also file a **motion to extend time** under Civil Local Rule 6-3. The requirements are similar to those for motions to shorten time.

## WHAT ARE THE REQUIREMENTS FOR REPLY BRIEFS?

1. Civil Local Rules 7-3(c) and 7-4(b) require reply briefs to be filed and served no later than 7 days after the opposition brief is due and not to exceed 15 pages (or other page limit set by the judge).

2. Under the case number, put the title: "REPLY BRIEF IN SUPPORT OF [name of motion]" and the date and time of the hearing.

3. Do not include a notice of motion or a proposed order.

4. The **memorandum of points and authorities** should discuss only the arguments made in the opposition brief. Do not repeat the arguments you made in the motion, except to the extent necessary to explain why you believe the arguments in the opposition brief are wrong.

5. The reply brief may not include new arguments in support of your motion. (Because the opposing party is not allowed to file a response to a reply brief, it would be unfair to include new arguments.)

## WHAT IF THE MOTION IS URGENT AND NEEDS TO BE DECIDED IN LESS THAN 35 DAYS?

Sometimes a motion raises an urgent issue that needs to be decided very quickly. There are three ways in which to get a hearing date that is less than 35 days from the day your motion is filed.

1. STIPULATION TO SHORTEN TIME: Civil Local Rules 6-1 and 6-2 state that if both parties agree that the matter should be heard quickly, you may submit a **stipulation** for the Court's approval. A stipulation is a written agreement signed by all of the parties to the lawsuit or their attorneys. Along with the stipulation, you must also file a **declaration** (see section on "What are the requirements for motion papers?") that:

   a. Explains why you are requesting that the motion be heard on a faster schedule.

   b. States all previous schedule changes in the case.

    **c.**  Describes the effect the proposed schedule change would have on the case.

    **d.**  Under Civil Local Rule 7-12, a **proposed order** may be submitted with the stipulation. The proposed order can include a paragraph at the end of the stipulation (after the signatures), stating: "PURSUANT TO STIPULATION, IT IS SO ORDERED," with spaces for the date and the signature of the judge. The judge may grant, deny, or modify your request.

**2.** MOTION TO SHORTEN TIME: If the parties cannot agree that the motion is urgent, you can file a **motion to shorten time** under Civil Local Rule 6-3(a) asking the Court to set a tighter schedule.

The motion to shorten time can be no longer than five pages and must be accompanied by a **declaration** that:

- Explains in detail why the motion should be heard on a faster schedule; *and*

- Describes the efforts you have made to get a stipulation from the other parties; *and*

- Identifies the harm to you if the motion is not heard on a faster schedule; *and*

- If relevant, describes your efforts to comply with Civil Local Rule 37-1, which requires parties to negotiate with each other to try to resolve discovery disputes before filing a motion; *and*

- Describes the nature of the dispute addressed in the motion and briefly summarizes the position each party has taken; *and*

- Discloses all previous schedule adjustments in the case; *and*

- Describes the effect the requested schedule adjustments would have on the case.

    You must deliver a copy of the motion to shorten time, the declaration and a proposed order to all other parties the day the motion is filed (unless the motion is e-filed).

*The opposition to a motion to shorten time* must be filed no later than four days after the motion is received, unless the Court sets another schedule. The opposition must be no longer than five pages and must be accompanied by a declaration explaining the basis for the opposition. The objecting party must deliver a copy of its opposition brief to all other parties on the day the opposition is filed (unless the motion is e-filed).

    *There is no reply brief on a motion to shorten time.*

The Court may grant, deny, or modify the requested time change or schedule the motion for additional briefing or a hearing. It is rare for a hearing to be held on motions of this kind.

**3.** EX PARTE MOTION: An **ex parte motion** is a motion that is filed without giving notice to the opposing party. You may file an ex parte motion *ONLY* if a statute, federal rule, local rule, or standing order authorizes the filing of such a motion *AND* you have complied with all the requirements. Civil Local Rule 7-10.

# CHAPTER 12
## WHAT HAPPENS AT A COURT HEARING?

### WHAT IS A HEARING?

A **hearing** is a formal court proceeding in which the parties present their arguments to the judge and answer the judge's questions about the motion or other matter being heard. Sometimes **witnesses** can be presented at these hearings.

*IMPORTANT*: Many judges choose to cancel or **"vacate"** scheduled hearings for the motions on their calendars. The judges may have enough information from the papers filed by the parties and will decide cases **"on the papers"**. While a hearing date is required when a motion is filed, there will not necessarily be a hearing on a particular motion.

## HOW DO I PREPARE FOR A HEARING?

1. Review all papers that have been filed for the hearing.

2. Expect to answer questions about issues that are being addressed at the hearing. You may find it helpful to practice answering the questions you think the judge will ask.

3. Organize all your papers so that you can find things easily when you need to answer the judge's questions.

## HOW SHOULD I DRESS AND BEHAVE AT A HEARING?

- Dress nicely and conservatively.

- Be on time.

- You should sit in the benches in the back of the courtroom until your case is announced. The courtroom deputy may ask "counsel" to come forward and check in. You check in with the courtroom deputy at that time. If your hearing is the only one scheduled, you may sit at the **plaintiffs' or defendants' table** in the center of the courtroom. The courtroom deputy will tell you where to sit.

- When the judge enters the courtroom, you must stand and remain standing until the judge sits down.

- When you speak to the judge, call him or her "Your Honor."

- When you hear your case announced, approach the desk in front of the bench. You can bring up any papers that you may need to refer to during the hearing. The courtroom deputy will tell the parties to "state your appearances." Step up to the microphone and say: "Good [morning or afternoon], your Honor, my name is [your name] and I am the [plaintiff or defendant] in this case."

## HOW IS A COURTROOM ARRANGED AND WHERE DO I FIT IN?

The **bench** is a large desk where the judge sits in the front of the courtroom.

The **witness box** is the seat next to the bench where witnesses sit when they testify.

The **court reporter** is the person seated in front of and below the bench writing on a special machine. The court reporter makes a record of everything that is said at the hearing.

The **courtroom deputy** assists the judge. If you need to show a document to the judge during a hearing, you should hand the document to the courtroom deputy, who will then hand it to the judge. You will often be asked to check in with the courtroom deputy before the judge comes into the courtroom.

In the center of the courtroom in front of the **bench** is a **lectern** (sometimes referred to as a "podium") with a microphone. This is where a lawyer or pro se party stands when speaking to the judge.

The **jury box** is located against the wall, at one side of the courtroom. This is where jurors sit during a trial. During a hearing, court staff members may be sitting in the jury box.



In the center of the courtroom, there will be plaintiffs' and defendants' tables with a number of chairs around them. This is where the lawyers and the parties sit during hearings and trials. The plaintiffs sit at the table that is closest to the jury box. The defendants sit at the table next to the plaintiffs.

There are several rows of **benches** in the back of the courtroom, where anyone can sit and watch the hearing or trial. This is where you will sit to wait for your case to be called.

## WHAT HAPPENS AT A MOTION HEARING?

First, the party who filed the motion has a chance to argue why the motion should be granted. Then, the opposing party will argue why the motion should be denied. Finally, the party who filed the motion has an opportunity to explain why he or she believes the opposing party's argument is wrong. The judge may ask questions at any point in the hearing.

Points to remember for the hearing:

- *Do not repeat all the points made in your motion or opposition papers.* Highlight the key points.

- *You cannot make new arguments that are not in the papers you filed with the Court,* unless you have a very good reason why you could not have included the argument in your papers.

- You can refer to notes during your argument. It is more effective to speak to the judge rather than read an argument that you have written down ahead of time, but you may find it helpful to write down your key points to refer to if necessary.

- You should step aside to allow the other side to use the lectern when it is the other side's turn to speak or the judge has asked the other side a question.

- When one party is speaking at the lectern, the other party should sit at the table or remain standing at least a few feet away, giving the speaker some space. *Never interrupt the other party.* Always wait until it is your turn to speak.

- The judge may ask you questions during your argument. *If the judge asks a question, always stop your argument and answer the judge's question completely.* When you are finished answering the question, you can go back and finish the other points you wanted to make. ***Always answer the judge's questions completely and never interrupt the judge when he or she is speaking.***

- If the judge asks you a question when you are seated at the table or away from the lectern, stand and walk up to the lectern before you answer the question.

## GENERAL ADVICE FOR HEARINGS

Be sure to have a pen and paper with you so that you can take notes.

When your hearing is over, you should either leave the courtroom or return to one of the benches in the back of the courtroom to watch the rest of the hearings.

If you need to discuss something with opposing counsel before or after your hearing, you must leave the courtroom and discuss the matter in the hallway.

# CHAPTER 13

## INITIAL DISCLOSURES: WHAT ARE THEY AND WHEN DO THEY HAPPEN?

Before the parties begin **discovery** (the formal process of information exchange between parties that is governed by specific procedural rules — see Chapter 16), they are required to hand over to each other certain types of information. This is called an "**initial disclosure.**" Federal Rule of Civil Procedure 26(a) lists three types of **disclosures** which you must provide to the other parties at different times during the course of the lawsuit: **initial disclosures**, **expert disclosures**, and **pretrial disclosures**. Expert disclosures and pretrial disclosures are covered in Chapter 19.

Initial disclosures, covered in detail in Rule 26(a)(1), are required in all civil cases except those listed in Rule 26(a)(1)(B), such as: actions for review of administrative agency action (like social security appeals), petitions for habeas corpus, actions brought by pro se prisoners and actions to enforce arbitration awards. In all other types of cases, you will have to serve initial disclosures on the other parties early in the case. Even though you may not yet have fully investigated the case, you are *required* to make initial disclosures based on the best information available to you. **If you fail to disclose relevant information, the Court may later bar you from using that information in your case**.

*Make sure that you know the date by which you have to serve the initial disclosure.* You can download an "Initial Disclosures" packet at cand.uscourts.gov/pro-se-litigants/legal-help-center-templates-packets/. You can also seek help with your initial disclosures from the federal courthouse **Legal Help Centers** (Chapter 2).

| | |
|---|---|
| **Timing** | Must be served within 14 days after your Rule 26(f) **meet and confer** (which, in turn, normally takes place at least 21 days before your initial **case management conference.** See "Why do I have to meet and confer?" in Chapter 15), *unless*:<br><br>**1.** Parties stipulate to a different time; *OR*<br><br>**2.** The Court orders a different time; *OR*<br><br>**3.** One party objects during the conference that initial disclosures are not appropriate under the circumstances of the lawsuit, and states the objection in the Rule 26(f) **discovery plan.** |
| **Form** | Initial disclosures must be in writing, signed and served on all other parties to the lawsuit but **NOT** filed with the Court. Your signature certifies that the disclosure is complete and correct as of time it is made, to the best of your knowledge. |

| | |
|---|---|
| **Required Content** | 1. Name and (if known) address and telephone number of each individual likely to have information that you may use to support your claims and defenses, unless that information will be used solely for **impeachment** (information used to attack the credibility of a witness rather than to prove your case); |
| | 2. Type of information each individual has; |
| | 3. Copies or a description by category and location of all documents or other things that you have in your possession that you might use to support your claims or defenses, unless they will be used solely for impeachment; |
| | 4. Calculation of damages you claim to have suffered, including all documents that support your calculation (you do not need to disclose documents that are privileged or otherwise protected; see Ch. 16); |
| | 5. Insurance agreements that may cover an award of damages in the lawsuit. |
| **Adding to or Changing Your Disclosure** | 1. If you realize that there is additional or different information to disclose, you must let the other side know right away. If you do not timely disclose information, you may not be able to use that evidence later in the case. |
| | 2. If you need to add information to your disclosure, serve on the other side a document titled "Supplemental Initial Disclosure" in the same format as your original "Initial Disclosure," that includes all new information. |
| | 3. If you need to change information you have already disclosed, serve on the other side a document titled "Amended Initial Disclosure" in the same format as your original "Initial Disclosure," that includes all information that must be changed. |

# CHAPTER 14

## WHAT IS A CASE MANAGEMENT CONFERENCE AND HOW DO I PREPARE FOR IT?

A **case management conference** (often called by its abbreviation, "**CMC**") is scheduled upon the filing of every case. Its purpose is for the judge and the parties to set a schedule for the case, such as the trial date and other key deadlines. No issues or claims are decided at the case management conference, but it is a very important event in a new civil case. For more information on preparing for a case management conference, you may contact the federal courthouse **Legal Help Centers** (Chapter 2).

A **status conference** or **further case management conference** is a case management conference that the judge holds later in the case to check in with the parties about what is happening in the case. It is a chance for the parties to tell the judge about the progress of their case and any problems they have had in preparing for trial or in meeting the original schedule. See Civil Local Rule 16-10(c).

A **pretrial conference** is held shortly before trial at which the judge and the parties discuss the procedures for the upcoming trial.

## WHEN IS THE INITIAL CASE MANAGEMENT CONFERENCE?

Under Civil Local Rule 16-2(a), the plaintiff is given a copy of an **Order Setting Initial Case Management Conference** when the complaint is filed. The plaintiff serves this order on the defendants along with the **complaint** and **summons**. The order sets the date for the initial case management conference, which is usually held within 90 days after the complaint is filed.

## DOES EVERY CASE HAVE A CASE MANAGEMENT CONFERENCE?

No. Certain types of cases — listed in Civil Local Rules 16-4, 16-5, 16-6 & 16-7 — do not have CMCs, including social security appeals, bankruptcy appeals, student loan cases and prisoner petitions.

## "MEETING AND CONFERRING" BEFORE THE INITIAL CASE MANAGEMENT CONFERENCE

At least 21 days before the initial CMC, all parties *must* "meet and confer" — that is, talk by phone or in person to try to agree on a number of issues. If the other party has a lawyer, you will meet and confer with

the lawyer. The meet-and-confer process saves time by requiring the parties to agree on as much as possible and to understand each other's positions.

Be prepared to:

1. Discuss the nature and basis of your claims;

2. Discuss whether there is a way to resolve the case early through settlement;

3. Arrange for initial disclosure of information by both sides as required by Rule 26(a)(1), including:

   a. The exchange of names and contact information of every person who is likely to have information about the issues; *AND*

   b. Listing certain documents described in Rule 26(a);

4. Agree on a plan for how and when **discovery** will be completed;

5. Select an **ADR** process: **mediation**, **early neutral evaluation** or **settlement conference** (see Ch. 15);

6. Prepare a **joint or separate case management statement** which tells the Court the results of the parties' discussions and complies with all parts of the judge's standing order.

Civil Local Rules 16-1-16-10 and Rules 16(b) & 26(f) of the Federal Rules of Civil Procedure contain detailed rules about CMCs. A uniform **standing order** for all judges in this Court specifies in detail what must be included in the **case management statement**. It is included among each judge's **standing orders** on the Court's website. A fillable form for the **case management statement** can be downloaded from this pro se litigant resources page of the Court's website: cand.uscourts.gov/pro-se-litigants/legal-help-center-templates-packets/.

## PREPARING THE CASE MANAGEMENT STATEMENT

Civil Local Rule 16-9 allows the parties to file separate **case management statements** if one party does not have a lawyer. Many judges, however, prefer that parties file a single **joint case management statement** together on the form approved by the Court, so it is recommended that you contact the other party or parties about filing a joint statement well ahead of the deadline.

A sample **case management statement** form can be found on the Court's website at cand.uscourts.gov/forms/civil-forms/ ("**Case Management Statement packet**").

The **case management statement(s)** must be filed no later than 7 days before the **case management conference**, unless the judge orders otherwise. See Civil Local Rule 16-9 & Rule 26(f) of the Federal Rules of Civil Procedure.

## THE PROPOSED DISCOVERY PLAN

The proposed **discovery plan** is a written proposal that the parties make to the judge describing how each party thinks discovery should be conducted in the case. Discovery, the process by which the parties exchange factual information before trial, is covered in detail in Chapter 16. The judge will review the plan and determine how discovery will proceed and include this in the **case management order**.

The parties must make a good faith effort to agree on a joint proposed discovery plan, which should include each party's views and proposals about:

- Any changes that should be made in the timing, form, or content of disclosures under Rule 26(a), including a statement as to when **initial disclosures** under Rule 26(a)(1) were made or will be made;

- The subjects, timing, and particular issues for discovery;

- Limitations on discovery (number of depositions, limits on document requests, etc.); *AND*

- Other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c).

Case 3:24-cv-01885-LB    Document 4-2    Filed 03/28/24    Page 48 of 81

## WHAT HAPPENS AT THE INITIAL CASE MANAGEMENT CONFERENCE?

The judge will ask about the issues in the **case management statement** and other issues that may have arisen. The judge is also likely to ask about the form of **Alternative Dispute Resolution** (often called "ADR" and discussed in Chapter 15) most appropriate for your case.

You must attend the case management conference in person, unless you file a written request to participate in the conference by telephone and the judge grants your request. Requests to participate by telephone must be filed and served no later than 5 days before the conference (or the time specified in the judge's standing order). See Civil Local Rule 16-10(a).

## WHAT IS THE CASE MANAGEMENT ORDER?

During or after the case management conference, the judge will issue a **case management order**, which will set a schedule for the rest of the case. The CMC order will govern the case unless and until it is changed later by the judge.

## WHAT SHOULD I DO TO PREPARE FOR OTHER CONFERENCES WITH THE JUDGE?

If the judge schedules a subsequent case management conference, Civil Local Rule 16-10(d) requires the parties to file a **supplemental case management statement** at least 7 days before the conference. The joint statement must report:

- Progress or changes in the case since the last statement was filed;
- Problems with meeting the existing deadlines;
- Suggestions for changes to the schedule for the rest of the case.

Your judge's standing order may contain additional requirements as well, so be sure to re-read it before each court appearance. You must attend the subsequent case management conference in person, unless the judge permits you to appear by telephone. Be prepared to discuss all aspects of the case with the judge.

# CHAPTER 15
# WHAT IS ALTERNATIVE DISPUTE RESOLUTION (ADR)?

It is the mission of the Court to do everything it can to help parties resolve their disputes as fairly, quickly and efficiently as possible. **Alternative Dispute Resolution** (**ADR**) can save time and money by helping parties work out their differences without formal litigation. ADR also can lead to resolutions that are more creative and better tailored to the parties' underlying interests.

The cases filed in our Court present a broad range of issues and circumstances. The Court offers several non-binding ADR options — each of which provides a different kind of service — so that parties can use the procedure that works best for their case.

Most civil cases are assigned at filing to the ADR Multi-Option Program (ADRMOP) governed by ADR Local Rule 3. This assignment is included in the Initial Case Management Scheduling Order entered right after the case is first assigned to a judge. In the ADRMOP, unless the assigned judge orders otherwise, the parties must participate in one non-binding ADR process offered by the Court or, with the assigned judge's permission, in an ADR process offered by a private provider.

**Each party *must*:**

1. Read the pamphlet entitled *Alternative Dispute Resolution Procedures Handbook,* which is available on the Court's ADR website: cand.uscourts.gov/adr;
2. Discuss the available ADR options provided by the Court and private entities; *and*
3. Consider whether the case might benefit from any of the available ADR options.

Each party must then certify that it has complied with these requirements by filing an **ADR Certification** by the date specified in the Initial Case Management Scheduling Order. See ADR Local Rule 3-5(b). If the parties

can agree on an ADR process, they must file a **Stipulation and Proposed Order Selecting ADR Process with their ADR Certification**. If the parties are unable to reach an agreement about which ADR process might work best for the case OR the parties have selected a settlement conference with a magistrate judge, they must file, along with their **ADR Certification**, a **Notice of Need for ADR Phone Conference**; the Court's ADR staff will then schedule a telephone conference with an ADR legal staff member who will help the parties select an ADR process. All ADR forms are available at cand.uscourts.gov/adr.

If the parties have not stipulated to an ADR process before their case management conference, they will discuss ADR with the judge who may refer them to one of the Court's ADR processes. See ADR Local Rule 3-5(d)(2) for more information.

The Court sponsors three major ADR processes, which are explained more fully in the *Alternative Dispute Resolution Procedures Handbook:*

**Settlement Conference***:* In a settlement conference, a judge other than the assigned judge (ordinarily a magistrate judge), meets with the parties to help them negotiate a settlement of all or part of the dispute. Settlement conferences are generally the best fit for pro se litigants because a judge who has experience working with unrepresented parties conducts the process.

The Court offers a special settlement program for appropriate **prisoner civil rights cases** in which a magistrate judge holds the settlement conference in the prison in which the prisoner is housed. Any party to such an action may file a request for referral to the "Pro Se Prisoner Early Settlement Program" for the assigned judge's consideration.

**Mediation***:* In mediation, a specially trained lawyer meets with the parties to help them negotiate a mutually satisfactory agreement resolving all or part of the dispute. Mediators focus not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities.

**Early Neutral Evaluation***:* In Early Neutral Evaluation (ENE), a specially-trained lawyer who is an expert in the subject matter of the case gives the parties a non-binding assessment of the merits and may also help with settlement discussions. The goals are to promote communication and provide a "reality check" about the claims and evidence, identify and clarify the key issues in dispute, assist with discovery and information exchange and motion planning and help with settlement discussions if requested by the parties. This option is not generally recommended for a party who does not have a lawyer.

The Court encourages using one or more ADR processes in any civil case, at any time. The Court's professional ADR staff, which includes attorneys with expertise in ADR procedures, is available to help you select a suitable option or to customize an ADR procedure to meet your needs. Our ADR processes, which are governed by the Court's ADR Local Rules, are available even if your case is not assigned to the ADRMOP at filing. We have committed substantial resources to our ADR programs because we are confident that litigants who use them can save significant time and money and will often obtain more satisfying results.

View and/or download more information, forms or a copy of the ADR pamphlet or the ADR Local Rules, at cand.uscourts.gov/adr. You can also seek help with understanding ADR options from the federal courthouse **Legal Help Centers** (Chapter 2).

# CHAPTER 16
## WHAT IS DISCOVERY?

"**Discovery**" is the process in which the parties exchange information about the issues in the case before the trial. There are six ways to ask for and receive this information: **depositions**, **interrogatories**, **requests for production of documents and/or other items**, **request for admissions**, **mental examinations**, and **physical examinations**.

You may use the methods of discovery in any order or at the same time. What methods the other party uses does not determine what methods you may use. To learn more about discovery or to get samples, you may contact the federal courthouse **Legal Help Centers** (Chapter 2).

## WHEN CAN DISCOVERY BEGIN?

If your case is listed under Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure, Civil Local Rule 16-7 states that discovery cannot begin until the judge sends out a **case management order** setting deadlines for discovery. Such cases include: actions for review of administrative agency action (like social security appeals), petitions for habeas corpus, actions brought by pro se prisoners and actions to enforce arbitration awards.

In *all* other cases, Rule 26(d) of the Federal Rules of Civil Procedure states that discovery cannot begin until the parties have had their Rule 26(f) **meet and confer**, *unless*:

1. Earlier discovery is allowed by another part of the Federal Rules of Civil Procedure; *OR*

2. The Court issues an order that allows earlier discovery; *OR*

3. All parties agree that discovery can be taken earlier.

As noted above, all parties may conduct discovery at the same time.

## WHAT ARE THE LIMITS ON DISCOVERY?

1. **Privileged information.** This is a small category of information consisting mostly of confidential communications such as those between a doctor and patient or an attorney and client.

2. LIMITS IMPOSED BY THE COURT. The Court can limit the use of any discovery method if it finds:

   • The discovery seeks information that is already provided or is available from more convenient and less expensive sources; *OR*

   • The party seeking discovery has had multiple chances to get the requested information; *OR*

   • The burden or expense of the proposed discovery is greater than its likely benefit; *OR*

   • Privileged or otherwise confidential information.

There are also limits to how many requests you can make, discussed below. Rule 26(b) covers discovery scope and limits in detail.

## DEPOSITIONS

A **deposition** is a question-and-answer session that takes place outside of Court but is recorded by a court reporter. Rule 30 of the Federal Rules of Civil Procedure covers depositions in detail. One party to a lawsuit asks another person — either a party or a witness — who is under oath, questions about the issues raised in the lawsuit. The person answering the questions under oath is the "**deponent**." The deponent can be any person who may have information about the lawsuit, including eye witnesses, expert witnesses, or other parties to the lawsuit. A deposition may also be taken by telephone or by written questions. At a deposition:

1. The deponent answers all questions under oath, meaning he or she swears that his or her answers are true.

2. The questions and answers of the deposition must be recorded by audio, audio-visual or stenographic means by a court reporter. See Rule 28.

3. The party taking the deposition must pay the cost of recording the deposition. After the deposition, it is the responsibility of the parties to obtain the transcript from the court reporter.

DO I NEED THE COURT'S PERMISSION TO TAKE A DEPOSITION?

Usually, you do not need the Court's permission to take a deposition *except* in the following situations:



Depositions

• The deponent is in prison; *OR*

• Your side of the lawsuit has already taken 10 other depositions and the other parties have not stipulated that you may take more (refer to Rule 30(a) for more detail); *OR*

- The deponent has already been deposed in the same case and the other parties have not stipulated in writing that the deponent may be deposed again; *OR*

- You want to take a deposition before the parties have their Rule 26(f) **meet and confer** and the other parties will not agree to let you take the early deposition. A motion is not required if the deponent is expected to leave the United States and therefore will be unavailable for deposition after the Rule 26(f) meeting.

HOW DO I ARRANGE A DEPOSITION?

Under Civil Local Rule 30-1:

1. *Consult with opposing counsel to choose a convenient time for the deposition.* The convenience of the lawyers, the parties, and the witnesses must be taken into account, if possible.

2. *Pick a convenient time for the deposition and give written notice of the deposition to the deponent.* This document is known as the **notice of deposition**.

3. *Serve the notice of deposition* on all parties.

WHAT DO I INCLUDE IN A NOTICE OF DEPOSITION?

Under Rule 30(b) and 26(g)(1) of the Federal Rules of Civil Procedure, the **notice of deposition** must include:

1. The time and place where the deposition will be held; *and*

2. The name and address of the deponent (if this is not known, the deponent must be described well enough so that he or she can be identified by the other side; for example, "the store manager who was on duty after 6:00 pm"); *and*

3. If you name a business or government agency as a deponent, then it must tell you the name of the person who will testify on its behalf; *and*

4. The method by which the deposition will be recorded; *and*

5. Your address and signature pursuant to Rule 26(g)(1).

WHEN DO I NEED TO USE A SUBPOENA FOR A DEPOSITION?

Under Rule 45 of the Federal Rules of Civil Procedure:

- You *do not* need a subpoena to depose someone who is a party to the lawsuit.

- Only deponents who are not parties to the lawsuit (non-party deponents or **non-party witnesses**) must be served with a subpoena to compel their attendance. You can get a blank subpoena from the Court's website for any cases pending in the Northern District of California: cand.uscourts.gov/forms/civil-forms/.

- A subpoena may be served (hand-delivered) on the deponent by any person who is not a party to the lawsuit and who is at least 18 years of age.

- A subpoena must be hand-delivered to the deponent along with the fees for one day's attendance and mileage allowance required by law.

- You must pay for a non-party deponent's travel expenses under 28 U.S.C. § 1821 and 41 C.F.R. 301-10.303.

WHAT DOES IT MEAN IF THE DEPONENT FILES A MOTION FOR THE COURT TO QUASH THE SUBPOENA?

To **quash a subpoena** is to issue an order that the person does not have to obey the subpoena or appear at the deposition. The Court may quash a subpoena if there is undue burden or expense required for the deponent to appear at the deposition. The Court must quash a subpoena if it requires a non-party deponent to travel more than 100 miles to the deposition. See Rule 45(c)(1).

I'VE BEEN SERVED WITH A DEPOSITION SUBPOENA; WHAT DO I DO?

The other party will set a date, time, and place for your deposition and send you this information in a **deposition notice** or **subpoena**. As a party to a lawsuit, you are required to appear at a deposition in response to either a deposition notice or subpoena.

If the other side has set a date that is inconvenient for you, it is important that you contact them right away and suggest another date for the deposition. It is usually best to send a letter or email confirming any agreement that you reach with the other side in order to avoid later misunderstandings.

WHAT CAN I DO TO PREPARE TO HAVE MY DEPOSITION TAKEN?

Depositions are very important because the **transcript** of your answers can be submitted as evidence to the Court. Answers you give in a deposition can have the same effect as if you had given those answers under oath in front of the judge. You may contact the federal courthouse **Legal Help Centers** (Chapter 2) for general advice on preparing for your deposition. Here are some practical tips for helping your deposition go smoothly:

- *Review documents beforehand.* Before the deposition, the **deponent** can better remember events and answer questions about them by reviewing the documents exchanged during initial disclosures and discovery. If asked what you did to prepare, be prepared to state what you reviewed.

- *Ask for unclear or confusing questions to be restated or clarified.* During the deposition, it is acceptable for the deponent to ask for clarification before attempting to answer a question.

- *Focus on answering the questions asked.* Depositions go more smoothly when the deponent stays focused on the questions asked. If the questioner wants more information, he/she will ask another question.

- *Use the opportunity provided at the end to put additional important information on the record.* There may be information that the deponent thinks is important that did not come up in the question-and-answer portion of the deposition. At the end of the deposition, the deponent can state that information and ask the court reporter to write it down in the deposition transcript.

WHAT IS A "SUBPOENA DUCES TECUM" AND WHY WOULD I NEED ONE?

A **subpoena duces tecum** is a court order requiring someone to provide copies of papers, books or other things. It is a discovery tool that can be used with a deposition or by itself. Under Rule 30(b)(2), the documents you want the deponent to bring to the deposition must be listed in both the "**notice of deposition**" and the "**subpoena duces tecum**."

HOW LONG CAN A DEPOSITION LAST?

Under Rule 30(d)(1) of the Federal Rules of Civil Procedure, a deposition may last no longer than 1 day of seven hours, unless more time is authorized by all parties or the Court.

DOES THE DEPONENT HAVE TO ANSWER ALL QUESTIONS?

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, you may ask questions about any non-privileged matter that is relevant to the claim or defense of any party and that is proportional to the needs of the case.

Under Rule 30(c), the deponent is entitled to state any legal **objections** he or she has to any question. Certain types of objections are considered proper, such as:

- The question is vague;

- The question is actually a series of questions all together (a "compound question");

- The question is argumentative;

- The question asks for information that you are not legally able to give.

*In most of these cases, however, the deponent must still answer the question, after making the objection.* Under Rule 30(c)(2), the deponent may refuse to answer a question only when:

- Answering would violate a confidentiality privilege such as the attorney-client or doctor-patient privilege; *or*

- The Court has already ordered that the question does not have to be answered; *or*

- The deposition has been stopped in order for the deponent or a party to make a motion to the Court on the **grounds** that the deposition is being conducted in bad faith or in an unreasonable manner or meant to annoy, embarrass, or oppress the deponent or party. See Rule 30(d)(3).

WHO IS ALLOWED TO ASK THE DEPONENT QUESTIONS?

Any party may ask questions at the deposition.

CAN THE DEPONENT CHANGE HIS OR HER DEPOSITION TESTIMONY AFTER THE DEPOSITION?

Under Rule 30(e) of the Federal Rules of Civil Procedure, the deponent has 30 days from the time the deposition transcript is complete to review the deposition and make changes. The deponent must sign a statement listing the changes and the reasons for making them.

## INTERROGATORIES

**Interrogatories** are written questions sent by one party to any other party to the lawsuit and must be answered in writing and under oath. Rule 33 of the Federal Rules of Civil Procedure covers interrogatories in detail. To learn more about interrogatories, you may contact the federal courthouse **Legal Help Centers** (Chapter 2). A sample to request interrogatories is available at cand.uscourts.gov/pro-se-litigants/legal-help-center-templates-packets/.

DO I NEED THE COURT'S PERMISSION TO SERVE INTERROGATORIES?

Under Rule 33(a), you may serve up to 25 interrogatories, including all subparts, on the same party without the Court's permission. If you want to serve more than 25 on one party, you must file a motion asking the Court's permission. See Civil Local Rule 33-3.

WHAT KINDS OF QUESTIONS CAN I ASK?

Consistent with Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may use interrogatories to ask about any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.

ARE THERE ANY REQUIREMENTS FOR THE FORM OF INTERROGATORIES?

Usually each interrogatory is written out with a separate number. Interrogatories must be signed in accordance with Rule 26(g)(1).



Interrogatories

HOW DO I ANSWER INTERROGATORIES?

- The interrogatories must be answered within 30 days.

- Civil Local Rule 33-1 states that you must rewrite each interrogatory in full before you state your response or objection.

- As the responding party, you can either answer the question, object, or both.

- It is not appropriate to answer "I don't know" if the answer is available to you.

- When answering a question, a party must answer with all "available" information. This means information a party can remember without doing research, but if the information exists within your business records or other files, then you must look for the answer.

- If the burden of finding the answer is the same for you as for the party who served the interrogatory, then you may answer the interrogatory by simply telling the other side where the answer can be found. The burden then falls to the other party to find the answer. You must be specific; you cannot just say, "In the documents I gave you."

- If you need more than 30 days to answer, you can request more time from the other party. If the other party refuses, you can file a motion with the Court.

- Each interrogatory must be answered separately and fully in writing under oath, unless objected to.

- If you object to only part of a question, then you must answer the rest of the question.

- Any objections must be stated in writing and include the reasons for the objection. The objections should be signed by the party's lawyer, unless the party does not have a lawyer.

- Answers must be signed by the party whether or not the party has a lawyer.

- If you learn later that your answer is incomplete or incorrect, you must let the other side know by supplementing your original answer. See Rule 26(e)(1).

## REQUEST FOR DOCUMENT PRODUCTION

In a **request for production of documents** you can ask the other side for documents, including electronically stored information (e.g. emails), which you need to prove or defend your case. These should be documents which you reasonably believe the other side has and contains information about the issues in the lawsuit. Document requests can be served on any person, not just parties to the lawsuit. To learn more about request for production of documents, you may contact the federal courthouse **Legal Help Centers** (Chapter 2). A sample request for production of documents, is available at cand.uscourts.gov/pro-se-litigants/legal-help-center-templates-packets/.

### HOW DO I GET DOCUMENTS FROM THE OTHER PARTIES?

If the person who has the documents you want is a party to the lawsuit, you must follow Rules 34(a) and (b). Under Rule 34(a) any party can serve another party:

> **A request for production of documents**, seeking to inspect and copy any documents which are in that party's possession, custody, or control;
>
> **A request for production of tangible things** (i.e., physical things that are not documents), seeking to inspect and copy, test, or sample anything which is in that party's possession, custody, or control;
>
> **A request for inspection of property**, seeking entry onto property controlled or possessed by that party for the purposes of inspecting, measuring, surveying, photographing, testing, or sampling the property or any object on that property.



Requests for Document Production

The request must list the items that you want to inspect and describe each one in enough detail that it is reasonably easy for the other party to figure out what you want. It must also specify a reasonable time, place and manner for the inspection.

Each request for document production should be numbered separately and signed in accordance with Rule 26(g)(1). There is no limit to the number of requests, as long as they are not unreasonable or unduly burdensome. A request for document production from a party to the lawsuit may be served by any of the methods listed in Rule 5(b) of the Federal Rules of Civil Procedure.

### HOW DO I RESPOND TO A REQUEST FOR DOCUMENT PRODUCTION?

1. The party who has been served with the request must give a response within 30 days after the request is served unless the Court has authorized more time. You can also ask the other side for more time to respond but the other side does not have to give it to you.

2. Civil Local Rule 34-1 states that you must rewrite each request in full before you state your response or objection.

3. The response may state that you will allow the inspection of each item and the related activities that were requested, or you may object if you have a proper basis for doing so.

4. If you object to the request, you must state the reasons for that objection and state whether any documents are being withheld on the basis of that objection.

5. If you object to only part of the request, you must state your objection to that part and state whether any documents are being withheld on that basis and permit inspection of the rest.

6. Documents produced for inspection must be presented *EITHER* as they are kept in the usual course of business *or* organized and labeled so that they correspond with the categories in the request.

7. Documents must be produced by the time specified in the request or another reasonable time frame specified in the response.

8. If you discover more documents that also respond to the request after you have provided some documents, you must also provide these additional documents promptly. See Rule 26(e)(2).



Requests for Admission

HOW DO I GET DOCUMENTS FROM PERSONS WHO ARE NOT PARTIES?

Rules 34(c) and 45 cover obtaining documents from persons not party to the lawsuit. Under Rule 34(c), you can ask the Court to compel a person who is not a party to the lawsuit to produce documents and items or submit to an inspection.

Rule 45 sets out the rules for issuing, serving, protesting, and responding to subpoenas, including **subpoenas duces tecum**, subpoenas requesting the production of documents and items.

The same form is used both for a **subpoena duces tecum** and a **deposition subpoena.** If you want a non-party to produce documents at deposition, you can fill out just one subpoena form directing the person to appear at the deposition and to bring along specific documents to the deposition. You can also serve a **deposition subpoena** and a **subpoena duces tecum** separately so that the deponent will appear for a deposition at one time and produce documents at a different time.

You can get a blank subpoena form from the Clerk's Office or online at **cand.uscourts.gov/forms/civil-forms/** for any production of documents or inspection for cases pending in the Northern District of California.

A **subpoena duces tecum** may be served by any of the methods listed in Rule 5(b), including service by mail. You must take steps to avoid imposing an undue burden or expense on the person receiving the subpoena. See Rules 45(b)(1)&(c)(1) of the Federal Rules of Civil Procedure.

WHAT KIND OF RESPONSE CAN I EXPECT IF I SERVE A SUBPOENA DUCES TECUM?

The person who has been served with a **subpoena duces tecum** has 14 days to serve written objections (less if the time required for production or inspection is less than 14 days). If an objection is made, the parties should **meet and confer** to try to resolve the issue. If the objection cannot be resolved through agreement, the party serving the subpoena will need to seek a court order before being allowed to inspect or copy any of the materials requested in the subpoena. Rule 45(d)(2)(B).

The person served with the **subpoena duces tecum** does not have to appear in person at the time and place for the production of documents for inspection unless he or she also has been subpoenaed to appear for a deposition, hearing, or trial at the same time or place. Rule 45(d)(2)(A).

## REQUESTS FOR ADMISSION

In a **request for admission**, one party asks, in writing, the other party to admit the truthfulness, for purposes of the lawsuit, of:

- A fact or facts;
- The application of law to fact;
- Opinions about facts or the application of law to fact; *and/or*
- The genuineness of any described documents.

Requests for admission can only be used on other parties to the lawsuit.

The Court will consider anything admitted in response to a request for admission as proven.

Rule 36 of the Federal Rules of Civil Procedure governs requests for admission. Requests for admission may be served by any of the methods listed in Rule 5(b) of the Federal Rules of Civil Procedure, including service by mail.

Like depositions and interrogatories, requests for admission must be stated separately and numbered in order. They must also be signed and certified in accordance with Rule 26(g)(1).

There is no limit to the number of requests for admission that you may serve, as long as they are not unreasonable, unduly burdensome, or expensive.

Civil Local Rule 36-1 provides that responses to requests for admission must state each request in full before each response or objection. If a party objects to a request for admission, then that party must state their reasons for objection. Responses to requests for admission must be signed by the party or by the party's attorney.



**Physical and/or Mental Examinations**

The party who receives a request for admission has 30 days to respond under Rule 36(a) of the Federal Rules of Civil Procedure. That time can be increased or decreased if the parties agree or by court order. If no response is served within 30 days (or the time otherwise set by agreement or by the Court), all of the requests for admission are automatically considered admitted. To learn more about request for admissions, you may contact the federal courthouse **Legal Help Centers** (Chapter 2).

HOW DO I RESPOND TO A REQUEST FOR ADMISSION?

1. Your answer must admit or deny the request or explain in detail why you cannot admit or deny the request truthfully.

2. If you can only admit or deny part of the request, then you must admit or deny that part and then explain why you cannot admit or deny the other part of the request.

3. If you do not know the answer, then you may state that you do not have enough information to admit or deny the requested information but only after you have made a reasonable search for information that would allow you to admit or deny the request.

4. Any matter that is admitted is treated as proven within the context of that particular lawsuit. But an admission in one lawsuit cannot be used against that party in any other proceeding.

WHAT IF I DO NOT WANT TO ADMIT TO THE TRUTH OF A REQUEST FOR ADMISSION?

If a party fails to admit to a fact which is later proven true, the requesting party may file a motion with the Court seeking compensation in the form of expenses, including attorney fees, that were accrued in the process of proving that fact. See Rule 37(c)(2) of the Federal Rules of Civil Procedure. The Court *must* grant the motion unless it finds that:

- The request was objectionable under Rule 36(a); *or*

- The admissions were not important; *or*

- The party who did not admit the fact had reasonable ground to believe that it might prevail on that point; *or*

- There were other good reasons for the failure to admit.

DUTY TO SUPPLEMENT RESPONSES

If a party discovers that the responses that party has already submitted are incomplete or incorrect, then that party is required under Rule 26(e)(1) of the Federal Rules of Civil Procedure to supplement the earlier responses promptly.

## PHYSICAL OR MENTAL EXAMINATIONS

When the mental or physical condition of a party, or a person under the custody or legal control of a party, is at issue in a lawsuit, Rule 35 of the Federal Rules of Civil Procedure allows the Court to order that person to submit to a **physical or mental examination**. The examination must be done by a suitably licensed or certified examiner and the party who requested the examination must pay the examiner. The examiner is not responsible for treating the person and any communications with the examiner are *NOT* confidential.

Unlike other discovery procedures, **physical or mental examinations** can be obtained only by filing a motion with the Court or by agreement of the parties. If a motion is filed, it *must*:

1. Explain why there is a need for the examination; *and*

2. Specify the time, place, conditions, and scope of the proposed examination; *and*

3. Identify the person or persons who will conduct the examination.

WHAT HAPPENS TO THE RESULT OF THE EXAMINATION?

If the Court orders a mental or physical examination, the party or other person who is to be examined has the right to request a detailed written report from the examiner explaining the results of all exams.

Because a mental or physical examination may raise unforeseen issues the party that has obtained the examination may need to ask for other related information, such as medical records. The parties may request from each other similar reports of other examinations that they may possess.

If an examiner does not produce a report, the Court can exclude the examiner's testimony at trial.

These requirements apply to both court ordered reports and reports agreed to by both parties.

# CHAPTER 17
## WHAT CAN I DO IF THERE ARE PROBLEMS WITH DISCLOSURES OR DISCOVERY?

### WHAT IS THE FIRST STEP?

Confirm which judge will be handling your discovery dispute.  If your case is proceeding before a district judge, the district judge may refer your discovery dispute to a magistrate judge.  If your case is proceeding before a magistrate judge, the magistrate judge may also handle your discovery dispute.  If your discovery dispute will be handled by a magistrate judge, you should consult that judge's standing orders and follow the streamlined procedures for discovery disputes outlined in those orders.  Most discovery disputes in this District are handled by the submission of a joint letter from the parties together with exhibits.

All judges require you to contact the other side and try to resolve the issue before submitting the issue to the Court for resolution. Under Civil Local Rule 37-1(a), the Court will not hear any motions about disclosures or discovery unless the parties have previously tried to resolve all the issues on their own.

If your discovery dispute will not be decided through one of the Court's streamlined procedures, follow the instructions for the motion for a protective order and motion to compel outlined below.

### WHAT IF THE PARTIES CAN'T RESOLVE THE PROBLEM AND DISCOVERY IS STILL DUE?

If you receive a discovery request and you believe it is inappropriate or too burdensome, you may file a **motion for a protective order** under Rule 26(c) of the Federal Rules of Civil Procedure. A **protective order** is an order limiting discovery or requiring discovery to proceed in a certain way. A motion for a protective order must be filed in either the court where the lawsuit is being heard or in the federal district court in the district where a deposition in which an issue arises is being taken.

A motion for a protective order *must* include:

1. A certification that you have tried to confer in good faith with the other parties to resolve the dispute without help from the Court; *and*

2. An explanation of the dispute and what you want the Court to do; *and*

3. An explanation of the facts and law that make it appropriate for the Court to grant your motion.

### WHAT IF THE PARTIES ARE STUCK ON A PROBLEM IN THE MIDDLE OF A DISCOVERY EVENT?

A "discovery event" is any activity in which the parties meet to exchange discovery information. If a problem arises during a discovery event and you believe it would save a lot of time or expense if the problem were resolved immediately, Civil Local Rule 37-1(b) allows you to call the chambers of the judge who is assigned

to handle discovery in your case to request that he or she address the problem through a telephone conference with the parties. This may be the district judge or it may be a magistrate judge to whom the district judge has referred discovery in your case. Before calling the judge's chambers, though, you must first try to resolve the problem on your own.

## WHAT DO I DO IF A PARTY DOES NOT RESPOND, OR IF THE RESPONSE IS INADEQUATE?

When a dispute arises over disclosures or discovery responses, there are *two* types of motions that may be appropriate:

1. <u>A motion to compel</u>: a motion asking the Court to order a person to make disclosures or to respond to a discovery request, or to provide more detailed disclosures. See Rule 37 of the Federal Rules of Civil Procedure and Civil Local Rule 37-2.

2. <u>A motion for sanctions</u>: a motion asking the Court to punish a person for failing to make required disclosures, refusing to respond to a discovery request, or refusing to obey a court order to respond to a discovery request. See Federal Rule of Civil Procedure 37(b)-(f) and Civil Local Rule 37-4.

## HOW DO I FILE A MOTION TO COMPEL?

Under Rule 37(a)(2), a **motion to compel** a party to make disclosures or to respond to discovery must be filed in the court where the lawsuit is pending. A motion to compel a non-party to respond to discovery must be filed in the court in the district where the discovery is being taken. Read your judge's **standing orders** before filing a **motion to compel** — some judges do not allow these motions and have different procedures for resolving discovery disputes.

A motion to compel *must* include:

1. A certification that you have tried in good faith to resolve the problem without help from the Court; *and*

2. An explanation of the problem and what you want the Court to do; *and*

3. If the problem involves discovery, the complete text of each disputed discovery request immediately followed by the complete text of the objections or disputed responses to that request; *and*

4. An explanation of the facts *and* law that make it appropriate for the Court to grant your motion.

## WHO PAYS FOR EXPENSES OF MAKING THE MOTION TO COMPEL?

If the Court grants a motion to compel, the Court must make the person against whom the motion was filed pay the reasonable expenses involved in making the motion, including attorney's fees, *unless* the Court finds that:

1. The motion was filed without first making a good faith effort to obtain the disclosure or discovery without court action*; or*

2. The opposing party's nondisclosure, failure or objection was substantially justified*; or*

3. Other circumstances make an award of expenses unjust.

## UNDER WHAT CIRCUMSTANCES CAN I ASK FOR DISCOVERY SANCTIONS?

1. A MOTION FOR SANCTIONS MAY BE BROUGHT ONLY IF A PERSON FAILS TO:

   - Provide required disclosures*; or*

   - Obey a court order to respond to a discovery request*; or*

   - Appear for a deposition that has been properly noticed*; or*

   - Answer properly-served interrogatories*; or*

   - Respond to a properly-served request for document production or inspection.

2. PROCEDURAL REQUIREMENTS: A MOTION MUST BE:

- Filed as a separate motion; *and*

- Set for the normal 35-day briefing schedule before a hearing; *and*

- Made as soon as possible after you learn about the circumstances that made the motion appropriate; *and*

- May not be filed more than 14 days after entry of judgment.

3. A MOTION FOR SANCTIONS MUST CONTAIN:

- A certification that you have, in good faith, tried to resolve the problem without help from the Court; *and*

- An explanation of the problem and what you want the Court to do; *and*

- An explanation of the facts and law that support your motion; *and*

- Competent declarations that explain the facts and circumstances that support the motion; *and*

- Competent declarations that describe in detail the efforts you made to secure compliance without intervention by the Court; *and*

- If attorney's fees are requested, a **declaration** itemizing in detail the otherwise unnecessary expenses, including attorney's fees, directly caused by the alleged violation, and a justification for any attorney-fee hourly rate claimed.

## WHAT ARE THE COURT'S OPTIONS FOR DISCOVERY SANCTIONS?

If the Court grants a **motion for sanctions**, it may issue any order authorized by Rule 37(b)(2), including:

1. An order resolving issues of fact in favor of the party who made the motion; *or*

2. An order refusing to allow the disobedient person to support certain claims or defenses, or prohibiting that party from introducing certain evidence; *or*

3. An order striking certain documents or parts of documents from the case, or staying the lawsuit until the order is obeyed, or dismissing the lawsuit or any part of the lawsuit, or rendering a default judgment against the disobedient party; *or*

4. An order finding the disobedient party in **contempt of Court** for failing to obey an order, except an order to submit to a physical or mental examination.

In general, if a party fails to make required disclosures under Rule 26(a) or 26(e)(1), or to supplement a response under Rule 26(e), that party cannot use as evidence at the trial, at a hearing, or on any motion, any information or witness that was not disclosed. A party may be relieved of this restriction only by making a motion to the Court, unless the failure to disclose caused no harm to the other side's case. See Rule 37(c).

## WHO PAYS THE COST OF A MOTION FOR SANCTIONS?

If a Court grants a motion for sanctions, it must require the disobedient person or that person's lawyer, or both, to pay the other side's reasonable expenses, including attorney's fees, unless the Court finds that the conduct was substantially justified or that other circumstances make an award of expenses unjust. A party who does not have a lawyer may not receive an award of attorney's fees.

# CHAPTER 18
## WHAT IS A MOTION FOR SUMMARY JUDGMENT?

A **motion for summary judgment** asks the Court to decide a lawsuit without going to trial because there is no dispute about the key facts of the case. A case must usually go to trial because parties do not agree about the facts. When the parties agree upon the facts or if one party does not have any evidence to support its version of what actually happened, the Court can decide the issue based on the papers that are filed by the parties.

When the plaintiff files a **motion for summary judgment**, the goal is to show that the **undisputed facts** prove that the defendant violated the law. When defendants file a motion for summary judgment, the goal is to show that the undisputed facts prove that they did not violate the law. The overwhelming majority of summary judgment motions are filed by defendants. Successful summary judgment motions brought by plaintiffs are uncommon.

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment motions.

## FACTORS TO CONSIDER IN A SUMMARY JUDGMENT MOTION

1.  A motion for summary judgment can address the whole lawsuit or it can address one or more individual claims.

2.  If the summary judgment motion addresses the whole lawsuit, and the Court grants summary judgment, the lawsuit is over.

3.  Summary judgment will only be granted if under the evidence presented, a jury could not reasonably find in favor of the opposing party.

4.  The Court considers all of the admissible evidence from both parties.

5.  The Court considers evidence in the light most favorable to the party who does not want summary judgment.

6.  Denying summary judgment means that there is a dispute about the facts, not that the Court believes one side over the other.

7.  If the Court denies a motion for summary judgment, the case will go to trial unless the parties decide to compromise and end the case themselves through settlement.

8.  Many judges in this district permit only one motion for summary judgment per side for the entire case.

## WHEN IS A MOTION FOR SUMMARY JUDGMENT GRANTED?

Under Rule 56(a), the Court will grant summary judgment if:

1.  The evidence presented by parties in their papers shows that there is no real dispute about any "**material fact**" *AND*

2.  The undisputed facts show that the party who filed the motion should prevail (that is, the undisputed evidence proves/disproves the plaintiff's legal claim).

## HOW DO I OPPOSE A MOTION FOR SUMMARY JUDGMENT?

You may file an **opposition** to the motion for summary judgment in which you dispute the other side's version of the facts and present your own. The procedures for filing an opposition to the motion for summary judgment are the same as any other motion, and are described in Chapter 11, "What is a motion and how do I write or respond to one?" You can download an "Opposition to Motion Packet" with instructions at cand.uscourts.gov/Legal-Help-Center-Templates.

## WHAT DOES EACH SIDE NEED TO DO TO SUCCEED ON SUMMARY JUDGMENT?

1.  If the *plaintiff* files a motion for summary judgment, the plaintiff *must*:

    a.  *Provide admissible evidence.* Evidence includes things like sworn statements, medical records, and physical objects (evidence is "**admissible**" if federal law allows that evidence to be considered for the purpose for which it was offered) *AND*

    b.  *Show that the defendant does not have any admissible evidence that, if true, would prove any of the defendant's defenses to the plaintiff's claims.* Usually, this is done by showing that the defendant has admitted not having any other evidence.

2.  To counter the plaintiff's motion for summary judgment, the defendant must *either*:

   a. Submit admissible evidence showing that there is a factual dispute about one or more elements of the plaintiff's claims or the defendant's defenses; *OR*

   b. Show that the plaintiff has not submitted sufficient evidence to prove one or more elements of the plaintiff's claims.

3. If the ***defendant*** files a motion for summary judgment, the defendant ***must***:

   a. Show that the plaintiff does not have evidence necessary to prove one of the elements of the plaintiff's claim. For example, in a claim about a contract, one element that a plaintiff must prove is that the parties reached an agreement; another element is that each side agreed to provide something of value to the other. If the plaintiff cannot prove one of those elements, summary judgment may be granted in the defendant's favor on the plaintiff's claim for breach of contract; *OR*

   b. Show that there is no real factual dispute on any element of defendant's defenses against the plaintiff's claims. An **affirmative defense** is a complete excuse for doing what the defendant is accused of doing. For example, in a breach-of-contract case, evidence that it would have been illegal to perform the contract may be a complete defense.

4. To counter the defendant's motion for summary judgment, the plaintiff ***must***:

   a. Submit admissible evidence showing that the plaintiff does have sufficient admissible evidence to prove every element of his or her claims, or that there is a factual dispute about one or more key parts of the claims; *OR*

   b. Submit admissible evidence showing that there is a factual dispute about one or more key parts of the defendant's defenses, if the defendant originally moved for summary judgment. The plaintiff can simply point out that the defendant has not put forward admissible evidence needed to prove at least one element of its defenses.

## WHAT EVIDENCE DOES THE COURT CONSIDER FOR SUMMARY JUDGMENT?

1. The Court only considers **admissible evidence** provided by the parties.

2. Every fact that you rely upon must be supported by **admissible evidence**.

3. You should file copies of the evidence that you want the Court to consider when it decides a motion for summary judgment and refer to the evidence throughout your papers.

4. When you cite a document, you should point the Court to the exact page and line of the document where the Court will find the information that you think is important. The Court does not have to look at any evidence that is not mentioned in your briefs, even if you include it.

5. The Court will not search for other evidence that you may have provided at some other point in the case. You must present the evidence anew on the summary judgment motion.

## AFFIDAVITS AS EVIDENCE ON SUMMARY JUDGMENT

An **affidavit** (sometimes called a "**declaration**") is a statement of fact written by a witness and signed under oath. **Affidavits** and **declarations** may be used as evidence in supporting or opposing a motion for summary judgment. An affidavit (but not a declaration) must be sworn before a **notary public**. Under Rule 56(c) of the Federal Rules of Civil Procedure and Civil Local Rule 7-5, an affidavit or declaration submitted in summary judgment proceedings ***must***:

1. Be made by someone who has personal knowledge of the facts contained in the written statement (this means first-hand knowledge such as observing the events in question); ***and***

2. State facts that are admissible in evidence; ***and***

3. Show that the person making the statement is competent to testify to the facts contained in the statement.

Download blank declaration forms and a motion packet at cand.uscourts.gov/Legal-Help-Center-Templates.

## WHAT IS HEARSAY?

A declaration or affidavit based on **hearsay** is not admissible in federal court. **Hearsay** is "second-hand" evidence or a witness's statement about a fact that is based on something the witness heard from someone else. See Rules 801-807 of the Federal Rules of Evidence.

## HOW DO I AUTHENTICATE MY EVIDENCE

Some of your evidence may be in the form of documents such as letters, records, emails, contracts, etc. These documents are "**exhibits**" to your motion. Even if a document is, in principle, admissible under the Federal Rules of Evidence, a document may still not be admissible if you cannot prove it is genuine. Any exhibit that is submitted as evidence must be **authenticated** before it can be considered by the Court.

A document can be authenticated *either* by:

1. Submitting a statement under oath from someone who can testify from personal knowledge that the document is authentic; *or*

2. Demonstrating that the document is "**self-authenticating**" (examples include government publications and newspapers).

See Rules 901 & 902 of the Federal Rules of Evidence.

## WHAT IS A STATEMENT OF UNDISPUTED FACTS, AND WHY WOULD I FILE ONE?

A joint **statement of undisputed facts** is a list of facts that all parties agree are true, and it contains citations to the evidence that shows the judge that the facts are true. A statement is not a joint statement unless it is signed by all of the parties. All facts contained in a joint statement of undisputed facts will be taken as true by the Court.

Civil Local Rule 56-2 does not allow the submission of **separate** statements of undisputed facts without the Court's permission. Be sure to read your judge's standing order to see whether it addresses this subject.

## WHEN CAN A MOTION FOR SUMMARY JUDGMENT BE FILED?

1. A defendant may file a motion for summary judgment at any time, as long as the motion is filed before any deadline set by the Court for filing motions for summary judgment.

2. A plaintiff must wait at least 20 days after the complaint is filed before filing a motion for summary judgment, unless the defendant has already filed a motion for summary judgment by that date. Most motions for summary judgment rely heavily on evidence obtained in discovery, which means that summary judgment motions are usually not filed until several months after the complaint is filed.

## WHAT IF MY OPPONENT FILES A SUMMARY JUDGMENT MOTION BUT I NEED MORE DISCOVERY TO OPPOSE IT?

If you need specific discovery in order to provide more evidence to the Court showing why summary judgment should not be granted, you can file, *on or before the deadline for opposing the motion*, a request under Rule 56(d) of the Federal Rules of Civil Procedure for additional time to conduct discovery. Your request must be accompanied by an **affidavit** or **declaration** clearly setting out (1) the reasons why you do not already have the evidence you need to defeat summary judgment and (2) exactly what additional discovery you need and how it relates to the pending motion for summary judgment.

# CHAPTER 19
## WHAT HAPPENS AT TRIAL?

## WHAT KIND OF DISCLOSURES DO I HAVE TO GIVE THE OTHER PARTY BEFORE TRIAL?

Pretrial disclosures are intended to allow the parties to prepare adequately for trial and to avoid surprises. The tables in this section show the basic requirements. Read Rule 26(a)(2)&(a)(3) of the Federal Rules of Civil Procedure for more detailed information.

### 1. EXPERT DISCLOSURES: DISCLOSING YOUR EXPERT WITNESSES & THEIR OPINIONS

At least **90 days** before trial, you are required to give the other party information about any **expert witnesses** you intend to have present evidence at trial, and vice-versa. An **expert witness** is a person who has scientific, technical, or other specialized knowledge that can help the Court or jury understand the evidence. If you hired/specially employed the expert witness to give testimony in your case **OR** if the expert witness is your employee, the disclosure must include a written report prepared and signed by the expert witness (**expert report**) unless there is a Court order or the parties stipulate to a different plan.

| Timing | Expert disclosures must be made by the deadline ordered by the Court. |
| --- | --- |
| | If a specific deadline is not set, disclosures must be made at least 90 days before the trial date. |
| | If your expert disclosures are intended solely to contradict or rebut another party's previously disclosed expert disclosures, your disclosures must be made no later than 30 days after the disclosure made by the other party. |
| Content | Under Rule 26(a)(2)(B), the expert report must contain: |
| | 1. A complete statement of all opinions the expert witness intends to give at trial, and the basis and reasons for those opinions; **and** |
| | 2. Data or other information considered by the expert witness in forming those opinions; **and** |
| | 3. Any exhibits to be used as a summary or support for those opinions; **and** |
| | 4. Qualifications of the expert witness, including a list of all publications authored by the witness within the preceding 10 years; **and** |
| | 5. Compensation to be paid for the study and testimony of the expert witness; **and** |
| | 6. A list of all other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. |
| Form | Expert disclosures must be in writing, signed and served on all other parties to the lawsuit, *but not filed with the Court*. Your signature certifies that the disclosure is complete and correct as of time it is made, to the best of your knowledge. |
| Duty to Supplement | Rule 26(e)(1) & e(2) require you to supplement your expert disclosures if you learn that the information you disclosed is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. |
| | Any supplement to your expert disclosures must be served no later than the time your pretrial disclosures under Rule 26(a)(3) (discussed below) are due. |

### 2. PRETRIAL DISCLOSURES: WITNESS & EXHIBIT LISTS

At least **30 days** before trial, you are required to disclose certain information about witnesses and **evidence** that you will present at trial. See Rule 26(a)(3).

| Timing | Witness and exhibit lists should be served on all parties *and filed with the Court* at least 30 days before trial, unless otherwise ordered by the Court. |
| --- | --- |

| | |
|---|---|
| **Content** | The following information about the witnesses, documents and other exhibits you may use at trial should be included in your pretrial disclosures:<br><br>**1.** Name, address, and telephone number of each witness. Identify separately:<br><br>    **a.** The witnesses you intend to present at trial, *AND*<br><br>    **b.** The witnesses you *might* present at trial, if the need arises.<br><br>**2.** The identities of the witnesses whose testimony you expect to present at trial by means of a deposition rather than live testimony. Can also include a transcript of the relevant portions of the deposition.<br><br>**3.** Identification of each document or exhibit that you may use at trial. Identify separately:<br><br>    **a.** The exhibits you intend to use at trial, *AND*<br><br>    **b.** Those which you *might* use if the need arises.<br><br>**4.** Witnesses and documents offered only to impeach the other side's witnesses need not be disclosed. |
| **Form** | Pretrial disclosures must be in writing, signed and served on all other parties to the lawsuit *and filed with the Court*. Your signature certifies that the disclosure is complete and correct as of time it is made, to the best of your knowledge. |

## WHAT IS THE DIFFERENCE BETWEEN A JURY TRIAL AND A BENCH TRIAL?

In a **jury trial**, a jury reviews the evidence presented by the parties, figures out which evidence to believe, and decides what it thinks actually happened. The Court will instruct the jury about the law, and the jury will apply the law to the facts. A jury trial may be held when:

1. The lawsuit is a type of case that the law allows to be decided by a jury *AND*

2. At least one of the parties asked for a jury trial before the deadline for doing so. A party who does not make a demand for a jury trial on time forfeits that right. See Rule 38 of the Federal Rules of Civil Procedure.

In a **bench trial** (also sometimes known as a **court trial**), there is no jury. The judge determines the law and the facts and who wins on each claim. A bench trial is held when:

1. None of the parties asked for a jury trial (or did not request one in time); *or*

2. The lawsuit is a type of case that the law does not allow a jury to decide; *or*

3. The parties have agreed that they do not want a jury trial.

## WHEN DOES THE TRIAL START?

The judge sets the date on which the trial will begin. Often, this happens at the **case management conference** but sometimes the trial date will not be chosen until later in the case. In this Court, trial is usually scheduled to begin within 18 months after the complaint is filed.

## HOW DO I PREPARE FOR TRIAL?

When setting the trial date, the judge usually enters an order setting pretrial deadlines for filing or submitting various documents associated with the trial. For example, the judge will set dates for submitting copies of exhibits, objections to exhibits, and **proposed jury instructions**. If the judge does not, follow the deadlines set forth in the table on the preceding page. Usually, the judge will set a date for a **pretrial conference** shortly before trial, at which the judge and the parties will go over the procedure for the trial and resolve any final issues that have arisen before trial.

The Court's orders may also set a deadline ("cut-off date") for filing **motions in limine**. A motion in limine asks the Court to decide whether specific evidence can be used at trial. See Rules 103 & 104 of the Federal Rules of Evidence.

Besides submitting documents, you also need to arrange for all of your witnesses to be present at trial. If a witness does not want to come to trial, you can serve that witness with a **trial subpoena**. A trial subpoena is a court document which requires a person to come to Court and give testimony on a particular date. Generally, the same rules that apply to subpoenas for deposition witnesses (see Chapter 16) also apply to trial subpoenas.

**DIAGRAM  X. TIMELINE OF A TRIAL**



## Jury Selection

The goal of **jury selection** is to select a jury that can serve for the whole trial and be fair and impartial through a process called **voir dire**, during which potential jurors are questioned by the attorneys and the judge in the courtroom and/or through a questionnaire. The questions are designed to bring out any biases that the juror may have that would prevent fair and impartial service on that jury. Sometimes the judge lets the lawyers for each party (or any party who does not have a lawyer) ask additional questions.

There are three ways a potential juror can be excused:

1. Once questioning is completed, the judge will excuse those potential jurors whom the judge believes will not be able to perform their duties as jurors because of financial or personal hardship or other reasons.

2. **Challenge for cause**: The parties will then have an opportunity to convince the judge that other potential jurors should be excused because they are too biased to be fair, or cannot perform their duties as jurors for other reasons.

3. **Peremptory challenges**: After all the potential jurors that have been challenged for cause have been excused, the parties have an opportunity to use peremptory challenges to dismiss a limited number of additional jurors without having to give any reason.

After the jury is chosen, the judge will read general **instructions** to the jury about their duties as jurors, how to deal with evidence, and about the law that applies to the lawsuit that they are about to hear.

## OPENING STATEMENTS

In **opening statements**, each party describes the issues in the case and states what they expect to prove at trial. It helps the jury understand what to expect and what each side considers important. The opening statements must not mention any evidence or issues that the judge has excluded from the trial.

## IN THE TRIAL, WHICH SIDE PUTS ON WITNESSES FIRST?

After the opening statements:

1. <u>Plaintiff's Case</u>: the plaintiff presents his or her side of the case to the jury first.

   a. **Direct Examination**: the plaintiff begins by asking a witness all of his or her questions.

   b. **Cross-Examination**: the opposing party then has the opportunity to cross-examine the witness by asking additional questions about the topics covered during the direct examination.

   c. **Re-Direct Examination**: the plaintiff can ask additional questions, but only about the topics covered during the cross-examination. A judge will allow this process to continue until both sides state that they have no further questions for the witness.

2. <u>Defendant's Case</u>: the plaintiff will present all of his or her evidence before the defendant has a turn to put on his or her own case.

## WHAT IF THE OTHER SIDE WANTS TO PUT ON IMPROPER EVIDENCE?

All evidence that is presented by either party during trial must be **admissible** according to the Federal Rules of Evidence and the judge's rulings on the parties' **motions in limine**. If one party presents evidence that is not allowed under the Federal Rules of Evidence or asks improper questions of a witness, the opposing party may object. If the opposing party does not object, the judge may allow the improper evidence to be presented. At this point, the other party will not be able to challenge that decision on appeal. It is the parties' responsibility to bring errors to the trial judge's attention and to give the judge an opportunity to fix the problem through **objections**.

## HOW IS AN OBJECTION MADE AND HANDLED?

1. STAND AND BRIEFLY STATE YOUR OBJECTION TO THE JUDGE. You may object while the other party is presenting evidence. Make sure to contain the basis for your objection. For example, "Objection, your honor, inadmissible hearsay."

2. <u>DO NOT GIVE ARGUMENTS UNLESS THE JUDGE ASKS YOU TO EXPLAIN YOUR OBJECTION</u>.

3. SIDEBAR CONFERENCE. The judge may ask you to come up to the **bench**, away from the jury's hearing to discuss the issue with you quietly (called a "**side bar**").

4. THE JUDGE WILL EITHER SUSTAIN OR OVERRULE THE OBJECTION.

If the judge **SUSTAINS the objection**, the evidence will not be admitted or the question may not be asked.

If the judge **OVERRULES the objection**, the evidence will be admitted or the question may be asked.

## WHAT IS A MOTION FOR JUDGMENT AS A MATTER OF LAW, AND WHEN CAN IT BE MADE?

Under Rule 50(a) of the Federal Rules of Civil Procedure, in a jury trial either party may make a **motion for judgment as a matter of law** after the plaintiff has presented all of his or her evidence. A motion for judgment as a matter of law asks the judge to decide the outcome of the case without assistance from the jury because either:

- The plaintiff has proven enough facts to be entitled to judgment no matter what evidence the defendant is able to bring (plaintiff's motion) *or*

- All of plaintiff's evidence, even if true, could not persuade a reasonable jury to decide in the plaintiff's favor (defendant's motion).

## WHEN DOES THE DEFENDANT GET TO PRESENT HIS OR HER CASE?

If a judge does not grant a **motion for judgment as a matter of law** or the judge puts off the ruling until a later time, the case moves forward. In that case, after the plaintiff has completed examining each of his or her witnesses, the defendant then presents all of the witnesses that support his or her defenses to the plaintiff's case. A defendant puts on their case through the Direct Examination, Cross-Examination, and Re-Direct Examination procedures described above.

## WHAT IS REBUTTAL?

**Rebuttal** is the final stage of presenting evidence at trial. It begins after both sides have had a chance to present their cases. In the rebuttal stage, whichever party has the **burden of proof** (usually the plaintiff) tries to attack or explain the opposing party's evidence. This evidence is called rebuttal evidence. Rebuttal is limited to countering only what the other side argued as evidence; entirely new arguments may not be made during rebuttal. For example, a rebuttal witness might testify that the other party's witness could not have seen the events he reported to the Court. So, after the defendant has finished examining each of his or her witnesses, the plaintiff may call a new witness to show that one of those witnesses was not telling the truth.

## WHAT HAPPENS AFTER BOTH SIDES HAVE FINISHED PRESENTING THEIR EVIDENCE?

After all evidence has been presented, either party may make a motion for judgment as a matter of law under Rule 50(a) of the Federal Rules of Civil Procedure. See "What Is A Motion For Judgment As A Matter Of Law, And When Can It Be Made?" above. If the Court grants a motion for judgment as a matter of law on all of the claims in the case, the trial is over.

Otherwise, the Court next hears **closing arguments**. Each party may present a **closing argument** that summarizes the evidence and argues how the jury or, in a **bench trial**, the judge should decide the case based on that evidence. In jury trials, the judge then instructs the jury about the law and the jury's duties, and then the jury goes into the jury room to **deliberate**.

## IN A JURY TRIAL, WHAT DOES THE JURY DO AFTER CLOSING ARGUMENTS?

After closing arguments, the jury goes into the jury room and discusses the case in private. This process is called "**deliberating**." The jury discusses the claims, the evidence and the legal arguments and tries to agree about which party should win on each claim. Because the decision of the jury must be unanimous in federal court trials, the jurors must make every effort to deliberate until they all agree.

When the members of the jury reach their decision ("**verdict**"), they fill out a **verdict form** and let the judge know that they have completed their deliberations. The judge will then bring the jury into the courtroom and the verdict will be read aloud.

The Court next issues a written **judgment** announcing the verdict and stating the **remedies** that will be ordered. When the judgment on a jury verdict is issued, the case is usually over. In some cases, one or more parties files post-trial motions. These can include a renewed motion for judgment as a matter of law or a motion for a new trial.

## IN A BENCH TRIAL, WHAT DOES THE JUDGE DO AFTER CLOSING ARGUMENTS?

The judge will end ("**adjourn**") the trial after closing arguments. The judge will review the evidence and write findings of facts and conclusions of law. The Court will then issue a written judgment stating the remedies that will be ordered. The Court's **findings of fact and conclusions of law** and judgment are usually mailed to the parties. When judgment is entered, the case is over unless the Court grants a motion for a new trial or one or more parties takes an appeal to the **Court of Appeals** — in our district, the United States Court of Appeals for the Ninth Circuit. See "What about an appeal?" in Chapter 20.

# CHAPTER 20
## WHAT CAN I DO IF I THINK THE JUDGE OR JURY MADE A MISTAKE?

There are a number of different procedures in the trial court that you can use if you believe the judge or jury made a serious mistake in your lawsuit. In addition, you can **appeal** the final judgment, which is not covered in detail in this Handbook. Information for pro se litigants is available on the website of the Ninth Circuit Court of Appeals at ca9.uscourts.gov/open_case_prose/.

## WHAT IS A MOTION FOR RECONSIDERATION AND HOW IS ONE MADE?

A **motion for reconsideration** asks the Court to consider changing a previous decision. A motion for reconsideration must be made *before* the trial court enters a judgment. See Civil Local Rule 7-9.

A party cannot file a motion for reconsideration without permission from the Court. Therefore, before filing a motion for reconsideration, the party must file a **motion for leave to file a motion for reconsideration**. The party seeking permission must show to the Court:

- The facts or law that the parties previously presented to the Court were wrong in an important way and could not have been reasonably discovered at the time of the Court's order; *OR*

- Important new facts have emerged or a significant change in the law has occurred since the order was entered; *OR*

- The Court clearly failed to consider material facts or key legal arguments that were presented to the Court before the order was issued.

A motion for permission to file a motion for reconsideration may not simply repeat arguments made previously to the Court. If you file such a motion, the Court may impose **sanctions** on you.

No response needs to be filed to a motion for permission to file a motion for reconsideration unless the Court requests it.

If the Court grants a motion for permission to file a motion for reconsideration, the motion will be scheduled for hearing on the normal 35-day motion schedule, unless the Court sets a different schedule. The parties may file opposition and reply briefs, as with any other motion.

If the Court grants a motion for reconsideration, it will **vacate** the original order, which will have no further effect. The Court either will issue an entirely new order or an amended version of the original order.

## WHAT ARE POST-JUDGMENT MOTIONS AND HOW ARE THEY USED?

After the entry of judgment, there are several motions provided for by the Federal Rules of Civil Procedure that the (usually) losing party can consider making.

### RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

After a jury trial, if you believe the jury made a serious mistake and you had made a motion for judgment as a matter of law earlier that was denied, you may make a **renewed motion for judgment as a matter of law** under Rule 50(b) of the Federal Rules of Civil Procedure. You can only make a renewed motion if you have made a motion for judgment as a matter of law at the close of all evidence.

A renewed motion for judgment as a matter of law must be filed no later than 10 days after entry of judgment. The renewed motion must argue that the jury erred in reaching the decision that it made because under all the evidence presented, no reasonable jury could have reached that decision.

When the Court rules on a renewed motion for judgment as a matter of law, it may:

- Refuse to disturb the verdict

- Grant a new trial

- Direct entry of judgment as a matter of law

## MOTION FOR A NEW TRIAL

After a jury trial or a bench trial, either party may file a **motion for a new trial**. A motion for a new trial asks for a complete re-do of the trial, either on every claim or on just some of them, because the first trial was flawed. The way the motion is handled differs slightly between bench and jury trials:

> *After a jury trial*, the Court is permitted to grant a motion for a new trial if the jury's verdict is against the *clear weight of the evidence*.

- The judge weighs the evidence and assesses the credibility of the witnesses. The judge is not required to view the evidence from the perspective most favorable to the party who won with the jury.

- The judge will not overturn the jury's verdict unless, after reviewing all the evidence, he or she is definitely and firmly convinced that a mistake has been made.

- If the Court grants the motion for a new trial, a new trial will be held with a new jury, and the trial is conducted as if the first trial had never occurred.

> *After a bench trial*, the Court is permitted to grant a motion for a new trial if the judge made a clear legal error or a clear factual error, or there is newly-discovered evidence that could have affected the outcome of the trial.

If the Court grants the motion for a new trial, the Court need not hold an entirely new trial. Instead, it can take additional testimony, amend the findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

## MOTION TO AMEND OR ALTER THE JUDGMENT

Either party can also file a **motion to amend or alter the judgment**; this type of motion asks the judge to change something in the final judgment because of errors during the trial. It can be granted if:

- The Court is presented with newly discovered evidence; *OR*

- The Court has committed clear error; *OR*

- There is an intervening change in the controlling law.

Both types of motions must be filed no later than 10 days after entry of the judgment. See Rule 59 of the Federal Rules of Civil Procedure.

## MOTION FOR RELIEF FROM JUDGMENT OR ORDER

A **motion for relief from judgment or order** under Rule 60 of the Federal Rules of Civil Procedure does not argue with the Court's decision. Instead, it asks the Court not to require the party to obey it.

Rule 60(a) allows the Court to correct clerical errors in judgments and orders at any time, on its own initiative, or as the result of a motion filed by one of the parties. This authority is usually viewed as limited to very minor errors, such as typos. If an appeal has already been docketed in the Court of Appeals, the error may be corrected only by obtaining permission from the Court of Appeals.

Rule 60(b), however, permits any party to file a motion for relief from a judgment or order for any of the following reasons:

- Mistake, inadvertence, surprise, or excusable neglect; *or*

- Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); *or*

- Fraud, misrepresentation, or other misconduct by an opposing party; *or*

- The judgment is void; *or*

- The judgment has been satisfied, released, or discharged, or a prior judgment upon which it has been based has been reversed or otherwise vacated, or it is no longer fair that the judgment should be applied; *or*

- Any other reason justifying relief from the judgment. Relief will be granted under this last category only under extraordinary circumstances.

A motion based on the first three reasons must be made within one year after the judgment or order was entered. A motion based on the other three reasons must be made within a reasonable time.

## How Can A Magistrate Judge's Decision Be Reviewed?

Special rules sometimes apply to decisions by magistrate judges.

Consent Cases: If the parties consented to have the magistrate judge hear the entire case (see Chapter 6 for a full explanation of the consent process), then the options for review are exactly the same as if the case were assigned to a district judge — a motion for reconsideration, the post-judgment motions listed above, and appeal to the Ninth Circuit Court of Appeals (see below).

Non-Consent Cases: If one or more of the parties did not consent, then when a magistrate judge enters orders in the case, he or she does so because the assigned district judge has referred a motion or process (such as the discovery process) to the magistrate judge. In this situation, the district judge is called the **referring judge** and the magistrate judge is called the **referral judge**.

A party's objections to the magistrate judge's order must be filed with the judge who referred the matter no later than 14 days after the party is served with a copy of the magistrate judge's order. The other party or parties need not file a response to the objections unless the referring judge sets a briefing schedule.

If the judge does not set a briefing schedule or deny the objections within 14 days after the objections are filed, the objections are automatically considered **denied**. If the referring judge requests the opposing party to respond to the objections, the referring judge must set aside, vacate, or change any part of the magistrate judge's order that he or she finds is clearly erroneous or contrary to law.

## What If The Parties Did Not Consent To A Magistrate Judge?

If the parties did not consent to the referral of the matter to the magistrate judge, then Rule 72 of the Federal Rules of Civil Procedure, Civil Local Rules 72-2 or 72-3 and General Order 42 apply. In such cases, the magistrate judge often prepares a **report and recommendation** for the referring judge.

If you think the magistrate judge's order or report contains an error, the procedure for seeking review will be either to file a motion or written objections within 14 days of filing of the magistrate judge's order or report. Please read the **local rules** carefully and, if possible, seek the help of a **Legal Help Center** attorney (Chapter 2) in determining the correct procedure in your case. The motion or objections should be limited to the specific portions of the order or report you believe contains an error. When filing objections or responses to objections, either party may also file a motion asking the judge to hear additional evidence not considered by the magistrate judge.

The referring judge may make a "**de novo review**" of any portion of the magistrate's report to which an objection has been made, meaning that the judge will review the issues in those portions of the report from scratch and make his or her own decision. Unless the judge grants a motion to consider additional evidence not considered by the magistrate judge, the judge will consider only the evidence that was presented to the magistrate judge.

The judge may accept, reject, or modify the magistrate judge's recommendation, or send the matter back to the magistrate judge for further review with additional instructions.

## What Is An Appeal And How Is An Appeal Filed?

All final judgments can be appealed to the United States Court of Appeals for the Ninth Circuit. Most orders issued before judgment ("**interlocutory orders**") cannot be appealed until a final judgment is entered. Some of the few interlocutory orders that can be appealed are listed under 28 U.S.C. § 1292.

Just as the Federal Rules of Civil Procedure set forth the procedures for litigating a lawsuit in this Court, the Federal Rules of Appellate Procedure set forth the procedures for litigating an appeal in the Ninth Circuit. See Rules 3 through 6 of the Federal Rules of Appellate Procedure and Ninth Circuit Rules 3-1 through 5-2.

- Federal Rules of Appellate Procedure can be found at any law library or online at uscourts.gov/RulesAndPolicies/FederalRulemaking/RulesAndForms.aspx or law.cornell.edu/rules/frap

- The Ninth Circuit's Local Rules can be found at the Ninth Circuit Clerk's Office or online at ce9.uscourts.gov

TIMING. An appeal must be filed within *30 days after entry of judgment* (or order being appealed). Exceptions to this rule are few. If you plan to appeal, it is very important to calendar this deadline and meet it. The process for starting an appeal is the filing of a notice of appeal in the District Court (this Court) together with the $505 filing fee. The fee may be waived under certain conditions. See Rule 24 of the Federal Rule of Appellate Procedure. The Clerk's Office then transmits the appeal and the case file to the Court of Appeals, which opens a new file with a new case number; all proceedings on appeal are then handled by the judges and the clerk of the Court of Appeals.

Information for pro se litigants is available at ca9.uscourts.gov/open_case_prose/.

# GLOSSARY

| | |
|---|---|
| ACTION | Another term for **lawsuit** or **case**. |
| ADMISSIBLE EVIDENCE | Evidence that can properly be introduced at trial for the judge or jury to consider in reaching a decision; the Federal Rules of Evidence govern the admissibility of evidence in federal court. |
| ADR (ALTERNATIVE DISPUTE RESOLUTION) | A Court-sponsored program offering methods by which a complaint can be resolved outside of traditional court proceedings. The Northern District's ADR Multi-Option Program (ADRMOP) uses three ADR processes: (1) **early neutral evaluation**; (2) **mediation**; and (3) **settlement conference**. |
| ADR CERTIFICATION | A form you are required to sign, serve, and file with the Court affirming that you have read the Court's ADR pamphlet, discussed ADR options with the other parties, and considered whether your case might benefit from any form of alternative dispute resolution. |
| ADJOURN, ADJOURNMENT | To bring a proceeding to an end, such as a court calendar or trial. |
| AFFIDAVIT | A statement of fact written by a witness, which the witness affirms to be true before a notary public. |
| AFFIRMATIVE DEFENSES | Allegations included in the answer that, under legal rules, defeat all or a portion of the plaintiff's claim. |
| ALLEGATION | An assertion of fact in a complaint or other pleading. |
| AMEND (A DOCUMENT) | To alter or change a document that has been filed with the Court, such as a complaint or answer, by filing and serving a revised version of that document. Certain documents cannot be amended without prior approval of the Court. |
| AMENDED PLEADING (COMPLAINT OR ANSWER) | A revised version of the original complaint or answer that has been filed with the Court. |
| AMOUNT IN CONTROVERSY | The dollar value of how much the plaintiff is asking for in the complaint. |
| ANSWER | The written response to a complaint. An "answer on the merits" challenges the complaint's factual accuracy. |
| APPEAL | To seek formal review of a district court judgment by the Court of Appeals. |
| APPLICATION TO PROCEED IN FORMA PAUPERIS (IFP) | A form filed by the plaintiff asking permission to file the complaint without paying the entire filing fee at the start of the case, but instead to pay in installments. The plaintiff must establish an inability to pay the whole fee. |
| ARBITRATION | A form of alternative dispute resolution, overseen by a judge or arbitrator, in which the parties argue their positions in a trial-like setting that lacks some of the formalities of a full trial. |
| ARBITRATOR | The neutral third party who presides at arbitration, usually an attorney. |
| AWARD | The sum of money or other relief to which an arbitrator rules the winning party in an **arbitration** is entitled. |
| BENCH | The large desk in the courtroom where the judge sits. |
| BENCH TRIAL | A trial in which the judge, rather than the jury, determines the law, the facts, and the verdict of the lawsuit. A bench trial is also known as a "court trial." |
| BREACH | Failure to perform a legal obligation. |
| BRIEF | A document filed with the Court arguing for or against a motion. |
| BURDEN OF PROOF | Under legal rules, one party or the other bears responsibility for proving or disproving one or more elements of a claim. What must be proven or disproven is the burden of proof. |
| CAPTION | A formatted heading on the first page of every document filed with the Court, listing the parties, the name of the case, and other identifying information. The specific information that must be included in the caption is explained in Rule 10(a) of the Federal Rules of Civil Procedure and this Court's Civil Local Rule 3-4. |
| CAPTION PAGE | The cover page of the document containing the caption. It is always the first page of any document a party to a lawsuit files with the Court. |
| CASE | Another term for lawsuit or action. |
| CASE FILE | A file in which the original of every document manually filed with the Court is kept. E-filed documents are generally not placed in the case file. |

| | |
|---|---|
| **CASE MANAGEMENT CONFERENCE (CMC)** | A court proceeding at which the judge, with the help of the parties, sets a schedule for various events in the case. |
| **CASE MANAGEMENT ORDER** | The Court's written order scheduling certain events in the case. |
| **CASE MANAGEMENT STATEMENT** | A statement filed by the parties providing information to be discussed at the case management conference. |
| **CERTIFICATE OF SERVICE** | A document showing that a copy of a particular document — for example, notice of motion — has been mailed or otherwise provided to (in other words, "served on") all of the other parties in the lawsuit. |
| **CHALLENGE FOR CAUSE** | A request by a party that the Court excuse a juror whom they believe to be too biased to be fair and impartial, or unable perform his or her duties as a juror for other reasons. |
| **CHAMBERS** | The private offices of an individual judge and the judge's "chambers staff"—usually an administrative assistant and law clerks. |
| **CHAMBERS COPY** | A paper copy of a case document delivered to the Court for the judge's use. |
| **CITATION** | A reference to a law, rule, or case. |
| **CLAIM** | A statement made in a complaint, in which the plaintiff(s) argue that the defendant(s) violated the law in a specific way; sometimes called a **count**. |
| **CLOSING ARGUMENTS** | An oral statement by each party summarizing the evidence and arguing how the jury (or, in a **bench trial**, the judge) should decide the case. |
| **COMPLAINT** | A legal document in which the plaintiff tells the Court and the defendant how and why the defendant violated the law in a way that has caused harm to the plaintiff. |
| **COMPULSORY COUNTERCLAIM** | A **claim** by the defendant against the plaintiff that is based on the same events or transactions as the plaintiff's claim against the defendant. |
| **CONTEMPT OF COURT** | Acts found by the Court to be committed in willful violation of the Court's authority or dignity, or to interfere with or obstruct its administration of justice. |
| **CONTINUANCE** | An extension of time ordered by the Court. |
| **COUNSEL** | Attorney(s); lawyer(s). |
| **COUNT** | Sometimes used instead of **claim**. |
| **COUNTERCLAIM** | A defendant's complaint against the plaintiff, filed in the plaintiff's case. |
| **COURT OF APPEALS** | A court that hears appeals from the district courts located within its circuit, as well as appeals from decisions of federal administrative agencies. This Court's decisions are appealed to the Ninth Circuit Court of Appeals. |
| **COURT REPORTER OR STENOGRAPHER** | A person specially trained and licensed to record testimony in the courtroom or, in the case of depositions, another location. |
| **COURTROOM DEPUTY** | A Court employee who assists the judge in the courtroom and usually sits at a desk in front of the judge. |
| **COURT TRIAL** | A trial (also known as a "**bench trial**") in which the judge, rather than the jury, determines the law, the facts, and the verdict of the lawsuit. |
| **CROSSCLAIM** | A new claim bringing a new party into the case or asserting a claim against a co-party (by a plaintiff against a co-plaintiff or by a defendant against a co-defendant). |
| **CROSS-EXAMINATION** | The opposing party's questioning of a witness following direct examination, generally limited to the topics covered during the direct examination. |
| **DAMAGES** | The money that can be recovered in the courts by the plaintiff for the plaintiff's loss or injury due to the defendant's violation of the law. |
| **DELIBERATE** | The process in which the jury discusses the case in private and makes a decision about the verdict. See also **jury deliberations**. |

| | |
|---|---|
| DE NOVO REVIEW | A Court's complete review and re-determination the matter before it from the beginning; for example, a referring judge's de novo review of a magistrate judge's **report and recommendation** includes considering the same evidence reviewed by the magistrate judge and reaching an independent conclusion. |
| DECLARATION | A written statement signed under penalty of perjury by a person who has personal knowledge that what he or she states is true; declarations may contain only facts, and may not contain law or argument. The person who signs a declaration is called a **declarant**. |
| DEFAULT | A defendant's failure to file an answer or other response within the required amount of time, after being properly served with the complaint. |
| DEFAULT JUDGMENT | A judgment entered against a defendant who fails to respond to the complaint. |
| DEFENDANT | The person, company or government agency against whom the plaintiff makes claims in the complaint. |
| DEFENDANT'S TABLE | The table where the defendant sits, usually the one further from the jury box. |
| DEFENSES | The reasons given by the defendant why the plaintiff's claims should be dismissed. |
| DEPONENT | The person who answers the questions in a **deposition**; a deponent can be any person who may have information about the lawsuit, including one of the other parties to the lawsuit. |
| DEPOSITION | A question-and-answer session, before trial and outside the courtroom, in which one party to the lawsuit asks another person, who is under oath, questions about the events and issues in the lawsuit. The process of taking a **deposition** is called **deposing**. |
| DEPOSITION NOTICE | A notice served on the **deponent** specifying the time and place of the **deposition**. |
| DEPOSITION SUBPOENA | See **subpoena**. |
| DIRECT EXAMINATION | The process during a trial in which a party calls witnesses to the witness stand and asks them questions. |
| DISCLOSURES | Information that each party must automatically give the other parties in a lawsuit. |
| DISCOVERY | The formal process by which a party to a lawsuit asks other people to provide information about the events and issues in the case. |
| DISCOVERY PLAN | The joint proposed discovery plan required by Rule 26(f) of the Federal Rules of Civil Procedure, which must include the parties' views about, and proposals for, how discovery should proceed in the lawsuit. |
| DISTRICT JUDGE | A federal judge who is nominated by the President of the United States and confirmed by the United States Senate to a lifetime appointment. |
| DIVERSITY JURISDICTION | A basis for federal court jurisdiction in lawsuits in which none of the plaintiffs live in the same state as any of the defendants and the amount in controversy exceeds $75,000. |
| DIVISION | The Northern District of California has several divisions among which the Court's caseload is divided: San Francisco, Oakland, San Jose and Eureka-McKinleyville. |
| DOCKET | The computer file for each case, maintained by the Court, listing the title of every document filed, the date of filing and docketing of each document and other information. |
| DOCKET CLERK | Also known as "case systems administrator," a court staff member who enters documents and case information into the court docket. |
| DROP BOX | A secure depository where documents can be left for filing by the Clerk of Court when the Clerk's Office is closed to the public. |
| EARLY NEUTRAL EVALUATION | An ADR process in which a specially-trained lawyer who is usually an expert in the subject matter of the case provides the parties with a non-binding assessment of the merits, and may also help with settlement discussions. |
| ELECTRONIC CASE FILING (ECF) | Also known as "e-filing," the process of submitting documents to the Court for filing and serving them on other parties electronically through the Internet. The United States Courts use an e-filing system called "Electronic Case Filing" or "ECF." |

| | |
|---|---|
| ECF HELPDESK | A court staff member with ECF expertise who helps ECF users with technical problems (by phone or email). |
| ELEMENT (OF A CLAIM OR DEFENSE) | An essential component of a legal claim or defense. |
| ENTRY OF DEFAULT | A formal action taken by the Clerk of Court in response to a plaintiff's request when a defendant has not responded to a properly-served complaint; the Clerk must enter default against the defendant before the plaintiff may file a motion for default judgment. |
| EVIDENCE | Testimony, documents, recordings, photographs and physical objects that tend to establish the truth of important facts in a case. |
| EX PARTE MOTION | A motion that is filed without notice to the opposing party. |
| EX PARTE | Without notice to the other parties and without their being present (as in a written or telephone communication with the Court). |
| EXHIBITS | Documents or other materials that are presented as evidence at trial or as attachments to motions or declarations. |
| EXPERT DISCLOSURES | The disclosures required by Rule 26(a)(2) to the other parties of the identity of, and additional information about, any expert witnesses who will testify at trial. |
| EXPERT REPORT | A written report signed by an expert witness that must accompany the expert disclosures for any expert witness; Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure lists what must be included in an expert report. |
| EXPERT WITNESS | A person who has scientific, technical, or other specialized knowledge that can help the Court or the jury understand the evidence. |
| FEDERAL QUESTION JURISDICTION | Federal courts are authorized to hear lawsuits in which at least one of the plaintiff's claims arises under the Constitution, laws, or treaties of the United States. |
| FEDERAL RULES OF CIVIL PROCEDURE | The procedural rules that apply to every federal district court in the United States. |
| FEDERAL RULES OF EVIDENCE | The rules for submitting, considering and admitting evidence in the federal courts. |
| FILING | The process by which documents are submitted to the Court and entered into the case docket. |
| FILING FEE | The amount of money the Court charges the plaintiff to file a new lawsuit. |
| FINDINGS OF FACT AND CONCLUSIONS OF LAW | A statement issued by a judge explaining what facts he or she has found to be true and the legal consequences to be included in the judgment; it concludes a bench trial once all evidence has been submitted and all arguments have been presented. |
| FRAUD | The act of making a false representation of a past or present fact on which another person relies, resulting in injury (usually financial). |
| GOOD FAITH | Having honesty of intention; for example, negotiating in good faith would be to come to the table with an open mind and a sincere desire to reach an agreement. |
| GROUNDS | The reason or reasons for requesting action by the Court. |
| HEARING | A formal proceeding before the judge for the purpose of resolving one or more issues. |
| HEARSAY | A statement offered to prove the truth of the matter asserted in the statement. |
| IMPEACHMENT | To call into question a witness's truthfulness or credibility. |
| IN FORMA PAUPERIS (IFP) | See **application to proceed in forma pauperis**. |
| IN PROPRIA PERSONA | Often shortened to "pro se"; Representing oneself; Latin for "in his or her own person." |
| INITIAL DISCLOSURES | The disclosures that the parties are required to serve within 14 days after their Rule 26(f) conference. |
| INTERLOCUTORY ORDER | Court orders issued before judgment. |
| INTERROGATORIES | Written questions served on another party in the lawsuit, which must be answered (or objected to) in writing and under oath. |

| INTRADISTRICT ASSIGNMENT | The assignment by the Clerk's Office of a lawsuit to one of the Court's divisions (San Francisco, Oakland, San Jose or Eureka-McKinleyville) under Civil Local Rule 3-4(b). |
|---|---|
| ISSUE SUMMONS | What the Clerk of Court must do before a summons is valid for service on a defendant. |
| JOINT CASE MANAGEMENT CONFERENCE (CMC) STATEMENT | A court-approved form the parties are asked to complete jointly and file before the initial case management conference. |
| JUDGMENT | A final document issued by the Court stating which party wins on each claim. Unless there are post-judgment motions, the entry of judgment closes the case. |
| JURISDICTION | See **diversity jurisdiction** and **subject matter jurisdiction**. |
| JURY BOX | The rows of seats, usually located against a side wall in a courtroom and separated from the well of the courtroom by a divider, where the jury sits during a trial. |
| JURY DELIBERATIONS | The process in which the jury, after having heard all the evidence, closing arguments from the parties, and instructions from the judge, meets in private to decide the case. |
| JURY INSTRUCTIONS | The judge's directions to the jury about its duties, the law that applies to the lawsuit, and how it should evaluate the evidence. |
| JURY SELECTION | The process by which the individual members of the jury are chosen. |
| JURY TRIAL | A trial in which a jury weighs the evidence and determines what happened; the Court instructs the jury on the law, and the jury applies the law to the facts and determines who wins the lawsuit. |
| LAW LIBRARY | A special library containing only legal materials, usually staffed by a specially-trained librarian. |
| LECTERN | The stand for holding papers in front of the **bench** in the courtroom where an attorney or pro se party making arguments on a motion stands and speaks to the judge. |
| LITIGANTS | The parties to a lawsuit. |
| LOCAL RULES | Specific federal court rules that set forth additional requirements to the Federal Rules of Civil Procedure; for example, the Local Rules of the United States District Court for the Northern District of California explain some of the additional procedures that apply only to this Court. |
| MAGISTRATE JUDGE | A judicial officer who is appointed by the Court for an 8-year, renewable term and has some, but not all, of the powers of a district judge. A magistrate judge may handle civil cases from start to finish if all parties consent. In non-consent cases, a magistrate judge may hear motions and other pretrial matters assigned by a district judge. |
| MANUAL FILING | A filing of a paper document at the Clerk's Office instead of by **electronic filing/e-filing**. |
| MATERIAL FACT | A fact that must be proven to establish and element of a claim or defense in the lawsuit. |
| MEDIATION | An ADR process in which a trained mediator helps the parties talk through the issues in the case to seek a negotiated resolution of all or part of the dispute. |
| MEET AND CONFER | The parties meeting and working together to resolve specific issues under Court rules or a Court order. |
| MEMORANDUM OF POINTS AND AUTHORITIES | The part of a motion that contains the arguments and the supporting law to persuade the Court to grant motion; also referred to as a brief. |
| MENTAL EXAMINATION | See **physical or mental examination**. |
| MOTION | A formal application to the Court asking for a specific ruling or order (such as dismissal of the plaintiff's lawsuit). |
| MOTION FOR A MORE DEFINITE STATEMENT | Defendant argues that the complaint is so vague, ambiguous, or confusing that he or she cannot respond to it, and asks for additional details. |
| MOTION FOR A NEW TRIAL | Argues that another trial should be held because of a deficiency in the current trial. |
| MOTION FOR A PROTECTIVE ORDER | Asks the Court to relieve a party of the obligation to respond to a discovery request or grant more time to respond. |

| | |
|---|---|
| **MOTION FOR DEFAULT JUDGMENT** | Asks the Court to grant judgment in favor of the plaintiff because the defendant failed to file an answer to the complaint. If the court grants the motion, the plaintiff wins the case. |
| **MOTION FOR JUDGMENT AS A MATTER OF LAW** | Argues that the opposing party's evidence is so legally deficient that no jury could reasonably decide the case in favor of that party. The defendant may bring such a motion after the plaintiff has presented all evidence, and after all the evidence has been presented, either party may bring such a motion; if the Court grants the motion, the case is over. |
| **MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** | Asks the Court to change a decision it has already made. A party must ask the Court for permission to file such a motion. |
| **MOTION FOR PERMISSION TO E-FILE** | A **pro se** party to a suit must file this motion and the judge must grant it before that party will be permitted to register for Electronic Case Filing (ECF)/e-filing. |
| **MOTION FOR RECONSIDERATION** | Asks the Court to consider changing a previous decision; cannot be filed without the permission of the Court. |
| **MOTION FOR RELIEF FROM JUDGMENT OR ORDER** | Asks the Court to rule that a judgment or order should not be given effect or should be changed for one of the reasons permitted by Rule 60(b) of the Federal Rules of Civil Procedure. |
| **MOTION FOR SANCTIONS** | Asks the Court to impose a penalty on a party; for example, in the context of discovery, a motion for sanctions asks the Court to punish a person for failing to make required disclosures, refusing to respond to a discovery request, or refusing to obey a court order to respond to a discovery request. |
| **MOTION FOR SUMMARY JUDGMENT** | Asks the Court to decide a lawsuit without a trial because the evidence shows that there is no real dispute about the key facts. |
| **MOTION IN LIMINE** | A motion asking the judge to settle an issue relating to the trial, usually argued shortly before the beginning of trial. |
| **MOTION TO AMEND OR ALTER THE JUDGMENT** | After entry of judgment, asks the Court to correct what a party argues is a mistake in the judgment. |
| **MOTION TO COMPEL** | Asks the Court to order a person to make disclosures, or to respond to a discovery request, or to provide more detailed disclosures or a more detailed response to a discovery request. |
| **MOTION TO DISMISS** | Asks the Court to deny certain claims in the complaint, due to procedural defects. |
| **MOTION TO EXTEND TIME** | A motion asking the Court to allow more time to file a brief or comply with a court order; also referred to as a continuance. |
| **MOTION TO SET ASIDE DEFAULT/DEFAULT JUDGMENT** | A defendant against whom **default** or **default judgment** has been entered may bring this motion in order to be allowed to appear in the suit and respond to the complaint. |
| **MOTION TO SHORTEN TIME** | Asks the Court to hear a motion on a shorter-than-usual schedule. |
| **MOTION TO STRIKE** | A motion asking the Court to order certain parts of the complaint or other pleading deleted because they are redundant, immaterial, impertinent, or scandalous. |
| **MOVING PARTY** | The party who files a motion. |
| **NON-BINDING ARBITRATION** | An **alternative dispute resolution** process in which a neutral third party (an arbitrator) gives a decision on the complaint after a hearing at which both parties have an opportunity to be heard; the parties are not required to abide by the decision. |
| **NON-MOVING PARTY** | Usually used in the context of a motion for summary judgment; any party who is not bringing the motion. |
| **NON-PARTY DEPONENT** | A **deponent** who is not a party to the lawsuit. |
| **NON-PARTY WITNESS** | A person who is not a party to the lawsuit but who has relevant information. |
| **NOTICE OF ELECTRONIC FILING (NEF)** | An email generated by the ECF system that is sent to every registered attorney, party and watcher associated with a case every time a new document is filed. The NEF contains details about the filing and a hyperlink to the new document. |

| | |
|---|---|
| NOTICE OF DEPOSITION | Gives all of the information required under Rules 30(b) and 26(g)(1) of the Federal Rules of Civil Procedure, and must be served on opposing parties to a lawsuit. |
| NOTARY PUBLIC | A public officer who is authorized by the state or federal government to administer oaths and to attest to the authenticity of signatures. |
| NOTICE OF MOTION | A statement in the first paragraph of a motion telling the other parties what type of motion you have filed and when you have asked the Court to hold a hearing on the motion. |
| OBJECTION | The formal means of challenging evidence on the ground that it is not **admissible**. |
| ON THE PAPERS | A judge may decide to render a decision on a motion "on the papers" rather than holding a hearing in the courtroom; in such a case, the judge will **vacate** the hearing. |
| OPENING STATEMENTS | At the beginning of the trial, after the jury has been selected, if it is a jury trial, the parties have an opportunity to make individual opening statements, in which they can describe the issues in the case and state what they expect to prove during the trial. |
| OPPOSING PARTY | In the context of motions, the party against whom a motion is filed; more generally, the party on the other side. |
| OPPOSITION, OPPOSITION BRIEF | A filing that consists of a **brief**, often accompanied by **evidence**, filed with the court containing facts and legal arguments that explain why the Court should deny the motion. |
| OVERRULE AN OBJECTION | During examination of witnesses at trial, if a party objects to evidence being admitted or a question being asked, the judge may overrule the objection. This means that the evidence will be admitted or the question may be asked, unless the judge later sustains a different objection. |
| PACER SYSTEM | "Public Access to Electronic Court Records" is an internet database where docket information is stored. |
| PEREMPTORY CHALLENGE | During jury selection, after all of the jurors challenged for cause have been excused, the parties will have an opportunity to request that additional jurors be excused without having to give any reason for the request. |
| PERJURY | A false statement made under oath, punishable as a crime. |
| PERMISSIVE COUNTERCLAIM | A claim by the defendant against the plaintiff that is not based on the same events or transactions as the plaintiff's claim against the defendant. |
| PHYSICAL OR MENTAL EXAMINATION | If the physical or mental condition of a party (or a person under the custody or legal control of a party) is at issue in a lawsuit, the Court may order that person to have a physical or mental examination by a medical professional such as a physician or psychiatrist; unlike other **discovery** procedures, physical or mental examinations can be obtained only by filing a motion with the court, or by agreement of the parties. |
| PLEADINGS, PLEADING PAPER | Formal documents that are filed with the court, especially initial filings such as complaints and answers. Pleadings and most other court filings are written on **pleading paper**, which in this Court is letter-sized paper with the line numbers 1 through 28 running down the left side. |
| PLAINTIFF | The person who filed the complaint and claims to be injured by a violation of the law. |
| PLAINTIFF'S TABLE | In the center of the courtroom, there are two long tables and chairs where the lawyers and parties sit during hearings and trial; the table nearest the jury box is usually the plaintiff's. |
| PRAYER FOR RELIEF | The last section of a complaint, in which the plaintiff tells the Court what the plaintiff wants from the lawsuit, such as money damages, an injunction, or other relief. |
| PRETRIAL CONFERENCE | A hearing shortly before trial where the judge discusses the requirements for conducting trial and resolves any final issues that have arisen before trial. |
| PRETRIAL DISCLOSURES | The disclosures required by Rule 26(a)(3) of the Federal Rules of Civil Procedure of certain information about evidence that you may present at trial (except for evidence that will be used solely for impeachment). |
| PRIVILEGED INFORMATION | Information that is protected by legal rules from disclosure during discovery and trial. |
| PRO BONO REPRESENTATION | Legal representation by an attorney that is free to the person represented. |

| PRO SE | A Latin term meaning "for oneself." A **pro se** litigant is a party without a lawyer handling a case in court. |
|---|---|
| PROCEDURAL RULES | The rules parties must follow for bringing and defending against a lawsuit in court. |
| PROCESS SERVER | A person authorized by law to serve the **complaint** and **summons** on the defendant. |
| PROOF OF SERVICE | A document attached to each document filed with the court (or filed separately at the same time as the document) in which the filer affirms that he or she has served the document on other parties. |
| PROPOSED ORDER (OR OTHER DOCUMENT) | A document a party is required by court rules to submit with a filing such as a motion that can serve as the final order if the judge crosses off the word "proposed" and signs at the bottom. |
| PROTECTIVE ORDER | A court order limiting discovery, either as to how discovery may be conducted or what can be discovered. |
| QUASH A SUBPOENA | After a motion, the Court's action vacating a subpoena so that it has no legal effect. |
| REBUTTAL | The final stage of presenting evidence in a trial, presented by the plaintiff. |
| REBUTTAL TESTIMONY | At trial, after defendants have completed examining each of their witnesses, plaintiffs can call additional witnesses solely to counter — or "rebut" — testimony given by the defendants' witnesses. |
| RE-DIRECT EXAMINATION | At trial, after the opposing party has cross-examined a witness, the party who called the witness may ask the witness questions about topics covered during the cross-examination. |
| REFERRING JUDGE | A federal district judge who refers an issue or motion within a lawsuit to another judge, usually a magistrate judge. |
| REFERRAL JUDGE | A United States magistrate judge assigned to handle an issue, proceeding or motion within a case assigned to a federal district judge. |
| REMEDIES | In the context of a civil lawsuit, remedies are actions the Court may take to redress or compensate a violation of rights under the law. |
| RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW | A motion arguing that the jury must have made a mistake in its verdict because the evidence was so one-sided that no reasonable jury could have reached that decision. |
| REPLY | Refers to both the answer to a counterclaim and the response to the opposition to a motion. |
| REPLY BRIEF | A document responding to the opposition to a motion. |
| REPORT AND RECOMMENDATION | After a federal district judge refers an issue for factual and legal findings by a magistrate judge, the magistrate judge files a report and recommendation containing those findings. |
| REQUEST FOR ADMISSION | A discovery request that a party admit a material fact or element of a claim. |
| REQUEST FOR ENTRY OF DEFAULT | The first step for the plaintiff to obtain a **default judgment** by the Court against a defendant; directed to the Clerk of Court, the request must show that the defendant has been served with the **complaint** and **summons**, but has not filed a written response to the complaint in the required time. |
| REQUEST FOR INSPECTION OF PROPERTY | A discovery request served on a party in order to enter property controlled by that party for the purpose of inspecting, measuring, surveying, photographing, testing or sampling the property or any object on the property relevant to your lawsuit. |
| REQUEST FOR PRODUCTION (OF DOCUMENTS, ETC.) | A common discovery request served by a party seeking documents or other items relevant to the lawsuit from another party. |
| REQUEST FOR PRODUCTION OF TANGIBLE THINGS | A discovery request served on a party in order to inspect, copy, test, or sample anything relevant to your lawsuit which is in the possession, custody, or control of another party to the lawsuit. |
| REQUEST FOR WAIVER OF SERVICE | A written request that the defendant accept the summons and complaint without formal service. |
| REQUESTS FOR ADMISSION | A discovery request served on a party asking that the party admit in writing and under oath the truth of any statement, or to admit the applicability of a law to a set of facts. |

66

| RULING FROM THE BENCH | A Court's announcing its decision on a motion in the courtroom following the hearing on that motion. |
|---|---|
| SANCTION | A punishment the Court may impose on a party or an attorney for violating the Court's rules or orders. |
| SELF-AUTHENTICATING | Documents that do not need any proof of their genuineness beyond the documents themselves, in order for them to be admissible evidence in accord with Rule 902 of the Federal Rules of Evidence. |
| SERVE, SERVICE | The act of providing a document on a party in accord with the requirements found in Rules 4 and 5 of the Federal Rules of Civil Procedure. |
| SERVICE OF PROCESS | The formal delivery of the original complaint in the lawsuit to the defendant in accord with the requirements for service found in Rule 5 of the Federal Rules of Civil Procedure. |
| SETTLEMENT CONFERENCE | A proceeding usually held in a magistrate judge's chambers in which the judge works with the parties toward a negotiated resolution of part or all of the case. |
| SETTLEMENT JUDGE | A federal judge — usually a magistrate judge — who holds settlement proceedings in a particular case. |
| SIDE BAR | A private conference beside the judge's bench between the judge, and the lawyers (or self-represented parties) to discuss any issue out of the jury's hearing. |
| SPEAKING MOTION | A motion first made in the courtroom without motion papers being filed first. |
| STANDING ORDERS | An individual judge's orders setting out rules and procedures, in addition to those found in the Federal Rules of Civil Procedure and the Civil Local Rules, that apply in all cases before that judge. You can find them on the judge's webpage via: cand.uscourts.gov/judges. |
| STATEMENT OF NON-OPPOSITION | A party's written notice that it does not oppose another party's motion. |
| STATEMENT OF UNDISPUTED FACTS | A list of facts filed in summary judgment motions with citations to the evidence showing that those facts are true. The statement may be jointly prepared and filed by the parties; separate statements require a prior court order. |
| STATUS CONFERENCE | A hearing the judge may hold during the course of the lawsuit to assess the progress of the case, or address problems the parties are having. |
| STATUTE OF LIMITATIONS | A legal time limit by which the plaintiff must file a complaint; after the time limit, the complaint may be dismissed as **time-barred**. |
| STIPULATION | A written agreement signed by all the parties to the lawsuit or their attorneys. |
| STRIKE | To order claims or parts of documents "stricken" or deleted so that they cannot be part of the lawsuit or proceeding. |
| SUBJECT MATTER JURISDICTION | A federal court has **subject matter jurisdiction** only as defined by Congress over cases arising under the Constitution, treaties or laws of the United States and diversity cases in which the parties are from different states and the amount in controversy is greater than $75,000. |
| SUBPOENA | A document issued by the Court requiring a non-party to appear for a court proceeding or deposition at a specific time and place or to make certain documents available at a specific time and place. |
| SUBPOENA DUCES TECUM | A form of subpoena used to require a non-party deponent to bring specified documents to a deposition. |
| SUBSTANTIVE LAW | Determines whether the facts of each individual lawsuit constitute a violation of the law for which the Court may order a remedy. |
| SUMMARY JUDGMENT | After a motion, a decision by the Court to enter judgment in favor of one of the parties without a trial, because the evidence shows that there is no real dispute about the **material facts**. |
| SUMMONS | A document from the Court that you must serve on the defendant along with your original complaint to start your lawsuit. |
| SUSTAIN AN OBJECTION | To affirm that an objection is correct, and evidence should be excluded. |

| | |
|---|---|
| TABLE OF AUTHORITIES | The list of references to law that should be included with every brief more than 10 pages long. |
| TAKING A MOTION UNDER CONSIDERATION (OR UNDER SUBMISSION) | The Court's taking time to consider the motion and write an order after hearing arguments on the motion instead of ruling on the motion in the courtroom. |
| TRANSCRIPT | The written version of what was said during a court proceeding or deposition as typed by a **court reporter** or **court stenographer.** |
| TRIAL SUBPOENA | A type of **subpoena** that requires a witness to appear to testify at trial on a certain date. |
| UNDISPUTED FACT | A fact about which all the parties agree. |
| VACATE | To set aside a Court order so that the order has no further effect, or to cancel a scheduled hearing or trial. |
| VENUE | The geographic location where the lawsuit is filed. |
| VERDICT | The jury's final decision about the issues in the trial. |
| VERDICT FORM | In a jury trial, the form the jury fills out to record the verdict. |
| VOIR DIRE | Part of the jury selection process in which potential jurors are asked questions designed to reveal biases that would interfere with fair and impartial jury service; the judge may ask questions from a list the parties have submitted before trial and may also allow the lawyers (or parties without lawyers) to ask additional questions. |
| WAIVER OF SERVICE, WAIVING SERVICE | A defendant's written, signed agreement that he or she does not require a document (usually the **complaint**) to be served on him or her in accordance with the formal service requirements of Rule 5 of the Federal Rules of Civil Procedure. |
| WITH PREJUDICE | As a final decision on the merits of the claim. If a court dismisses claims in your complaint with prejudice, you may not file another complaint in which you assert those claims again. |
| WITHOUT PREJUDICE | Without a final decision on the merits which would prevent the claim from being re-filed. Dismissal without prejudice is sometimes also referred to as dismissal "with leave to amend" because you are permitted to file an amended complaint or other document. |
| WITNESS | A person who has personal or expert knowledge of facts relevant to a lawsuit. |
| WITNESS BOX | The seat in which a witness sits when testifying in court, usually located to the side of the **bench.** |